**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

MILLENNIUM TGA, INC.,

      Plaintiff,

v.

JOHN DOE,

      Defendant.

CASE NO. 4:11-cv-4501

Judge:

Magistrate Judge:

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

Plaintiff, Millennium TGA, Inc., through its undersigned counsel, hereby moves this Court *ex parte* for an Order granting expedited discovery. Plaintiff seeks to issue subpoenas pursuant to Fed. R. Civ. P. 45 limited to the following categories of entities and information:

From Internet Service Providers (ISPs) identified in the Exhibits A and B attached to the Complaint and any other entity identified as a provider of Internet services to John Doe or any of his co-conspirators in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify John Doe and each of his co-conspirators, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.

Any information disclosed to the Plaintiff in response to a Rule 45 subpoena will be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

Plaintiff, Millennium TGA, Inc., the exclusive owner of the relevant distribution and reproduction rights with respect to the copyrighted creative work at issue in this case, seeks leave of this Court to serve limited, immediate discovery on third party Internet Service Providers

1

("ISP") to determine the identities of John Doe and his co-conspirators. Plaintiff only seeks to issue subpoenas pursuant to FRCP 45 to Internet Service Providers ("ISPs"), and the subpoenas are limited to information that will identify John Doe and each of his co-conspirators in this action, including their name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address.

The Court should grant this motion because Plaintiff has a demonstrated need for expedited discovery, the request is fair, and *ex parte* relief is proper under the circumstances.

## FACTUAL BACKGROUND

Plaintiff, an exclusive rights holder with respect to certain adult entertainment content, filed its Complaint against John Doe alleging copyright infringement and civil conspiracy. (*See* Compl.) John Doe and his co-conspirators, without authorization, used an online peer-to-peer ("P2P") media distribution system to download the copyrighted work and distribute the copyrighted work to the public, including by making the copyrighted work available for distribution to others. (Compl. ¶ 23.) Although Plaintiff does not know the true names of the John Doe and his co-conspirators, Plaintiff has identified each of them by a unique Internet Protocol ("IP") address which corresponds to that John Doe and each of his co-conspirators on the date and at the time of the infringing activity. (Hansmeier Decl. ¶ 15.) Additionally, Plaintiff has gathered evidence of the infringing activities. (*Id.* ¶¶ 12–20.) All of this information was gathered by a technician using procedures designed to ensure that the information gathered about John Doe and his co-conspirators was accurate. (*Id.* ¶ 12.)

Plaintiff has identified the ISPs that provide Internet access John Doe and his co-conspirators and assigns unique IP addresses to them. (*Id.* ¶ 18.) When presented with a subscriber's IP address and the date and time of the infringing activity, an ISP can identify the

name and address of an account holder (*i.e.*, the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. (*Id.* ¶¶ 21–22.) ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data. (*Id.*)

In addition, some ISPs lease or otherwise allocate certain IP addresses to unrelated, intermediary ISPs. (*Id.* ¶ 23.) Because leasor ISPs have no direct relationship (customer, contractual, or otherwise) with the end-user, they are unable to identify the subscriber through reference to their user logs. (*Id.*) The leasee ISPs, however, should be able to identify the subscribers by reference to their own user logs and records. (*Id.*)

## ARGUMENT

The Court should grant this motion for two reasons: 1) the Plaintiff has a need for expedited discovery, and 2) *ex parte* relief is proper under the circumstances where the defendant and his co-conspirators are unknown to Plaintiff.

## I.     THE COURT HAS AUTHORITY TO GRANT *EX PARTE* RELIEF, PLAINTIFF HAS MADE A NECESSARY SHOWING OF NEED FOR EXPEDITED DISCOVERY, AND PLAINTIFF'S REQUEST IS FAIR

The Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). The court may order expedited discovery if there is some showing of good cause to justify the order. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F.Supp.2d 986, 991 (S.D.Tex.2004), *citing* 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2046 .1 (1994).

Plaintiff has a need for expedited discovery because physical evidence of infringement will be destroyed with the passage of time; because infringement is ongoing and continuous,

necessitating immediate relief; and because this suit cannot proceed without this information. At the same time, Plaintiff's request does not offend traditional notions of fairness and practicality. Therefore, this Court should grant Plaintiff's motion.

