Richard A. Bonheim
41785 Sultana Rd
Dinuba, CA 93618
Email: bonheim@californiamail.com



pro se DOE Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| <u>MILLENNIUM TGA, INC.</u><br>*Plaintiff*<br><br>vs.<br><br><u>JOHN DOE</u><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.   4:11-cv-04501<br><br>MOTION TO QUASH SUBPOENA<br>SERVED UPON CUSTODIAN OF<br>RECORDS, COX COMMUNICATIONS,<br>AND MEMORANDUM OF<br>AUTHORITIES |

The Defendant is a California resident who lives more than 1,700 (one thousand seven hundred) miles from the Southern District of Texas. The Defendant has been informed by Cox Communications that Cox Communications believes the Defendants IP address to be included on a spreadsheet produced by the Plaintiff with the attached subpoena served upon Cox Communications.

The Plaintiff has filed this case with a clear disregard to the Defendants rights, particularly with respect to this Courts lack of personal jurisdiction. As described in the accompanying motions, the Plaintiff could have determined within minutes by using free Geolocation tools that the Defendants IP address does not originate from the State of Texas.

The Millenium TGA, Inc. complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement Plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with an IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker)*

The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same

fashion as Plaintiff seeks to extract such information from Cox Communications.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Cox Communications to turn over the requested information, the Defendant would suffer a reputational injury.

The Defendant resided in a residential structure that had been subdivided into various individual sleeping rooms and common areas. The defendant was the only one of many persons living in the residential structure that had an internet service provider. His personal computer and internet service connection was maintained in a common lounge area within said structure. Any resident within the building had access to said personal computer and had ample opportunity to use the Defendant's IP address, for their own purposes, without detection. The likelihood that an individual, other than the Defendant, infringed Plaintiff's copyrights is too great to support any correlation between the Defendant and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury from public exposure and association with the Millenium TGA, Inc. allegations—even if later disproven—is too great and presents an undue burden to the Defendant under FED. R. CIV. P. 45(c)(3)(A)(iv). See VPR Internationale Order, at 3.

If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as the Defendant will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect."

Moreover, this case presents the same extortion risk that so concerned Judge Baker: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Such abuse of the discovery process cannot be allowed to continue.

Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). The Plaintiff's request fails that balancing test. Given that the Defendant was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to the Defendant is

severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. The Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to the Defendant if allowed to proceed. Good cause exists to quash the subpoena served on Cox Communications to compel the disclosure of the name, address, telephone number and e-mail address of the Defendant.

According to the docket sheet for the Plaintiffs suit, no defendant has been identified, served with process, or answered. The Southern District of Texas thus lacks personal jurisdiction over any DOE Defendant at this point.

In addition, the Defendant also requests that the subpoena be quashed and the case against him be dismissed because:

1) The Defendant does not reside, work, or conduct business in the State of Texas;

2) The Defendant has not contracted to supply services in the State of Texas;

3) The IP address that is identified as assigned to the Defendant is not within the jurisdiction of this Court;

4) The Defendant has no real property in the State of Texas;

5) The Defendant has not consented to the personal jurisdiction of the State of Texas;

6) The Defendant has no business or personal contacts in the State of Texas;

7) The Defendant has no significant relationship with the State of Texas;

8) The Custodian of Records for Cox Communications is located over 1,400 (one thousand four hundred miles) from the Southern District of Texas and is not within the jurisdiction of this court.

For the reasons stated above, the Defendant respectfully asks that this Motion be granted.

Dated: March 26th, 2012

Respectfully submitted:

By: Richard A. Bonheim
41785 Sultana Rd
Dinuba, CA 93618
bonheim@californiamail.com
*pro se DOE Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 3/26/2012, I served a copy of the foregoing document, via US Mail, on:

Paul Duffy
Prenda Law, Inc.
161 N Clark St, Suite 3200
Chicago, IL 60601

Richard A. Bonheim

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| MILLENNIUM TGA, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:11-cv-04501 |
| JOHN DOE ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Southern District of Texas    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records; Cox District of Columbia Telcom L.L.C c/o CT Corporation System; 1015 15th St. NW, Ste. 1000, Washington DC 20005

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, and e-mail addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law<br>2100 M St. Northwest. Ste 170-417<br>Washington DC 20037-1233 | Date and Time:<br><br>05/04/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___02/15/2012___

*CLERK OF COURT*

OR    *[signature]*

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Millennium TGA, Inc. _____ , who issues or requests this subpoena, are:

Paul Duffy; Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312) 880-9160

**Richard A. Bonheim**
41785 Sultana Rd
Dinuba, CA 93618
Email: bonheim@californiamail.com

March 26th, 2012

**Sent via U.S. Mail (Certified/Returned Receipt)**

David J. Bradley (Clerk of Court)
515 Rusk Avenue
P. O. Box 61010
Houston, TX 77208

    Case No. 4:11-cv-04501
    **Millenium TGA, Inc. vs John Doe**
    **Motion to Quash a Subpoena**

Enclosed for filing please find a Motion to Quash a Subpoena concerning the above-referenced matter. With many thanks for your cooperation and assistance.

Motion to Quash
Original Subpoena as received

Kindest regards,


Richard A. Bonheim