IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| v. | Judge: Hon. Vanessa D. Gilmore |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA**

Richard Bonheim ("Movant") brought a motion to quash a subpoena issued to Cox Communications. (ECF No. 10.) Movant argues that the subpoena should be quashed because: 1) the Court lacks personal jurisdiction over him, 2) Plaintiff cannot prove that Movant committed the infringement, and 3) the information sought in the subpoena is not relevant to Plaintiff's claims. (*Id.*) (*Id.*) For the reasons described herein, Movant's motion must be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion must be denied because it suffers from fatal procedural defects. Part II argues that Movant's substantive arguments are premature and erroneous.

## I. MOVANT'S MOTION SUFFERS FROM TWO FATAL PROCEDURAL DEFECTS

Movant's motion suffers from two fatal procedural defects. First, Movant's motion is not before the proper court. Second, Movant lacks standing to raise the arguments brought in his motion.

**A. Movant's Motion is Not Before the Proper Court**

Movant's motion is not before the proper court. Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."); *First Time Videos, LLC v. Does 1-114*, No. 11-3041 (S.D. Tex. Jan. 18, 2012), ECF No. 21 at *2 ("Denying a motion to quash because "the 'issuing court' may quash or modify a subpoena, and . . . the subpoena was not issued by this Court . . .").

Movant's ISP is Cox Communications. (ECF No. 10.) The subpoena to Cox Communications was issued from the District of Columbia (*id.* at 5) because that is where the production is to be made in response to the subpoena. Fed. R. Civ. P. 45(a)(2)(C) (stating that the subpoena must be issued from the court for the district where the production is to be made). "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production . . . is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over. *In re General Motors Corp. Dex-Cool Products*, No. 03-1562-GPM, 2007 WL 627459, at *1 (S.D. Ill. Feb.

27, 2007); *see also* 9 James Wm. Moore et al., Moore's Federal Practice § 45.03 (3d ed. 2000) ("The subpoena should be issued from the Court where the production of documents is to occur, regardless of where the documents are located.").

Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.") Because Movant failed to bring his motion before the court that issued the subpoena, his motion must be denied.

### B. Movant Lacks Standing to Bring the Arguments He Raises

Movant's motion to quash the subpoena issued to Cox Communications must be denied because Movant lacks standing to bring the arguments he raises. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."); *Pacific Century*, No. 11-3035, ECF No. 10 at *2 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production."). All subpoenas issued pursuant to the Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. The ISP that provides Internet access to Movant is the entity to which the subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—

not Movant. Movant does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

The application of this well-established rule does not leave ISP subscribers without recourse, as an exception to the general rule is applicable under specific circumstances. "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii) (a motion to quash may be brought if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies."). Movant failed to claim a personal right or privilege anywhere in his motion. (*See generally* ECF No. 10.) Movant's motion must therefore be denied, as he lacks standing to bring the arguments he raises.

## II. MOVANT'S SUBSTANTIVE ARGUMENTS ARE PREMATURE AND ERRONEOUS

Movant's motion should also be denied on the merits, because Movant's substantive arguments are premature and erroneous. Plaintiff addresses each of Movant's arguments below.

### A. Movant's Challenge to Personal Jurisdiction is Erroneous and Premature

Movant argues that the Court lacks personal jurisdiction over him and that his "IP address does not originate from the State of Texas." (ECF No. 10 at 1.) This argument is deeply flawed because Movant is not the Defendant in this case.

Movant repeatedly refers to himself as the Defendant in this case. (*See generally*

ECF No. 10.) This is not true. The ISP associated with the Defendant is Comcast Cable Communications (ECF No. 1-1) and Movant's ISP is Cox Communications. (ECF No. 10.) Movant is simply one of the Defendant's many joint tortfeasors in this case. (ECF No. 1-2.) Movant's arguments regarding the Court's jurisdiction over him is not relevant to whether or not the Court has jurisdiction over John Doe—the actual part of interest in this case. The Court is only required to have personal jurisdiction over the actual Defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Movant's arguments regarding the Court's personal jurisdiction over him have no legal significance regarding whether or not the Court has personal jurisdiction in this case. This is especially true as the actual Defendant could simply waive any personal jurisdiction requirements. *Ellis v. Fortune Seas Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997) (explaining that a defendant "may voluntarily waive any lack of personal jurisdiction and submit to the district court's jurisdiction.")

Movant's personal jurisdiction arguments are also premature. Plaintiff will be able to proceed only against named defendants over whom this Court has personal jurisdiction. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 347 (D.D.C. 2011). If Movant were to actually be named and served, he would have an opportunity to file appropriate motions challenging this Court's jurisdiction at the appropriate time. *Id.*; *Virgin Records Am., Inc. v. Does 1-35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006). Until that time, however, Movant's personal jurisdiction arguments are premature.

Finally, Movant lacks standing to raise personal jurisdiction arguments on behalf of John Doe. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("standing encompasses 'the general prohibition on a litigant's raising another person's legal rights.'") (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). This essential requirement precludes Movant

from claiming that the Court lacks personal jurisdiction over someone other than himself. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding that standing is "an essential and unchanging part of the case-or-controversy requirement of Article III."); *see also* U.S. Const. art III. Movant's personal jurisdiction arguments fail.

### B. Movant's Factual Denial is Premature

Movant denies personally infringing Plaintiff's copyrights, and argues that "any resident within [Movant's] building had access to [his] personal computer and had ample opportunity to use the Defendant's IP address, for their own purposes, without detection." (ECF No. 10 at 2.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these factual denials is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-

6

1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's factual denial is premature and not relevant to his motion.

### C. The Information Sought in Plaintiff's Subpoena is Relevant to this Action

Movant argues that "the information sought [in Plaintiff's subpoena] is not relevant to Plaintiff's allegations." (ECF No. 10 at 2.) Movant has the burden to show that the information Plaintiff seeks is not relevant. *Williams v. Blagojevich*, No. 05 C 4673, 2008 WL 68680, at *3 (N.D. Ill. Jan. 2, 2008) ("the party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or *not relevant*.") (emphasis added) (quoting *Simon Prop. Grp. L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000). Under the liberal discovery principles of the Federal Rules this is a heavy burden. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Movant does not meet his heavy burden. Movant's only basis for his arguments is that "the mere act of having an internet address" does not automatically make a person guilty of that infringement. (ECF No. 10 at 2.) Movant is correct in this statement, but this does not extinguish the relevance of his identity. (*See* ECF No. 2 at 7) (explaining the information will help establish a conspiracy between the Defendant and his co-conspirators, will aid in establishing damages, and will establish testimony regarding the Defendant's liability). Even if Movant is not an actual infringer—which may or may not be true—Movant is the only person in possession of information that will allow Plaintiff to locate the individual who used Movant's Internet account to commit the infringement. While Plaintiff is sensitive to Movant's reputational concerns, there is simply no basis for concluding that Movant's identity is not relevant to this

7

action.

## CONCLUSION

Movant's motion should be denied for either of its fatal procedural defects. Movant's motion is not before the proper court. Movant lacks standing to raise the arguments brought in his motion. Further, Movant's motion should be denied on the substance of his arguments. Movant's challenge to personal jurisdiction is premature and erroneous. Movant's factual denial is premature and not relevant to his motion. The information sought in Plaintiff's subpoena is relevant to this action.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: April 10, 2012

By:   **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 10, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

/s/ Douglas M. McIntyre
DOUGLAS M. MCINTYRE