United States Courts
Southern District of Texas
FILED

MAY 02 2012

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE No. 4:11-CV-04501 |
| Plaintiff, | |
| vs. | MOTION TO QUASH OR MODIFY SUBPOENA |
| JOHN DOE, | |
| Defendant. | |

## MOTION TO QUASH OR MODIFY SUBPOENA

**INTRODUCTION**

I the Defendant (John Doe I.P. 24.113.148.135), received a letter dated 4/12/2012 from my ISP regarding a subpoena for my personal information based on the Plaintiff's granted Motion for Leave to Take Expedited Discovery. Until I received this letter, I had no knowledge of any possible infringement activity on my account. I am a single mother living approximately 2,600 (twenty-six hundred) miles from the venue where this subpoena was issued and have no means of adequately securing legal council at this jurisdiction. Based on the history of this Plaintiff's numerous lawsuits naming thousands of Does and reported tactics of harassment and intimidation (Google Prenda Law), in every case demanding upwards of $3,000 to end the harassment, I respectfully ask the Court to protect my identity by allowing me to maintain my anonymity and quash this subpoena.

**ARGUMENT**

I am basing my request on Federal Rules of Civil Procedure, Rule 45(c)(3)(A), which relates to subjecting a defendant to undue burden. In a recent 2011 ruling in Case No. C-11-01566 JCS (HARD DRIVE PRODUCTIONS, INC.,Plaintiff,v.DOES 1-188,Defendants), Joseph C. Spero, United States Magistrate Judge wrote in the ORDER GRANTING DOE 24.5.180.56'S MOTION TO QUASH [Docket Nos. 13, 19,20, 21] his analysis which stated: "Under Rule 45(c)(3), a court must modify or quash a subpoena that, inter alia, "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court may modify or quash a subpoena that, inter alia, requires disclosing confidential information. Fed. R. Civ. P. 45(c)(3)(B). Furthermore, Rule 26(c)(1) provides:A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,including . . . forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1). The court also must:limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii)."

**CONCLUSION**

Citing the above Rule 45 and noting that a motion allowing the Defendant to remain anonymous is not generally considered dispositive to the Plaintiff's case, the Defendant respectfully asks that the Court act to protect the Defendant's identity and grant this motion.

Respectfully submitted,

Dated: 4/30/2012

*s/John Doe*
John Doe
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 4/30/2012, I served a copy of the foregoing document, via US Mail, on:

> Paul Duffy
> Prenda Law, Inc.
> 161 N. Clark St. Suite 3200
> Chicago, IL 60601