United States Courts
Southern District of Texas
FILED

MAY 22 2012

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MILLENNIUM TGA, INC.,

    Plaintiff,

vs.

JOHN DOE,

    Defendant.

CASE NO. 4:11-cv-4501

Judge: Hon. Vanessa D. Gilmore

## MOTION FOR SPECIAL APPEARANCE AND MOTION TO QUASH/SEVER

The alleged "co-conspirator", Jane Doe [IP Address: 75.67.75.108] (hereinafter "Jane Doe"), by and through counsel hereby moves this Honorable Court for a Motion For Special Appearance to challenge personal jurisdiction and for a Motion to Quash and/or Sever the subpoena allowing Plaintiff, Millennium TDA, Inc, to seek the discovery of Jane Doe's identifying personal information, due to improper joinder and lack of personal jurisdiction and in support thereof states as follows:

### I. BACKGROUND INFORMATION

1. On December 7, 2011, Plaintiff Millennium TGA Inc. in this instant case filed a Complaint in U.S. District Court for the District of Columbia, Docket Number: 1:11-cv-02176-RLW, which was assigned to Judge Robert L. Wilkins (hereinafter "DC Millennium 1"), *Millennium TGA Inc. v. John Does 1-939*.

2. On December 16, 2011, Plaintiff filed for a voluntary dismissal in case 1:11-cv-02176-RLW.

3. On December 20, 2011, Plaintiff Millennium TGA, Inc. (hereinafter "Millennium") filed against a single John Doe defendant (hereinafter "Initial Defendant") the initial Complaint (*Dkt.* 1) (hereinafter "Complaint"), in which Plaintiff alleges that the Initial Defendant committed copyright

infringement on the Plaintiff's copyrighted video in the state of Texas (hereinafter "TX Millennium"). (*Dkt. 1*).

4. On February 9, 2012, this honorable court granted Plaintiff's Motion to Expedite Discover (*Dkt. 2*) through an Order under the same name (*Dkt. 6*).

5. On March 07, 2012, Plaintiff filed a Motion to Compel Compliance with Subpoena in U.S. District Court for the District of Columbia, Docket Number: 1:12-mc-00150-ESH-AK, (hereinafter "DC Millennium 2").

6. On March 26, 2012, third party Internet Service Provider, Comcast Cable Communications LLC (hereinafter "Comcast"), filed a Memorandum in Opposition (DC Millenium 2, *Dkt. 7*) to Plaintiff's Motion to Compel (DC Millenium 2, *Dkt. 1*).

7. On April 18, 2012, Magistrate Jurdge Alan Kay entered a Memorandum Order (DC Millenium 2, *Dkt. 15*) granting in part and denying in part Plaintiff's Motion to Compel.

8. On May 2, 2012, Comcast filed an Appeal of Magistrate Judge Decision to District Court, re: 15 Order on Motion to Compel (DC Millennium 2, *Dkt. 16*).

## II. RULE 120(A) – SPECIAL APPEARANCE

9. Special appearances are governed by Rule 120a of the Texas Rules of Civil Procedure, which provides that "a special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process by the courts of this State." *Tex. R. Civ. P. 120a.*

10. The so-called "co-conspirator's" identifying information being sought results in Jane Doe effectively being treated as a de-facto defendant. Jane Doe, through counsel now states that she has never done business in Texas, that she does not reside or own property in Texas, that she is unwilling to voluntarily submit to the jurisdiction of Texas, and in all aspects, Jane Doe does not meet the legal standard of having minimum contacts with Texas. Jane Doe is a resident of the Commonwealth of Massachusetts.

11. While Jane Doe concedes that the named single defendant, John Doe, by way of his IP Address and geolocation likely does meet the requirements for personal jurisdiction of this Court, the same geolocation service would immediately identify Jane Doe as being outside of the state of Texas and beyond the jurisdiction of this Court.

