UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., § <br> § <br> Plaintiff § <br> § <br> vs. § <br> § CIVIL ACTION NO. 4:11-cv-44501 <br> JOHN DOE, § <br> § <br> Defendant § <br> § <br> _____/ § | |

## MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

COMES NOW Movant, an alleged "co-conspirator" identified by Internet Protocol ("IP") Address 174.62.172.208, by and through her attorneys, and respectfully submits this Motion to Quash and Motion for Protective Order regarding the subpoena issued by Plaintiff and delivered to Movant through her Internet Service Provider, Comcast Cable Communications, LLC ("Comcast"), pursuant to Rules 26 and 45(c)(3) of the Federal Rules of Civil Procedure. The subpoena being contested was issued pursuant to the Court's February 9, 2012 Order Granting Plaintiff's Motion for Leave to Take Expedited Discovery (Doc. No. 6) and a copy of the subpoena as well as a redacted copy of the Comcast letter is attached hereto as Exhibit A. In support of this motion, Movant respectfully shows the Court as follows:

## I. INTRODUCTION & PROCEDURAL BACKGROUND

Plaintiff filed its complaint against a single John Doe defendant on or about December 20, 2011 (Doc. No. 1.), alleging that the unnamed John Doe defendant committed copyright infringement within the state of Texas through the use of the BitTorrent file sharing protocol. Notably, on December 7, 2011, this same Plaintiff had filed a virtually identical action in the U.S. District Court for the District of Columbia (Docket No. 1:11-cv-02176-RLW) alleging copyright infringement using the BitTorrent protocol. This earlier action was brought against 939 unnamed Doe defendants identified only by IP addresses and Judge Wilkins was assigned to this first case. Several months earlier, in a similar case alleging copyright infringement and requesting expedited discovery, Judge Wilkins required a plaintiff to make a good faith attempt to show that the Doe defendants which plaintiff sought to identify would be subject to the jurisdiction of the court. *See Nu Image, Inc. v. Doe*, 799 F. Supp. 2d 34, 42 (D.D.C. 2011). Shortly after the assignment of the Plaintiff's first action to Judge Wilkins, on December 16, 2011, the plaintiff filed a voluntary dismissal. Four days later, in what appears to be an attempt to secure a jurisdiction more friendly to its tactics, Plaintiff filed the instant action using nearly identical parties (i.e., the same 939 IP addresses), facts, and claims. However, instead of bringing the action against all 939 Does identified by IP addresses, it captioned the case against a single unnamed John Doe defendant and alleged the other 938 Does are "co-conspirators."

On December 21, 2011, Plaintiff filed a Motion to Expedite Discovery (Doc. No. 2.), which motion was granted by this Court on February 9, 2012. (Doc. No. 6.) On March 7, 2012, Plaintiff filed a Motion to Compel Compliance with Subpoena in U.S. District Court for the District of Columbia (Docket Number 1:12-mc-00150-ESH-AK) and, on March 26, 2012, Comcast filed a Memorandum in Opposition. (D.D.C. Doc. No. 7.) Magistrate Judge Alan Kay's

April 18, 2012 Memorandum Order granted in part and denied in part Plaintiff's Motion to Compel. (D.D.C. Doc. No. 15.) Comcast filed an Appeal of Magistrate Judge Decision to District Court on May 2, 2012 (D.D.C. Doc. No. 16.) and Plaintiff filed its Response on May 17, 2012 (D.D.C. Doc. No. 17.). On May 24, 2012, Comcast filed its Reply (D.D.C. Doc. No. 18.) as well as a Motion for Extension of Time to Comply (D.D.C. Doc. No. 19.), requesting the court grant an extension of time for Comcast to comply with the April 18, 2012 ruling because it was under review.

Movant received a letter from Comcast dated April 26, 2012 informing her that her identifying information would be released pursuant to the Subpoena and this Court's February 2, 2012 Order (Doc. No. 6.) unless Movant took action to oppose the Subpoena. For the reasons stated herein, Movant moves this Honorable Court to quash the portion of the subpoena directed at her IP address, 174.62.172.208, and issue a protective order preventing Comcast from producing Movant's personal information because the discovery sought is irrelevant, the Plaintiff has failed to meet its burden of establishing personal jurisdiction over Movant, and Plaintiff has failed to allege that there was an agreement among any of the so-called "co-conspirators."

