To: David J. Bradley
Clerk of Court
US Courthouse
515 Rusk Avenue
Houston, TX 77002

Re: Millennium TGA, Inc.
v
John Doe

Civil Action Case No. 4:11-CV-4501

United States Courts
Southern District of Texas
FILED
MAY 29 2012
David J. Bradley, Clerk of Court

May 23, 2012

Dear Mr. Bradley,

I received a letter from Charter Communications, Inc regarding a subpoena in which Millennium TGA, Inc. has applied to Charter Communications, Inc. for my name and contact information related to the above referenced Civil Action.

Through this letter, I am notifying the Court that I oppose Millennium's demand/subpoena/court order for the release of my personal information by Charter Communications.

Thank you for your attention to this matter.

Sincerely,
(signing as the defendant named in this Civil Action)
"John Doe"

cc: Charter Communications, Inc.

enclosures: copy of subpoena
copy of Charter letter

pg 1 of 5
double-sided



Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

## IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY

### *OBJECTION DEADLINE*

### May 27, 2012, 4:00 pm CT

**References Used In This Notice**

- Court Case: Millennium TGA, Inc. (the "Plaintiff") v. John Doe, Court Case No. 4:11-cv-04501
- Court: United States District Court for the Southern District of Texas, Houston Division
- Copyrighted Work: Unknown
- Identifying Information: Accountholder Name, Address(es), Telephone Number, Email Address(es), IP log
- Charter Case Number
- Your ID Number:

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court <u>by the objection deadline stated above</u>. Copies of the court order and subpoena are attached, as well as any other documentation that may have been court-ordered to be provided with this notice.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account in this format: IP Address – Modem MAC – CPE MAC – IP Lease Start Time – IP Lease End Time.

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal – File-Sharing Team") via facsimile at 314-909-0609 by <u>the objection deadline stated above</u> so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

*p9 2 of 5*
*double-sided*

## FREQUENTLY ASKED QUESTIONS

**Q: Why did I receive this letter?**
**A:** Charter received a subpoena related to the Court Case described below. As part of the subpoena, the Plaintiff sent Charter a list of IP addresses that allegedly downloaded and/or distributed the Copyrighted Work on a specific date and time. An IP address on that list was associated with your Charter internet account; your corresponding IP address log was stated in the letter you received. Because of this association, Charter is required to disclose your Identifying Information pursuant to the subpoena and court order. The MAC address is a unique number assigned to your modem.

**Q: What is this Court Case about?**
**A:** The Plaintiff has filed a lawsuit alleging that certain persons have infringed their copyrights by downloading and/or distributing the Copyrighted Work and has issued subpoenas to learn the identities of these persons. However, the Plaintiff does not know the actual identities of these persons – it only knows the Internet Protocol address ("IP address") of the internet account associated with the alleged activity. Accordingly, the Plaintiff has filed this lawsuit against anonymous "John Doe" defendants and has issued a subpoena pursuant to a court order to determine the identities of the anonymous Doe defendants. As described above, one of these subpoenas has been sent to Charter as your internet service provider. If the Plaintiff receives your Identifying Information, you will likely be added as a named defendant to the lawsuit.

**Q: Am I being charged with a crime?**
**A:** This notice relates solely to a civil lawsuit, not a criminal investigation.

**Q: Can Charter give me legal advice and/or object to this subpoena on my behalf?**
**A: NO.** This notice does not provide legal advice and Charter cannot advise you on what grounds exist, if any, to object to this subpoena. If you would like legal advice you should consult your own attorney. You can seek legal assistance from several sources, such as private attorneys, community legal aid organizations, bar association referral services, legal clinics at universities, and advocacy groups specializing in making such objections.

**Q: Has Charter disclosed my name and contact information to the Plaintiff yet?**
**A: NO.** Your Identifying Information has not been disclosed yet. However, it will be disclosed unless you object to the subpoena by following the steps outlined below before the objection deadline stated in the letter.

**Q: What must I do if I do not want my Identifying Information disclosed to the Plaintiff?**
**A:** If you do not want your information disclosed, you must object directly to the court identified in the order and subpoena by the objection deadline stated in the letter. You must also notify Charter by sending a copy of this objection to the attention of "Legal – File-Sharing Team" via fax to 314-909-0609. Please clearly indicate in your copy to Charter (1) that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous. Without this information Charter cannot withhold disclosure of your information. If you object to the subpoena directly to the court, your Identifying Information will not be disclosed until the court rules on your motion. Please note that an objection made solely to Charter is insufficient; it must be made to the court.

In summary, to prevent the disclosure of your Identifying Information, the following steps must be taken:
1. You must object to the subpoena directly to the court before the objection deadline.
2. You must notify Charter and send a copy of this objection to the court before the objection deadline. This copy should be sent by fax to 314-909-0609 to the attention of "Legal – File-Sharing Team" and must (1) clearly indicate that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous.
3. Remember that objections must be made to the court; objections made solely to Charter will not prevent the disclosure of your Identifying Information.

**Q: What if I do nothing?**
**A:** Charter is required to disclose your Identifying Information to the Plaintiff.

pg 3 of 5
double-sided

Case 4:11-cv-04501   Document 36   Filed in TXSD on 05/29/12   Page 4 of 5
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 1 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MILLENNIUM TGA, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 4:11-cv-4501

Judge:

Magistrate Judge:

[] [✓] **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Expedited Discovery, the attached Declaration of Peter Hansmeier filed in support thereof, and relevant case law. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Leave to Take Expedited Discovery is GRANTED.

2. Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, for John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address.

Case 4:11-cv-04501   Document 6    Filed in TXSD on 02/09/12   Page 2 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 2 of 3

3. Plaintiff may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one John Doe or his co-conspirators.

4. Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons:
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5. Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve