IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 9 2012

David J. Bradley, Clerk of Court

MILLENNIUM TGA, INC.

    Plaintiff,

v.

JOHN DOE,

    Defendant.

Case No. 4:11-cv-04501

Judge: Hon. Vanessa D. Gilmore

## MOTION FOR SPECIAL APPEARANCE AND MOTION TO QUASH/SEVER

The alleged anonymous co-conspirator identified by Plaintiff at IP address 67.116.119.129 on 11/05/2011 12:03:15 GMT (hereinafter "Robert Roe" or "Roe") by and through his attorneys Wessels & Arsenault, L.L.C. hereby moves this Honorable Court for a Motion for Special Appearance to raise issues of personal jurisdiction, and to also motion to quash and/or Sever the present subpoena to Comcast allowing Plaintiff, Millennium TGA, Inc. to discover Defendant John Doe's identity and other private personal information because the Court lacks personal jurisdiction over Robert Roe and because the Defendant John Doe and the alleged "co-conspirators" were joined improperly.

### I. FACTUAL BACKGROUND

1. On December 07, 2011, Plaintiff Millennium TGA Inc. (hereinafter "Millennium") filed a very similar Complaint to the present Complaint and lawsuit in the U.S. District Court for the District of Columbia, Docket Number: 1:11-cv-02176-RLW (hereinafter "Millennium I"), *Millennium TGA, Inc. v. John Does 1-939.*

2. Plaintiff subsequently filed for a voluntary dismissal of case 1:11-cv-02176-RLW on December 16, 2011.

3.   On December 20, 2011, Millennium filed a Complaint against a single Doe Defendant (hereinafter "Doe 1") the present Complaint (Dkt. 1).  Plaintiff alleges that the Doe Defendant infringed Plaintiff's work in the State of Texas (hereinafter "Millennium TX").

4.   On February 09, 2012, the present Court granted Plaintiff's Motion to Expedite Discovery (Dkt. 2).

5.   On March 07, 2012, Plaintiff filed a Motion to Compel Compliance with Subpoena in U.S. District Court for the District of Columbia, Docket Number: 1:12-mc-00150-ESH-AK (hereinafter "Millennium II").

6.   On March 26, 2012, Comcast Cable Communications LLC (hereinafter "Comcast") as a third-party filed a Memorandum in Opposition (Millennium 2, *Dkt. 7*) to Plaintiff's Motion to Compel (Millennium 2, *Dkt. 1*).

7.   On April 18, 2012, the Magistrate Judge entered a Memorandum Order (Millennium 2, *Dkt. 15*) both granting in part and denying in part Plaintiff's Motion to Compel.

8.   On May 02, 2012, Comcast filed an Appeal of Magistrate Judge Decision to the District Court; re:15 Order on Motion to Compel (Millennium 2, *Dkt. 16*).

9.   Co-conspirator Robert Roe received notice of the subpoena request from Comcast on April 26, 2012.  He was given until May 29, 2012 to challenge the subpoena requests from both Courts.

## II. RULE 120(A) – SPECIAL APPEARANCE

10. Texas Rules of Civil Procedure Rule 120(a) govern special appearances, providing that "a special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the Defendant on the ground that such party or property is not amenable to process by the Courts of this State." *Tex. R. Civ. P. 120(a)*.

11. The personally identifying information sought by Plaintiff is essentially the same as treating co-conspirator Robert Roe as a Defendant in the present case. If the ISPs are ordered to turn over the Defendant and co-conspirator's information, then each of the co-conspirators will treated as a Defendant, being phoned and contacted by Plaintiff's agents to settle what they believe is a claim for copyright infringement. Reported co-conspirator "Robert Roe," through counsel states unequivocally that he has never done business in the State of Texas, has never resided nor owned property in the State of Texas, and that he fails to meet the minimum contacts requirements with the State of Texas to be able to submit to the Court's jurisdiction. The present John Doe is a resident of the State of Colorado.