### A.    The Court Has Authority to Grant Plaintiff's Motion

This Court has authority to grant an *ex parte* request for expedited discovery. Rule 26(d) gives judges broad power to determine the timing and sequence of discovery. Fed. R. Civ. P. 26(d); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). The Federal Rules rely on the discretion of trial judges to tailor the scope, manner, and timing of discovery to the needs of the case and ensure the just, speedy, and inexpensive administration of justice. *See, e.g.*, Fed. R. Civ. P. 16(b)(3)(B); *id.* 16(c)(2)(F) (setting forth a trial court's power to manage discovery by modifying the timing and extent of discovery through scheduling and case management orders).

This Court may order expedited discovery upon a showing of good cause. *El Pollo Loco, S.A. de C.V. v.,* 344 F.Supp.2d at 991. Plaintiff has good cause for expedited discovery, and thus, the Court should grant this motion.

### B.    Plaintiff Has Made a Necessary Showing of Good Cause for the Need to Conduct Expedited Discovery

Plaintiff has shown good cause for the need to conduct expedited discovery of John Doe's and his co-conspirators' identities because physical evidence of infringement will be destroyed with the passage of time; because infringement is ongoing and continuous, necessitating immediate relief to prevent irreparable harm to Plaintiff; and because this suit cannot proceed without this information.

1.    **Time is of the essence because the information Plaintiff seeks is facing imminent destruction.**

Time is of the essence here because ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. (Hansmeier Decl. ¶ 22.) If that information is erased, Plaintiff will have no ability to identify the John Doe and his co-conspirators, and thus will be unable to pursue its lawsuit to protect the copyrighted works. (*Id.*) Other federal courts granted similar motions for expedited discovery under similar circumstances, where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *See, e.g.*, *Living Scriptures v. Doe(s)*, No. 10-cv-0182-DB, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (granting motion for expedited discovery where the information sought by plaintiff was "transitory in nature"); *Interscope Records v. Does 1–14*, No. 07-4107-RD, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (granting immediate discovery from ISPs because "the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs"); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . makes discovery . . . unusually difficult or impossible").

In *Tracfone Wireless, Inc. v. King Trading, Inc.,* No. 3-08-CV-0398-B, 2008 WL 9182343 (N.D. Texas 2008), the Northern District of Texas allowed expedited discovery in a trademark infringement action involving the unauthorized bulk purchase and resale of prepaid phones. Plaintiff therein alleged that the defendants in other similar cases sold the prepaid phones immediately upon being served with the summons and complaint, and thus it was almost impossible to obtain and preserve evidence without expedited discovery. The Northern District

of Texas found that there was good cause for expedited discovery, and ordered that depositions commence immediate and that the defendant had to respond to discovery in ten days.

Likewise, in the instant case, ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. Expedited discovery is needed to ensure that evidence is preserved. Without the immediate preservation of evidence, the identity of the infringers and incident of infringement could be lost forever. Hence, good cause for expedited discovery exists.

### 2.   Infringement is ongoing and continuous.

Because the infringement is ongoing and continuous, Plaintiff needs to discover the identities of John Doe and his co-conspirators to take quick actions to prevent further irreparable harm. Without a way to contact John Doe and his co-conspirators, Plaintiff will continue to suffer ongoing, continuous injury due to their illegal activities. (Hansmeier Decl. ¶ 22.)

### 3.   John Doe must be identified before this suit can further proceed and his co-conspirators must be identified to substantially aid in moving the case forward.