12. Furthermore, Plaintiff's argument, as found in Plaintiff's Responses to other Motions to Quash (*Dkt. 11 & 13*) that Lack of Personal Jurisdiction and Improper Joinder should not be allowed defenses by the alleged so-called "co-conspirators" in the current case are disingenuous and inequitable as Plaintiff in their complaint under the heading: Potential Joinder of Co-Conspirators, specifically states that upon "learning additional facts," i.e. the John Doe's identifying information, Plaintiff may amend its Complaint to include any John Does covered by the Court's jurisdiction (*Complaint* ¶38). Such amendment would grant standing to those John Does that are under the Court's jurisdiction, however provide no opportunity for so-called "co-conspirators" such as Jane Doe, and the likely majority of similarly situated accused, an opportunity to oppose the release of their personal information.

13. Additionally, Plaintiff originally filed substantially the same lawsuit, alleging copyright infringement in U.S. District Court for the District of Columbia, which included all or substantially all, of the current "co-conspirators" as named defendants as John Does 1-939. However, upon assignment to Judge Wilkins, Millennium filed for a voluntary dismissal. *Supra* ¶1.

14. The controlling case law in U.S. District Court for the District of Columbia for these types of mass copyright discovery cases was recently decided by Judge Wilkins a few months prior to Plaintiff filing its original law suit in DC. (*Nu Image, Inc. v. Doe,* 799 F. Supp. 2d 34 (D.D.C. 2011)). When Judge Wilkins was presented with a similar case in which a copyright owner was attempting to seek expedited discovery to identify unknown defendants known only by their IP Addresses in mass and without a showing that all of the persons it sought to identify would be subject to the jurisdiction of the then instant District Court, the Court held that the Plaintiff could seek such discovery, but only against John Doe defendants who's IP Address could be shown to place their location such that it would have a

high likelihood of being under the Court's jurisdiction, using the free and easily usable geolocation technology that Plaintiff has used to identify the John Doe for this case. (*Nu Image, Inc. v. Doe,* 799 F. Supp. 2D 34, *42 (D.D.C. 2011)). Nowhere in Plaintiff's Complaint has it made a statement that it made any good faith attempt to show that this Court is the proper jurisdiction.

15. In fact, the Plaintiff in its Complaint ¶8 argues that Venue is properly founded pursuant to *28 U.S.C. §§ 1391 (b)* and *1400 (a)*. Persuasively, in the analysis of the same such assertions raised by the *Nu Image* Plaintiffs, the Court stated "However, when copyright infringement is the sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be proper under section *1391(b)*, the general venue statute, when section *1400(a)* is the exclusive venue statute for copyright infringement actions." *Id.* at *37. The Court further recited that "venue for claims asserted under the Copyright Act is governed by *28 U.S.C. § 1440(a)*, which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." *28 U.S.C. § 1400(a)*. In essence, *section 1440(a)* requires that every single defendant can be "found here" in order for venue to be proper..." *Id.* at *37. If the Court considers adopting the interpretation and requirement supported by the District of Columbia's Court, it would be a more equitable determination than allowing a Plaintiff to "cherry pick" a single defendant and still seek discovery against third parties in mass.

### III. MOTION TO QUASH

16. In furtherance of the Rule 120(a) Special Appearance and alternatively, Jane Doe hereby moves this Court for a Motion to Quash and/or Sever regarding Plaintiff's subpoena for Jane Doe's personally identifying information from Comcast and states the following:

### IV. LACK OF PERSONAL JURISDICTION

17. "Texas courts may assert personal jurisdiction over a nonresident defendant only if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards." *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 806

(Tex. 2002) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays*, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991)); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.045 (Vernon 2008) (Texas long-arm statute). The long-arm statute allows Texas courts to exercise jurisdiction over a nonresident defendant that "does business" in the state. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 2008). The Texas Supreme Court has held that "section 17.042's broad language extends Texas courts' federal constitutional requirements of due process will permit." *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789 at 795 (Tex. 2002).