## II.  ARGUMENT

A.  **Movant Has Standing to Challenge the Subpoena.**

There is no question that Movant has standing to challenge the subpoena served on Comcast. It is well-recognized that the "decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). The use of the internet does not destroy this fundamental right. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (recognizing there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to the internet). Even if a customer's privacy

interest in its subscriber information is minimal or "exceedingly small," "parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party." *Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 U.S. Dist. LEXIS 25400, at *7–8 (D. Md. Feb. 28, 2012) (internal quotation marks and citation omitted). As a result, Movant has standing to challenge the subpoena seeking her personal information.

B.  **Because an IP Address Does Not Identify the Person that Actually Engaged in the Alleged Activity, the Discovery Sought is Irrelevant and the Subpoena Seeking the Personal Information Associated with Movant's IP Address, 174.62.172.208, Should be Quashed.**

The discovery sought on the alleged "co-conspirators" is irrelevant. It is well-settled that discovery must be relevant, meaning that, at a minimum, the discovery is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Plaintiff has brought its Complaint against one unnamed John Doe defendant and identified 938 alleged "co-conspirators" only by various IP addresses. More specifically, Plaintiff alleges that the unnamed John Doe defendant and over 900 "co-conspirators" violated Plaintiff's copyright by having "conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy." (Complaint, ¶ 35.)

It is important to note that Plaintiff has merely identified an internet account as having allegedly downloaded a particular Video, it has <u>not</u> identified that the subscriber of that account is the individual responsible for the alleged infringement. "An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones." *In re: Bittorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150 (LDW)(GRB), and 12-1154 (ADS)(GRB), 2012 U.S. Dist. LEXIS 61447, at *3 (E.D.N.Y. May

1, 2012) (attached hereto as Exhibit C). In addition, "[m]any homes today…use routers to share a single Internet connection between multiple computers." *Id.* at *8–9 (quoting "What is an IP address?" available at http://computer.howstuffworks.com/internet/basics/question5492.htm). Therefore, by purportedly observing the infringing activity Plaintiff has only seen a router or wireless access point, not the individual that committed the alleged activity.

    As numerous courts have recognized, any ISP subscriber that will be identified through his or her purported IP address is not necessarily the individual who engaged in the acts alleged in Plaintiff's complaint. *See id.* at *4 ("[W]hile the ISPs will provide the name of if its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper."); *see also Digital Sin, Inc. v. Does 1-176*, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request [seeking the personal information associated with a list of IP addresses] will not in fact be those of the individuals who [engaged in the alleged activity]."); *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) ("[T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes…."); *VPR Int'l v. Does 1-1017*, No. 11-2068, 2011 U.S. Dist. LEXIS 64656, at *4 (C.D. Ill. April 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation [between IP subscriber and copyright infringer] is far from perfect. * * * The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."). Because an IP address does not identify the individual that engaged in the alleged unlawful activity, the subpoena seeking Movant's personal information should be quashed.

Movant's personal information is not relevant to Plaintiff's claims against one unnamed John Doe defendant. *See* FED. R. CIV. P. 26(b)(1). Releasing Movant's personal information will not prove or disprove something in issue (i.e., reveal the identity of an alleged co-conspirator), but merely identify an out of state individual that purchases access to the internet. As discussed in a March 30, 2012 Order issued in the U.S. District Court for the Northern District of Illinois, the users of the BitTorrent protocol "remain anonymous to other BitTorrent users, and have no connection with them beyond the mere fact that they downloaded the same file." *Pac. Century Int'l. v. John Does 1-37*, No. 12-cv-1057, at 9–10 (N.D. Ill. Mar. 30, 2012) (In virtually identical actions to the case at bar, where the allegation of copyright infringement was brought against a single unnamed Doe defendant yet preliminary discovery was sought on numerous alleged "co-conspirators" the Court stated that, the "subpoenas seeking the identity of users of non-party IP addresses are not reasonably calculated to lead to the discovery of evidence relevant to the pending claims.") (attached hereto as Exhibit D).

Further, Plaintiff's Complaint fails to allege that the purported "co-conspirators" were interacting with one another or with the single John Doe defendant, or were even online at the same time. In fact, the Exhibits to Plaintiff's own complaint show that the alleged infringement took place over several weeks, on varying dates and at varying times, and in numerous physical locations. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011) ("That Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."). Accordingly, the subpoena seeking Movant's personal information should be quashed and a protective order issued preventing Comcast from releasing Movant's personal information.