12. If Plaintiff was able to successfully use geolocation technology to ascertain that the single Defendant Doe is located in the State of Texas, the same or other geolocation technology could also be used to confirm whether co-conspirator Roe also resides in or outside the State of Texas and beyond the jurisdiction of the Court.

13. Plaintiff will attempt to argue that the co-conspirators alleged in the present Complaint should not be able to oppose release of their personally identifying information because the defenses are disingenuous and inequitable. Plaintiff states that by "learning additional facts, Plaintiff may amend its Complaint to include any John Does covered by the Court's jurisdiction. (*Complaint* ¶ 38). Although some in-state co-conspirators would then have standing to challenge and defend in the present action, the large majority of identified co-conspirators around the country would still have no opportunity to challenge and oppose the release of their personally identifying information, which is manifestly unjust and burdensome. Robert Roe understands that if disclosure of his information is permitted by the Court, then he will be treated no different than any other Defendant in this mass copyright litigation type of case.

14. Moreover, Plaintiff filed a similarly worded and structured Complaint for copyright infringement in the U.S. District Court for the District of Columbia, which already included all or substantially all of the current "co-conspirators" named as Doe Defendants 1-939. Shortly after the Complaint was assigned however to Judge Wilkins, Millennium filed for a voluntary dismissal and later refiled the action in another jurisdiction. (*Supra* ¶ 1).

15. Judge Wilkins helped pioneer the controlling case law for how discovery for mass copyright infringement cases can proceed. This decision was made prior to Plaintiff's original filing in the District of Columbia. *Nu Image, Inc. v. Doe*, 799 F. Supp. 2d 34 (D.D.C. 2011). Judge Wilkins oversaw a lawsuit similar to the present lawsuit wherein the Plaintiff sought expedited discovery to identify unknown Defendants known by their IP addresses without demonstrating that all the potential individuals being sought was subject to the jurisdiction of that particular District Court. The Court held that Plaintiff could seek discovery in the matter, but only against the John Doe Defendants who had IP addresses that could be shown to likely be located as within the Court's jurisdiction using the same type of free and easy to use geolocation tools that Plaintiff likely used to identify the present John Doe Defendant in this action. *Id*. at 42. From this co-conspirator's review of Plaintiff's Complaint, there does not appear to be a statement of a good faith effort to demonstrate that this Court is the proper jurisdiction for the Doe and alleged co-conspirators.

16. Alleged co-conspirator Robert Roe also argues that Plaintiff's claim for Venue is improper. Plaintiff argues Venue in its Complaint as arising out of 28 U.S.C. §§ 1391(b) and 1400(a). When applying the analysis from the earlier Nu Image case to the same type of facts, the Court found "However, when copyright infringement is the sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be proper under Section

1391(b), the general venue statute, when Section 1400(a) is the exclusive venue statute for copyright infringement actions." *Id.* at *37. The Court went on to state that "venue for claims asserted under the Copyright Act is governed by *28 U.S.C.* § 1400(a). Essentially, 1400(a) requires that every single defendant can be "found here" in order for venue to be proper..." *Id.* If the present Court adopts the interpretation and requirement supported by the District of Columbia's Court, that interpretation is much more equitable than allowing Plaintiff's selective Defendant Doe pick, while disallowing thousands of others to challenge the subpoena on the basis that they are unknown "co-conspirators."

### III. MOTION TO QUASH

17. The Court must quash the present subpoena against Roe to prevent the alleged co-conspirator from suffering unwarranted annoyance, embarrassment, and an undue burden. Fed. R. Civ. Pro. 45(c)(3)(A)(iv). Presently, Plaintiff requires Roe's confidential personally identifying information from Comcast so that Plaintiff can harass him into coercing a quick and profitable settlement under the guise of publicly outing Roe regarding an accusation of an unlawful download of pornographic material, despite questionable proof of infringement.

18. Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and hardship to Defendant, and the same would result if Defendant's personally identifying information were associated without sufficient evidentiary support with the unlawful downloading of pornographic materials. Such association would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, injurious of Defendant's character and reputation as a Colorado state resident, and potentially jeopardizing to Defendant's employment. Moreover, even after Defendant demonstrates that Plaintiff's allegations are false, the embarrassment and reputational damage from Plaintiff's false public claim will persist because

of the public record.  However, by quashing Plaintiff's subpoena, the Court can prevent the injustice of having Defendant unjustly harmed and embarrassed by questionable and premature accusations of illegally downloading pornographic materials.  Moreover, the geographical distance Roe must travel to Houston, Texas in order to fight this lawsuit on the merits is over one-thousand miles from his present residence near Denver, Colorado.

19. To further the present Rule 120(a) Special Appearance argument, alleged co-consiprator Robert Roe hereby moves the present Court to quash the present subpoena or sever co-conspirator Robert Roe from the present action seeking Roe's personally identifying information from his ISP Comcast and states the following:

### IV. THE COURT LACKS PERSONAL JURISDICTION OVER JOHN DOE

20. "Texas Courts may assert personal jurisdiction over a non-resident defendant only if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards." *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W. 3d 801, 806 (Tex. 2002) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W. 2d 223, 226 (Tex. 1991)); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.045 (Vernon 2008) (Texas long-arm statute).

21. Under the Federal Rules, personal jurisdiction over a non-resident Defendant is constitutional when two conditions are satisfied: first, the Defendant must have established minimum contacts with the forum state; two, the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *BMC Software Belg., N.V. v. Marchand*, 83 S.W. 3d 789 at 806 (Tex. 2002) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)).  The argument that internet service providers must be the parties that object to the subpoena despite strong arguments to the contrary that the third parties whose identity are

being sought by the Plaintiffs should not be and more often than not, would be subject to the Court's jurisdiction is manifestly unjust. Moreover, no evidence is shown that demonstrates any of the alleged co-conspirator's minimum contacts with the State of Texas.

22. Non-resident minimum contacts must derive from purposeful availment to fall under that Court's jurisdiction. "Texas Courts have found that a nonresident Defendant must have "purposefully availed" itself of the privileges and benefits of conducting business in the foreign jurisdiction to establish sufficient contacts with the forum to confer personal jurisdiction. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-475, 105 S. Ct. 2174, 2183-84 (1985)); *Xenos Yuen v. Fisher*, 227 S.W. 3d 193, 200 (Tex. App.—Houston [1st Dist.] 2007, no pet.). One or more acts "by which the defendant purposefully avails itself of the privilege of conducting activities" in the State of Texas and "thus invok[es] the benefits and protections" of Texas law, is sufficient contact with the State to satisfy personal jurisdiction. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W. 3d 777, 784 (Tex. 2005) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958)).

23. Texas Courts consider three elements to determine purposeful availment. See *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W. 3d at 785; see also *First Oil PLC v. ATP Oil & Gas Corp.*, No. 01-07-00703-CV, 2008 WL 2186781, at * 12-3 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.).

24. The first element is that the Court considers only the potential Defendant's actions, and they do not consider the actions of the Plaintiff or any other third-party. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W. 3d at 785; *First Oil PLC*, 2008 WL2186781, at *12; *see also U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762-63 (Tex. 1977) (quoting Hanson, 357 U.S. at 253, 78 S. Ct. at 1240 (1958) ("The unilateral activity of those who claim some relationship

with a non-resident Defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the Defendant's activity, but it is essential in each case that there be some act by which the Defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.")). Applying the rules to the present facts, Robert Roe is listed herein as a co-conspirator, and the Plaintiff, while intentionally failing to name Roe as a Defendant, still seeks discovery related to Roe in the same method as the Defendant in the present action and other John Doe Defendants in other actions filed around the country by attorneys for plaintiff. Roe's actions and not a third party's actions (in this instant the original Doe), are the actions that should be govern whether personal jurisdiction is satisfied.