The present lawsuit cannot proceed without discovering the identity of John Doe. *See Living Scriptures*, 2010 WL 4687679, at *1 (granting a motion for expedited discovery of Doe defendants because "without such information this case cannot commence"). Although Plaintiff was able to observe John Doe's infringing activity through forensic software, this system does not allow Plaintiff to access John Doe's computer to obtain identifying information. (Hansmeier Decl. ¶ 15.) Nor does this software allow Plaintiff to upload a file onto John Doe's computer or communicate with him in a manner that would provide notice of infringement or suit. (*Id.*) Hence, the Plaintiff needs John Doe's actual contact information to be able to communicate with him and name him in this lawsuit. Courts around the nation have traditionally granted expedited

6

discovery requests to identify the defendants when the defendants must first be identified before suit can progress further. *See Arista Records LLC v. Does 1-19,* 551 F.Sup.2d 1, 6-9 (D.D.C. Apr.28, 2008). Here, Plaintiff must identify the defendant, the lawsuit cannot progress without such identification, and thus there is good cause shown for expedited discovery.

Plaintiff seeks discovery as to John Doe's co-conspirators. This information is necessary for Plaintiff's investigation because it is relevant to the instant action and will substantially aid in moving the case forward. Courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). The information regarding the co-conspirators will help to move the case against John Doe forward because it will be used to: (1) establish collaboration and concerted action between John Doe and his co-conspirators; (2) help compute damages related to Plaintiff's claim against John Doe; and (3) establish testimony regarding the John Doe's activities during the hacking and unauthorized access to Plaintiff's protected website and content. Further, Plaintiff may seek in the future to join any number of the co-conspirators to this suit so long as the Court has jurisdiction over them and pursue similar action against them. This is possible since John Doe and his co-conspirators acted in concert to perpetrate civil conspiracy. Plaintiff has also demonstrated that good cause exists for discovery of the identities of John Doe's co-conspirators.

### C.   Plaintiff's Request is Both Fair and Practicable

Finally, discovery of John Doe's and his co-conspirators' identities does not frustrate notions of fairness and practicality. *Lamar*, 2008 WL 370697, at *3 (discussing whether information is readily available and the breadth and specificity of the discovery request as factors). The request is fair because Plaintiff's request is limited to basic contact information which is readily obtainable from ISPs; because John Doe and his co-conspirators have

7

diminished expectations of privacy; and because the First Amendment does not shield copyright infringement.

### 1.    Discovery is fair and practical because Plaintiff's request is limited.

The information requested by the Plaintiff is limited to basic contact information of John Doe and his co-conspirators. The Plaintiff intends to use the information disclosed pursuant to the subpoenas only for the purpose of protecting its rights under the copyright laws. The information is readily obtainable from the ISPs and the disclosure of personally identifying information by the cable providers was contemplated by Congress nearly three decades ago in the Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)). Cable operators may disclose such information when ordered to do so by a court. § 551(c)(2)(B) (2001). The Act also requires the ISP to notify each subscriber about whom disclosure is sought about the subpoena and thus providing them with a notice of a pending action and an opportunity to appear and object. *Id.*

### 2.    Discovery is fair because John Doe and his co-conspirators have diminished expectations of privacy.

John Doe and his co-conspirators have little expectation of privacy because they have diminished these expectations by opening their computers to others through peer-to-peer file sharing. Courts have repeatedly rejected privacy objections to discovery of personal contact information in copyright infringement cases, concluding that defendants in these cases have minimal expectations of privacy. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Sony Music Entertainment Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what

appear to be meritorious copyright infringement claims."). Courts in many jurisdictions have also rejected challenges to disclosure of personally identifiable information based on privacy provisions of Family Educational Rights and Privacy Act ("FERPA") where defendants are students. *See, e.g.*, *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, *7–*8 (W.D. Pa. Apr. 3, 2008) (concluding that 20 U.S.C. § 1232g(b)(2) expressly authorizes disclosure of "directory information" such as name, address, and phone number; and that a MAC address does not fall within the purview of FERPA at all); *Arista Records LLC v. Does 1–4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) (same); *Arista Records, L.L.C. v. Does 1–11*, 1:07CV2828, 2008 WL 4449444, at *3 (N.D. Ohio Sept. 30, 2008).

In addition, the courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g.*, *Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

And finally, as one court aptly noted, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C.