18. Personal jurisdiction over nonresident defendants is constitutional when two conditions are met: (1) the defendant has established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* at 806 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). In the interest of fairness, the current stance that the Internet Service Providers must object to the subpoena despite arguments that the third parties whose identity is sought should not be and, more often than not, would not be subject to this Court's jurisdiction after identification is inherently unjust.

19. A nonresident defendant's minimum contacts must derive from purposeful availment: Texas Courts have found that a nonresident defendant must have "purposefully availed" itself of the privileges and benefits of conducting business in the foreign jurisdiction to establish sufficient contacts with the forum to confer personal jurisdiction. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76, 105 S. Ct. 2174, 2183-84 (1985)); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 200 (Tex. App.--Houston [1st Dist.] 2007, no pet.). An act or acts "by which the defendant purposefully avails itself of the privilege of conducting activities" in Texas and "thus invok[es] the benefits and protections" of Texas law, constitutes sufficient contact with Texas to confer personal jurisdiction. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958)).

20. Texas considers three elements of purposeful availment. *See Michiana Easy Livin' Country*,

168 S.W.3d at 785; see also *First Oil PLC v. ATP Oil & Gas Corp.*, No. 01-07-00703-CV, 2008 WL 2186781, at * 12-3 (Tex. App.--Houston [1st Dist.] May 22, 2008, no pet.).

21. First, the Court considers only the defendant's own actions, not those of the plaintiff or any other third party. *Michiana Easy Livin' Country*, 168 S.W.3d at 785; *First Oil PLC*, 2008 WL2186781, at *12; see also *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762-63 (Tex. 1977) (quoting *Hanson*, 357 U.S. at 253, 78 S. Ct. at 1240 (1958) ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.")). In the given case, Jane Doe is being listed as a co-conspirator, and the Plaintiff, while purposefully not naming Jane Doe as a defendant, is still seeking discovery related to Jane Doe in the same manner as the defendant in this case and for John Doe defendants in its similar cases. Jane Doe's actions, not the actions of a third party (in this case John Doe),are the actions that are determinative as to whether personal jurisdiction is appropriate.

22. Second, the activities must be purposeful, not random, isolated, or fortuitous. *Michiana Easy Livin' Country*, 168 S.W.3d at 785; *First Oil PLC*, 2008 WL 2186781, at *12. "It is the quality rather than the quantity of contacts that is determinative." *First Oil PLC*, 2008 WL 2186781, at *12. The alleged BitTorrent technology is not like a peer-to-peer filed transfer service in that connections with other individuals are specifically sought out or directed by the user. Plaintiff's description of how BitTorrent works generally is correct and conceded. However, in order for two (or more) users to be part of the same swarm, and thereby even have the smallest chance in participating in each other's download/upload of a file requires that the users be online and connected to the same torrent (tracker) at the same exact time. BitTorrent generally has each member of a "swarm" function as a file server to upload the file to another member at the same time as downloading a file. If two given users are not

online at the same time, factually and on its face, they are unable to part of the same transaction or transfer of file pieces. Using Plaintiff's alleged log of IP Addresses and dates/times when each user was identified, John Doe was allegedly connected December 5, 2011 at 3:28 (*Complaint* Exhibit A). Jane Doe by comparison, is alleged to be connected on November 9, 2011 at 20:06 (*Complaint* Exhibit B, Page 17). At no point in Plaintiff's Complaint did Plaintiff present evidence or argue that Defendant John Doe, and any so-called "co-conspirators" actually directly interacted or were online at the same time. In fact, their alleged connections to the "swarm" took place at vastly distant physical locations and at different times and dates separated by almost a month. Any alleged connection or interaction is highly unlikely given the difference between the two purported connections.