**C.      Because this Court Lacks Personal Jurisdiction Over Movant, the Subpoena for the Records of Movant's IP Address, 174.62.172.208, Should be Quashed.**

It is well-settled that a plaintiff can establish personal jurisdiction in a Texas court over non-resident movants "only if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards." *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (citation omitted). Movant moves this Honorable Court to quash the subpoena seeking the personal information connected with her IP Address, 174.62.172.208, because she is not a resident of the state of Texas and lacks any continuing contacts with this forum, let alone the contacts required to confer jurisdiction pursuant to the Texas long arm statute, TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–17.045 (Vernon 2008). Movant lacks even the "minimum contacts" necessary to confer personal jurisdiction as set forth by the U.S. Supreme Court in *Int'l Shoe Co. v. State of Washington*, 326 U.S. 316, 316 (1945) and its progeny.

   **1.      Texas Long-Arm Statute**

Pursuant to the Texas long-arm statute, Texas courts may exercise jurisdiction over a non-resident defendant that "does business" in the state if the person (1) "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part" in the state; (2) "commits a tort in whole or in part" in the state; or (3) "recruits Texas residents . . . for employment inside or outside" the state.  TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 2008).

As set forth in Movant's supporting declaration (Exhibit B), Movant has not entered into a contract with a Texas resident, nor has Movant recruited Texas residents for employment.[1] In considering whether a Texas court has personal jurisdiction over a particular defendant because of the commission of a tort, the "effects test" provides that personal jurisdiction "may be proper where the effects of a defendant's conduct in one state may cause injury in the forum state." *Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, No. H-09-3440, 2010 WL 2277389, at *3 (S.D. Tex. June 3, 2010) (citation omitted). Plaintiff is organized under the laws of the State of Hawaii with its principal place of business located in Los Angeles, California. (Complaint, ¶ 2.) As a result, a non-resident's conduct will not "cause injury" in Texas to this Plaintiff and this court lacks personal jurisdiction over Movant.

Movant does not reside or work in Texas; has never operated, conducted, engaged in or carried on a business or business venture in Texas; never committed a tortious act in Texas; never owned, used, possessed or held a mortgage or other real property lien in Texas; never contracted with any person or property within Texas; caused injury to persons or property within Texas; nor has Movant breached a contract in Texas. *See* Exhibit B. Plaintiff relies on simple geolocation services that can approximate the location of IP addresses in order to support its claim of personal jurisdiction over the one unnamed John Doe defendant. Using these same services shows that Movant's IP Address is located outside Texas. Accordingly, this Court lacks personal jurisdiction over Movant pursuant to the Texas long-arm statute and the subpoena for the Movant's records should be quashed.

---

[1] Plaintiff's Complaint does not set forth any basis for personal jurisdiction on these grounds.

### 2. Federal Due Process

It is a fundamental principal that defendants should not be forced to have their interests adjudicated in a jurisdiction within which the defendant has no contact. The basic requirement of personal jurisdiction "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (stating that "it is well-established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment.").

The constitutional standard is whether the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The minimum contacts analysis "cannot simply be mechanical or quantitative", but instead must depend on the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Id.* at 319. These personal jurisdiction limitations apply to copyright infringement actions. *See Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 177 (1923). In addition, the rise of the internet does not destroy these fundamental, constitutional requirements. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349–50 (D.C. Cir. 2000) (explaining that it was insufficient for the plaintiff to demonstrate personal jurisdiction "based solely on the ability of District residents to access defendants' websites," in particular when there was no evidence of financial harm to the plaintiff in the forum.). Similarly, the Fourth Circuit has concluded that the mere act of hosting infringing copyrighted material by

an out-of-state ISP was insufficient to justify exercise of personal jurisdiction over the ISP in a Maryland court. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002); *see also Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 133 (D.D.C. 2009) (holding that a defendant's posting of statements to the internet which could then be downloaded and viewed in the District of Columbia was insufficient to establish personal jurisdiction).

Plaintiff has not alleged that this Court has jurisdiction over Movant. Instead, it has only alleged that there is a "potential" for joinder of the "co-conspirators." (Complaint, ¶ 38.) As discussed *supra*, Movant is not a resident of the state of Texas nor has Movant engaged in any activity within the state of Texas. *See* Exhibit B.