25. Second, the activities in question must be considered purposeful, and not random, isolated, or fortuitous. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W. 3d at 785; *First Oil PLC*, 2008 WL2186781, at *12. "It is the quality rather than the quantity of contacts that is determinative." *First Oil PLC, 2008 WL 2186781*, at *12. Bit Torrent technology is different from a peer-to-peer file transfer service such as Napster in that connections with specific individuals hosting a file are sought out to download the file from their hard drive. Alleged co-conspirator Robert Roe disagrees with Plaintiff's understanding of how a swarm works. For two or more users to be part of the same swarm and be acting in concert, not only do they have to be online at the same time, but also be connected to the same torrent (or tracker) simultaneously. If the facts demonstrate that two given users are not online at the same time, then on its face, the two users are not part of the same transaction or transfer of file components. Using Plaintiff's alleged log of IP addresses containing various dates and times claiming when each user was infringing, alleged co-conspirator Roe was connected on November 05, 2011 at 12:03:15 GMT

(*Complaint* Exhibit B) while the reported Doe Defendant was allegedly connected on December 05, 2011 at 03:28 (*Complaint* Exhibit A).  Plaintiff has still not pointed out or argued that Defendant John Doe and any of the reported "co-conspirators" directly interacted or were online simultaneous to one another.  Looking at all the evidence, the alleged "swarm" and the various interactions took place across thousands of miles at geographically distant physical locations in addition to different times and dates with an approximate thirty (30) day range.  As a result, an alleged connection by Roe to Defendant Doe is highly unlikely given the differences between the time, date, and location stated by Plaintiff.

26. The third element is that the Defendant must seek a benefit, advantage, or profit by virtue of its activities in the proposed forum state.  *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W. 3d at 785; *First Oil PLC*, 2008 WL2186781, at *12.  Roe is not computer savvy and did not configure his home computer knowledge.  Roe further clearly states that he did not unlawfully upload or download the content in question alleged by the Plaintiff.  Given that Roe is a middle-aged retiree with limited computer knowledge, his lack of ability and understanding of how computers work should be prima facie evidence that he is not the proper person to be named to this Complaint.

## V. IMPROPER JOINDER

27. Fed. R. Civ. Pro. 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. Rule 21.  Because Rule 21 lacks standards wherein a district court can ascertain whether the parties are not joined properly, courts often look to Rule 20 instead for guidance.  *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F. 3d 516, 521 (5th Cir. 2010).  Rule 20 states that permissive joinder of defendants is proper if: (a) any right to relief is asserted against them

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. Rule 20(a)(2). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay …, ensuring judicial economy …, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations omitted).

28. In cases similar to this involving multiple Defendants and claims for copyright infringement by using Bit Torrent, the Plaintiffs often argue that "when each Defendant is one of many users simultaneously uploading and downloading a protected work, the Defendant acts as part of a "swarm" in a "series of transactions" involving "common questions of law and fact." *Malibu Media v. Does 1-15*, 1:12-cv-00408-PAB-KMT (Dist. Colo. 2012). This commonly employed joinder argument by Plaintiffs is commonly known as "swarm theory" and has been examined by District Courts around the United States.

29. The present action varies slightly from the type of case listed above in that Plaintiff herein only named a single John Doe Defendant, and lists the remaining would-be Defendants as "co-conspirators" in an attempt to avoid arguing the joinder issue. However, not naming the related alleged "co-conspirators" in order to avoid a joinder argument is questionable given that the facts are no different from other similar cases and Plaintiff still intends on using the identifying information they receive from co-conspirators to extract settlements. Moreover, the present Court has heard and rules on several similar cases involving claims for copyright infringement and Plaintiffs who seek expedited discovery against multiple Doe Defendants. *K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS 31803. In K-Beech, the Judge granted a Doe Defendant's Motion to Sever after reviewing the argument proffered by