9

2003), *rev'd on other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

### 3. Discovery is fair because the First Amendment is not a shield for copyright infringement.

The First Amendment does not bar the disclosure of John Doe's and his co-conspirators' identities either because anonymous speech, like speech from identifiable sources, does not have absolute protection. The First Amendment does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). It is also well established in federal courts that a person downloading copyrighted content without authorization is not entitled to have their identity protected from disclosure under the First Amendment—limited protection afforded such speech gives way in the face of *a prima facie* showing of copyright infringement. *See Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *see also Arista Records*, *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music*, 326 F. Supp. 2d at 566 ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008). The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d. at 565.

Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative work at issue in this case. (Compl. ¶¶ 19-20, 26.) Second, it alleged violation of that copyright. (Compl. ¶¶ 26-31.) Third, it submitted supporting evidence of the IP addresses used in the infringement and the date and times of the alleged infringement. (Compl., Exs. A and B). Thus, the limited protection afforded to John Doe and his co-conspirators by the First Amendment must give way to Plaintiff's need to enforce its rights.

In summary, the Court has well-established authority to authorize expedited discovery of John Doe's and his co-conspirators' identities based on a showing of need. Plaintiff has made this showing of need because evidence of infringement may be destroyed; because Plaintiff is suffering ongoing, continuous injury from John Doe's and his co-conspirators' infringing activities; and because this information is necessary for this action to continue. The discovery of this information is both fair and practicable because it is readily obtainable from the ISPs; because John Doe and his co-conspirators will get a notice and have an opportunity to appear and object; because John Doe and his co-conspirators have diminished expectations of privacy; and because First Amendment does not bar disclosure of John Doe's and his co-conspirators' identities when they engage in copyright infringement. For these reasons, the Court should grant Plaintiff's motion for expedited discovery. This *ex parte* relief is also appropriate because the discovery is necessary to identify John Doe and his co-conspirators.

## II.     *EX PARTE* RELIEF IS APPROPRIATE UNDER THE CIRCUMSTANCES

*Ex parte* relief is appropriate under the circumstances where there are no known defendants with whom to confer. Courts routinely and virtually universally allow *ex parte* discovery to identify "Doe" defendants. *See, e.g., Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is ignorant of defendants' true identity . . .  plaintiff should have been permitted to obtain their identity through limited

discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978)); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants.")); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (holding that the district court erred when it denied the plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery).

Courts across the country have applied the same principles to *ex parte* expedited discovery in copyright infringement suits that are factually similar, if not identical, to this one. *See, e.g.*, *Warner Bros. Record Inc. v. Does 1–14*, 555 F. Supp. 2d 1, 1–2 (D.D.C. 2008) (granting *ex parte* motion for immediate discovery on an ISP seeking to obtain the identity of each Doe defendant by serving a Rule 45 subpoena); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (same); *Arista Records LLC v. Does 1–43*, No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007) (same); *Warner Bros. Records, Inc. v. Does 1–20*, No. 07-CV-1131, 2007 WL 1655365, at *2 (D. Colo. June 5, 2007) (same). This Court should follow the well-established precedent from the Seventh Circuit and other federal courts and permit *ex parte* discovery of the unknown defendants' identities. As in the cases cited above, John Doe's and his co-conspirators' identities are not known, but can be discovered through limited discovery.

Further, *ex parte* relief is appropriate because Plaintiff is not requesting an order compelling John Doe or his co-conspirators to respond to this particular discovery, where notice

and opportunity to be heard would be of paramount significance to the other party. Rather, Plaintiff is merely seeking an order authorizing it to commence limited discovery directed towards a third party. For these reasons, an *ex parte* motion to discover the identities of John Doe and his co-conspirators is appropriate and the Court should grant Plaintiff's motion.

**CONCLUSION**

The Court should grant Plaintiff's motion for two reasons. First, Plaintiff has a need for expedited discovery because physical evidence of infringement may be destroyed with the passage of time; because infringement is ongoing and continuous, necessitating immediate relief; and because this suit cannot proceed without this information. The discovery is fair and practicable because Plaintiff's request is limited and the information is easily obtainable from third parties; because John Doe and his co-conspirators have diminished expectations of privacy; and because First Amendment does not provide a license to infringe copyrights. Second, *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer. Therefore, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: December 21, 2011

By:   **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile

COUNSEL FOR PLAINTIFF

13