23. Third, the defendant must seek some benefit, advantage, or profit by virtue of its activities in the proposed forum state, because this element is based on the notion of implied consent. *Michiana Easy Livin' Country*, 168 S.W.3d at 785; *First Oil PLC*, 2008 WL 2186781, at *12. Jane Doe did not set up her own home computer network. Jane Doe has limited computer knowledge or skills and further states that she has not taken part in the illegal uploading and/or downloading of any movies, or any other copyrighted material, but specifically the alleged file in Plaintiff's Exhibit B. Jane Doe vehemently denies Plaintiff's allegations and while conceding that this instant action is not a trial on the merits of the underlying claim, her lack of ability and intent strike at the core of any underlying threatened copyright infringement action.

## V. IMPROPER JOINDER

24. Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts often look to Rule 20 for guidance. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 states that permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay . . . , ensuring judicial economy . . . , or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations omitted).

25. In similar cases, Plaintiffs generally argue that "when each defendant is one of many users simultaneously uploading and downloading a protected work, the defendant acts as part of a 'swarm' in a 'series of transactions' involving 'common questions of law and fact.'" Raw Films, 2011 U.S. Dist. LEXIS 149215, 2011 WL 6840590, at *1. This type of joinder argument has become known as "swarm joinder" and has been examined by many District Courts.

26. This instant case varies from these similar cases in that, in the instant case, Plaintiff named only one John Doe defendant, and lists all remaining would be defendants as "co-conspirators" in an attempt to avoid the joinder issue on its face. However, not naming the related so-called "co-conspirators" in order to avoid an improper joinder defense is disingenuous and an abuse of the rules, given that Plaintiff still seeks the exact same identifying information that is sought in all other similar cases, using the same methods.

27. Further, this Court has previously reviewed and ruled on similar cases involving the claims of copyright infringement with Plaintiffs seeking expedited discovery against multiple John Does in *K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS 31803. In *K-Beech*, Judge Rainey granted a Motion to Sever by a John Doe defendant, after analyzing and considering trends in other District Courts. (*See generally Id.*) Judge Rainey adopted the analysis in *Hard Drive Productions., Inc. v. Does 1-188, 809 F. Supp. 2D 1150 at *13-14,* which rejects the swarm joinder argument pointing out that, similar to the instant Plaintiff, the *Complaint* lists multiple IP Addresses, all with connections on different dates and times, spanning a several month period with no evidence or argument that John Doe and the "co-conspirators" were online contemporaneously or that any of them shared a single actual file

piece with each other. Judge Rainey went so far as to rule that joinder under Rules 20 and 21 are inappropriate and that even if such joinder would survive Rule 20 and 21, in the interest of fairness and judicial economy he dismissed, and would still dismiss, the John Does without prejudice. (*K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS 31803 at *12-15.) Judge Rainey did however consider Plaintiff's argument for expediency and judicial economy, and he found that given the date of the alleged infringement, it would not prejudice the Plaintiff to pursue individual copyright infringement cases in the proper venue separately. *See Id.* at *13-*16.

## VI. CONCLUSION

28. Whereas the Plaintiff's method of filing against a single John Doe defendant and seeking discovery of a large number of third parties, while at the same time attempting to deny the third parties of any of the rights and claims they would have been entitled to if they were properly named is unjust; and that if allowed to bring such claims and defenses, this Court in a prior case has found the in mass subpoenas of identifying information from defendants where the majority of defendants are outside of the Court's jurisdiction to be improper; Jane Doe respectfully requests her Motion for Special Appearance, Motion to Quash, and/or Motion to Sever be granted, as well as any other relief this Court deems to be just and proper.

Dated: May 16, 2012

Respectfully Submitted,
Jane Doe [IP Address: 75.67.75.108] by and through counsel,

/s/ Justin C. Mikowski
Justin C. Mikowski, Esq.
MA- BBO# 678595 via Motion Pro Hoc Vice filed concurrently.
Mikowski & Leonard, LLC
60 State Street
Suite 700
Boston, MA 02109
P: 617-651-1150
F: 617-300-8940
E: Justin@MLAttorneysatLaw.com