Further, Plaintiff has relied upon geolocation technology to provide a basis for this Court's jurisdiction over the sole Defendant. Using similar, publicly available geolocation tools, Movant's IP address is traced to a location in Massachusetts. Movant is an individual residing in the Commonwealth of Massachusetts, outside of this Court's jurisdiction and Plaintiff has failed to provide a basis for jurisdiction over Movant. As a result, this Court lacks personal jurisdiction over Movant and the subpoena seeking Movant's personal information should be quashed and a protective order issued.

D.     **In Similar Cases, Numerous Courts Have Quashed The Subpoenas Served On ISPs Or Otherwise Protected A Movant's Personal Information**

Many courts have quashed subpoenas or protected a movant's personal information from disclosure in similar circumstances. Some have blocked the subpoenas because the moving party was not subject to personal jurisdiction in the forum court. *See Nu Image, Inc. v. Does 1-3,932*, No. 11-cv-545, Doc. No. 244 (M.D. Fla. Feb. 24, 2012) (Opinion and Order adopting a Magistrate Judge's recommendation that a movant's motion to quash be granted because the court lacks jurisdiction over the out of state movant) (attached hereto as Exhibit E). Others have

acted after concluding that joinder of massive numbers of unknown defendants was improper. *See, e.g., Liberty Media Holdings, LLC v. BitTorrent Swarm*, No. 1:11-cv-21525-KMM, 2011 U.S. Dist. LEXIS 126333, at *4 (S.D. Fla. Nov. 1, 2011) ("Numerous courts have found that alleged copyright infringement through the use of [peer-to-peer] networks is insufficient to sustain permissive joinder.") (citing *Hard Drive Prods*, 809 F. Supp. 2d at 1153–54); *On the Cheap, LLC v. Does 1-5001*, No. C10-4472 BZ, 2011 U.S. Dist. LEXIS 99831, at *17 (N.D. Cal. Sept. 6, 2011) (severing and dismissing without prejudice all but the first Doe defendant to appear on plaintiff's list of IP addresses, which was the first IP address that appeared to reside within the court's jurisdiction); *La Face Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."). And some courts, as noted above, have dismissed similar lawsuits altogether, on grounds that the identify of the owner of an IP address is not probative of unlawful activity.

### III.  CONCLUSION

For the foregoing reasons, the subpoena authorized pursuant to the Court's February 9, 2012 Order (Doc. No. 6.) and attached hereto as Exhibit A, which seeks personal information associated with Movant's IP Address, 174.62.172.208, should be quashed and protective order issued preventing Comcast from producing Movant's personal information because the discovery sought is irrelevant to Plaintiff's claim of copyright infringement, the Plaintiff has failed to meet its burden of establishing personal jurisdiction over Movant, and Plaintiff has failed to allege that there was an agreement among any of the so-called "co-conspirators."

|  | Respectfully submitted, |
|---|---|
| Dated: May 29, 2012 | */s/ Wade A. Johnson*<br>Wade A. Johnson<br>Attorney-in-Charge<br>State Bar No. 24062197<br>Federal Bar No. 1055556<br>333 Clay Street, Suite 3300<br>Houston, Texas 77002<br>Phone:  713/654.8111<br>Fax:  713/654.1871<br>E-mail: Wade.Johnson@tklaw.com |
|  | ATTORNEYS FOR MOVANT |

OF COUNSEL:

**THOMPSON & KNIGHT LLP**

Emily W. Miller
State Bar No. 24079527
Federal Bar No. 1366940
333 Clay Street, Suite 3300
Houston, Texas 77002
Phone:  713/654.8111
Fax:  713/654.1871
E-mail: Emily.Miller@tklaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 29, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notification of such filing to counsel of record listed below, with a copy of the foregoing document being placed in the U.S. Mail to the *pro se* parties listed below.

Douglas M. McIntyre
720 N. Post Oak Rd.
Suite 610
Houston, TX 77024

Justin C. Mikowski
Mikowski & Leonard LLC
60 State Street, Suite 700
Boston, MA 02109

Richard A. Bonheim, *Pro Se*
41785 Sultana Road
Dinuba, CA 93618

Bruce Mulholland, *Pro Se*
2042 Bridgette Lane
Hebron, KY 40148

William Robert Lovin
William Lovin & Assoc., LLC
2591 Dallas Parkway, Suite 300
Frisco, TX 75034

Garland Johnson, *Pro Se*
8254 New Hampshire Ave.
Silver Spring, MD 20903

                                             */s/ Wade A. Johnson*
                                             Wade A. Johnson