Defendant and reviewing the cases and trends involving these cases around the country. The Judge used the rationale found in *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 at *13-14, which rejected the swarm theory on the grounds that the Complaint lists multiple IP addresses, all having connections on varying dates and times over a several week period with no evidence or argument that a John Doe and any of the other Does or "co-conspirators" were online simultaneously or that any of them actually shared any percentage of Plaintiff's work with one another. The Judge found that joinder under Rule 20 and 21 of the Fed Rules of Civil Procedure are inappropriate here and that even if such joinder would qualify under Rule 20 and 212, in the interest of fairness and judicial economy he would dismiss, and still dismiss the John Does without prejudice. *See K-Beech, Inc. v. John Does 1-41*, 2012 U.S. Dist. LEXIS 31803 at *12-15. In dismissing the action, the Judge found that the Plaintiff was not prejudiced were they to pursue individual cases of copyright infringement in the proper venue separately. *Id.* at *13-16. Finally, U.S. District Judge Murray Snow for the District Court for the District of Arizona held in an almost exactly similar matter on March 19, 2012 that in order to be sued with other John Doe Defendants in Bit Torrent download cases, the individual must have either uploaded or downloaded from the other defendants in order for the first element to be met.

> Plaintiff alleges that the two remaining Defendants "participat[ed] in the BitTorrent swarm with other infringers" but does not claim that John Doe 6 provided data to the former John Doe 12 or vice versa. (Doc. 26 ¶ 56)... Plaintiff has not demonstrated that John Doe 6 and the former John Doe 1`2 engaged in a single transaction or occurrence, or a single series of transactions or occurrences. Defendant John Doe 6 has been improperly joined, and is severed from the lawsuit. *Patrick Collins, Inc. v. John Does 1-54* (Case No. 2:12-cv-01602).

30. Plaintiff fails to show that the claims against each Doe Defendant arose out of the same transaction, occurrence, or series of transactions or occurrences, and therefore, Defendants must be severed and dismissed.

## VI. CONCLUSION

31. Plaintiff's methods of filing a lawsuit against a single Doe Defendant and then seeking discovery of a large number of ambiguously defined "co-conspirator" third-parties is unjust because Plaintiff denies to third parties the rights and claims to challenge the subpoena they would have had were they properly named.  Moreover, this Court in a prior instance severed and dismissed multiple John Doe Defendants in actions where the Plaintiffs sought expedited discovery for copyright infringement through third-party subpoenas because jurisdiction was improper and the parties were improperly joined.  Alleged co-conspirator Robert Roe respectfully requests his Motion for Special Appearance, Motion to Quash/Sever be granted, as well as any other relief this Court deems to be just and proper.

**DATED:** May 25, 2012

> Respectfully Submitted,
> Alleged Co-conspirator Robert Roe [IP: 67.176.119.129] by
> and through counsel
>
> By: _____
> John A. Arsenault (CO Bar # 41327)
> WESSELS & ARSENAULT, L.L.C.
> 1333 W. 120th Ave. Suite 302
> Westminster, CO 80234
> Telephone: 303-459-7898
> Facsimile: 888-317-8582
> john.arsenault@frontrangelegalservices.com
> *Applying for admission pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2012, a true and correct copy of the foregoing MOTION FOR SPECIAL APPEARANCE AND MOTION TO QUASH/SEVER THE SUBPOENA and the MOTION TO APPEAR PRO HAC VICE was sent via first-class mail or via the CM/ECF system to the following:

U. S. District Court for the Southern District of Texas
David J. Bradley
P.O. box 61010
Houston, Texas 77208

Justin Mikowski
Mikowski & Leonard, LLC
60 State St. Suite 700
Boston, MA 02109

Douglas M. McIntyre
Attorney at Law
720 N. Post Oak Rd. Suite 610
Houston, Texas 77024

Richard A. Bonheim
41785 Sultana Rd.
Dinuba, CA 93618

Bruce Mulholland
2042 Bridgette Lane
Hebron, KY 40148

Lawrence M. Turner
114 Preston Dr.
North Wales, PA 19454

Rebecca Masanetz
967 Winona Circle
Loveland, CO 80537

**DATED**:  May 25, 2012

By:

John A. Arsenault (CO Bar # 41327)

WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 302
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Applying for admission pro hac vice*

13