United States District Court
Southern District of Texas
FILED

MAY 2 9 2012

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MILLENNIUM TGA, INC.,

      Plaintiff,

v.

JOHN DOE,

      Defendant.

CASE NO. 4:11-cv-4501

Judge: Honorable Judge Vanessa D. Gilmore

## ROBERT ROE'S (IP ADDRESS 24.9.185.46) MOTION TO QUASH/SEVER/DISMISS AND/OR ISSUE A PROTECTIVE ORDER

The alleged "co-conspirator," identified in Plaintiff's *Complaint* only by IP Address: 24.9.185.46 (hereinafter "Robert Roe"[1]), *pro se*, hereby moves the Honorable Court for a Motion to Quash and/or Sever and/or Dismiss and/or issue a protective order in connection with the subpoena directed at Comcast Cable Communications LLC (hereinafter "Comcast") allowing Plaintiff, Millennium TGA, Inc. to seek the discovery of Defendant's personally identifying information, including true name, address, phone number(s) and e-mail addresses, due to improper joinder and lack of personal jurisdiction. This Court should grant the relief requested. In support thereof, Robert Roe, states as follows:

### I. BACKGROUND INFORMATION

---

[1] As Plaintiff has technically brought this suit against a single "John Doe" Defendant, but alleged identical or largely similar causes of action against and seeks discovery on 938 other individuals that Plaintiff identifies as "co-conspirators," Movant, being one of these alleged "co-conspirators," identifies himself as "Robert Roe" in order to avoid confusion.

1. On December 7, 2011, Plaintiff Millennium TGA, Inc. in this instant case filed a Complaint in U.S. District Court for the District of Columbia, Docket Number: 1:11-cv-02176-RLW, which was assigned to Judge Robert L. Wilkins (hereinafter "DC Millennium 1"), *Millennium TGA Inc. v. John Does 1-939.*

2. On December 16, 2011, Plaintiff filed for a voluntary dismissal in case 1:11-cv-02176-RLW.

3. On December 20, 2011, Plaintiff Millennium TGA, Inc. (hereinafter "Millennium") filed against a single John Doe defendant (hereinafter "Initial Defendant") the initial Complaint *(Dkt. 1)* (hereinafter "Complaint"), in which Plaintiff alleges that the Initial Defendant committed copyright infringement on the Plaintiff's copyrighted video in the state of Texas (hereinafter "TX Millennium"). *(Dkt. 1).*

4. On February 9, 2012, this Honorable Court granted Plaintiff's Motion to Expedite Discover *(Dkt. 2)* through an Order under the same name *(Dkt. 6).*

5. On March 07, 2012, Plaintiff filed a Motion to Compel Compliance with Subpoena in U.S. District Court for the District of Columbia, Docket Number: 1:12-mc-00150-ESI-1-AK, (hereinafter "DC Millennium 2").

6. On March 26, 2012, third party Internet Service Provider, Comcast Cable Communications, filed a Memorandum in Opposition (DC Millennium 2, *Dkt. 7*) to Plaintiff's Motion to Compel (DC Millennium 2, *Dkt. 1*).

7. On April 18, 2012, Magistrate Judge Alan Kay entered a Memorandum Order (DC Millennium 2, *Dkt. 15*) granting in part and denying in part Plaintiff's Motion to Compel.

8. On May 2, 2012, Comcast filed an Appeal of Magistrate Judge Decision to District Court, re: 15 Order on Motion to Compel (DC Millennium 2, *Dkt. 16*).

## II. ARGUMENT

9.   Although Federal Rule of Civil Procedure 45(c) indicates that a Motion to Quash be filed in the district court for the district that issued the Subpoena, it does not alter the general rule that the broad outlines of discovery in a civil case are to be controlled by the court in which the case is filed. *Straily v. UBS Fin. Servs., Inc.*, No. 07-cv-884-REB-KMT, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (district where case was pending had authority to issue protective order, pursuant to its right to control general outline of discovery, even though the particular discovery dispute arose from subpoena issued in another district) (citing *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)); *Best Western Int'l, Inc. v. Doe*, No. cv-06-1537-PHX-DGC, 2006 WL 2091695, at *2 (D. Ariz. July 25, 2006) (Rule 45(c) provides that subpoenas should be enforced by the issuing district, but does not alter the broader concept that the district where action is pending has the right and responsibility to control the broad outline of discovery); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) (same); *Pilcher v. Direct Equity Lending*, No. 99-1245- JTM, 2000 WL 33170865, at *4 n.8 (D. Kan. Dec. 22, 2000) ("Under Rule 26(c), the court in which the action is pending . . . has jurisdiction to issue a protective order limiting discovery"). A party's "discovery rights [in other districts] can rise no higher than their level in the district of trial." *Fincher*, 129 F.R.D. at 125. As such, this Court possesses the authority to both hear and grant the relief requested in Robert Roe's motion for a Rule 26 and/or 30(d) protective order to prohibit or limit discovery of his personally identifying information. Fed. R. Civ. P. 26(c)(1) ("a party may move for a protective order in the court where the action is

pending"); Fed. R. Civ. P. 30(d)(3)(1) ("The motion may be filed in the court where the action is pending").

10. The so-called "co-conspirator's" identifying information being sought results in Robert Roe effectively being treated as a de-facto defendant. Robert Roe states and affirms that he has never done business in Texas, that he does not reside or own property in Texas, that he is unwilling to voluntarily submit to the jurisdiction of Texas, and in all aspects, Robert Roe does not meet the legal standard of having minimum contacts with Texas. Robert Roe is, in fact, a resident of a state other than Texas.

11. Furthermore, Plaintiff's argument, as found in Plaintiff's Responses to other Motions to Quash *(Dkt. 11 & /3)* that Lack of Personal Jurisdiction and Improper Joinder should not be allowed defenses by the alleged so-called "co-conspirators" in the current case are disingenuous and inequitable as Plaintiff in their Complaint under the heading: Potential Joinder of Co-Conspirators, specifically states that upon "learning additional facts," i.e. the John Doe's identifying information, Plaintiff may amend its Complaint to include any John Does covered by the Court's jurisdiction *(Complaint ¶38).* Such amendment would grant standing to those John Does that are under the Court's jurisdiction, however provide no opportunity for so-called "co-conspirators" such as Robert Roe, and the likely majority of similarly situated accused, an opportunity to oppose the release of their personal information.

12. Additionally, Plaintiff originally filed substantially the same lawsuit, alleging copyright infringement in U.S. District Court for the District of Columbia, which included all or substantially all, of the current alleged "co-conspirators" as named defendants as John Does

1-939. However, upon assignment to Judge Wilkins, Millennium filed for a voluntary dismissal. *Supra ¶1.*

13. The controlling case law in U.S. District Court for the District of Columbia for these types of mass copyright discovery cases was recently decided by Judge Wilkins a few months prior to Plaintiff filing its original law suit in DC. *(Nu Image, Inc. v. Doe,* 799 F. Supp. 2d 34 (D.D.C. 2011)). When Judge Wilkins was presented with a similar case in which a copyright owner was attempting to seek expedited discovery to identify unknown defendants known only by their IP Addresses in mass and without a showing that all of the persons it sought to identify would be subject to the jurisdiction of the then instant District Court, the Court held that the Plaintiff could seek such discovery, but only against John Doe defendants who's IP Address could be shown to place their location such that it would have a high likelihood of being under the Court's jurisdiction, using the free and easily usable geolocation technology that Plaintiff has used to identify the John Doe for this case. *(Nu Image, Inc. v. Doe,* 799 F. Supp. 2D 34, *42 (D.D.C. 2011)). Nowhere in Plaintiff's Complaint has it made a statement that it made any good faith attempt to show that this Court is the proper jurisdiction.

15. In fact, the Plaintiff in its Complaint ¶8 argues that Venue is properly founded pursuant to *28 US.C. §§ 1391 (b)* and *1400 (a).* Persuasively, in the analysis of the same such assertions raised by the *Nu Image* Plaintiffs, the Court stated "However, when copyright infringement is the sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be proper under section *1391(b),* the general venue statute, when section *1400(a)* is the exclusive venue statute for copyright infringement actions." *Id.* at *37. The Court further recited that "venue for claims asserted under the Copyright Act is governed by *28 US. C. § 1440(a),* which requires that a civil suit to enforce

the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." *28 US. C. § 1400(a)*. In essence, *section 1440(a)* requires that every single defendant can be "found here" in order for venue to be proper..." *Id.* at \*37. If the Court considers adopting the interpretation and requirement supported by the District of Columbia's Court, it would be a more equitable determination than allowing a Plaintiff to "cherry pick" a single defendant and still seek discovery against third parties in mass.

### III. MOTION TO QUASH

16. Robert Roe hereby moves this Court for a Motion to Quash and/or Sever regarding Plaintiff's subpoena for Robert Roe's personally identifying information from Comcast and states the following:

### IV. LACK OF PERSONAL JURISDICTION

17. "Texas courts may assert personal jurisdiction over a nonresident defendant only if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards." *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 806 (Tex. 2002) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays,* P.L.C., 815 S.W.2d 223, 226 (Tex. 1991)); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.045 (Vernon 2008) (Texas long-arm statute). The long-arm statute allows Texas courts to exercise jurisdiction over a nonresident defendant that "does business" in the state. Tex. Civ. Prac. & Rem. Code Arm. § 17.042 (Vernon 2008). The Texas Supreme Court has held that "section 17.042's broad language extends Texas courts' federal constitutional requirements of due process will permit." *BMC Software Belg., NV v. Marchand,* 83 S.W.3d 789 at 795 (Tex. 2002).

18. Personal jurisdiction over nonresident defendants is constitutional when two conditions are met: (1) the defendant has established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* at 806 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). In the interest of fairness, the current stance that the Internet Service Providers must object to the subpoena despite arguments that the third parties whose identity is sought should not be and, more often than not, would not be subject to this Court's jurisdiction after identification is inherently unjust.

19. A nonresident defendant's minimum contacts must derive from purposeful availment: Texas Courts have found that a nonresident defendant must have "purposefully availed" itself of the privileges and benefits of conducting business in the foreign jurisdiction to establish sufficient contacts with the forum to confer personal jurisdiction. *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 47476, 105 S. Ct. 2174, 2183-84 (1985)); *Xenos Yuen v. Fisher,* 227 S.W.3d 193, 200 (Tex. App.--Houston [1st Dist.] 2007, no pet.). An act or acts "by which the defendant purposefully avails itself of the privilege of conducting activities" in Texas and "thus invok[es] the benefits and protections" of Texas law, constitutes sufficient contact with Texas to confer personal jurisdiction. *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 784 (Tex. 2005) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958)).

20. Texas considers three elements of purposeful availment. *See Michiana Easy Livin' Country,* 168 S.W.3d at 785; see also *First Oil PLC v. ATP Oil & Gas Corp.,* No. 01-07-00703-CV, 2008 WL 2186781, at * 12-3 (Tex. App.--Houston [1st Dist.] May 22, 2008, no pet.).

21. First, the Court considers only the defendant's own actions, not those of the plaintiff or any other third party. *Michiana Easy Livin' Country,* 168 S.W.3d at 785; *First Oil PLC,* 2008 WL2186781, at \*12; *see also U-Anchor Adver., Inc. v. Burt,* 553 S.W.2d 760, 762-63 (Tex. 1977) (quoting *Hanson,* 357 U.S. at 253, 78 S. Ct. at 1240 (1958) ("The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.")). In the given case, Robert Roe is being listed as a co-conspirator, and the Plaintiff, while purposefully not naming Robert Roe as a defendant, is still seeking discovery related to Robert Roe in the same manner as the defendant in this case and for John Doe defendants in its similar cases. Robert Roe's actions, not the actions of a third party (in this case John Doe), are the actions that are determinative as to whether personal jurisdiction is appropriate.

22. Second, the activities must be purposeful, not random, isolated, or fortuitous. *Michiana Easy Livin' Country,* 168 S.W.3d at 785; *First Oil PLC,* 2008 WL 2186781, at \*12. "It is the quality rather than the quantity of contacts that is determinative." *First Oil PLC,* 2008 WL 2186781, at \*12. The alleged BitTorrent technology is not like a peer-to-peer filed transfer service in that connections with other individuals are specifically sought out or directed by the user. Plaintiff's description of how BitTorrent works is generally correct and conceded. However, in order for two (or more) users to be part of the same swarm, and thereby even have the smallest chance in participating in each other's download/upload of a file requires that the users be online and connected to the same torrent (tracker) at the same

exact time. BitTorrent generally has each member of a "swarm" function as a file server to upload the file to another member at the same time as downloading a file. If two given users are not online at the same time, factually and on its face, they are unable to part of the same transaction or transfer of file pieces. Using Plaintiff's alleged log of IP Addresses and dates/times when each user was identified, John Doe was allegedly connected December 5, 2011 at 3:28 *(Complaint* Exhibit A). Robert Roe by comparison, is alleged to be connected on November 23, 2011 at 03:30 GMT *(Complaint* Exhibit B, Page 7), a difference of almost two weeks. At no point in Plaintiff's Complaint did Plaintiff present evidence or argue that Defendant John Doe, and any so-called "co-conspirators" actually directly interacted or were online at the same time. In fact, their alleged connections to the "swarm" took place at vastly distant physical locations and at different times and dates separated by almost a month. Any alleged connection or interaction is highly unlikely given the time difference between the two purported connections.

23. Third, the defendant must seek some benefit, advantage, or profit by virtue of its activities in the proposed forum state, because this element is based on the notion of implied consent. *Michiana Easy Livin' Country,* 168 S.W.3d at 785; *First Oil PLC,* 2008 WL 2186781, at *12. Robert Roe states that he has not taken part in the illegal uploading and/or downloading of the alleged file in Plaintiff's Exhibit B. Robert Roe vehemently denies Plaintiff's allegations.

## V. IMPROPER JOINDER

24. Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a

party." FED. R. CIV. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts often look to Rule 20 for guidance. *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 states that permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay ..., ensuring judicial economy ..., or safeguarding principles of fundamental fairness." *Acevedo,* 600 F.3d at 521 (internal citations omitted).

25. In similar cases, Plaintiffs generally argue that "when each defendant is one of many users simultaneously uploading and downloading a protected work, the defendant acts as part of a 'swarm' in a 'series of transactions' involving 'common questions of law and fact.'" Raw Films, 2011 U.S. Dist. LEXIS 149215, 2011 WL 6840590, at *1. This type of joinder argument has become known as "swarm joinder" and has been examined by many District Courts.

26. This instant case varies from these similar cases in that, in the instant case, Plaintiff named only one John Doe defendant, and lists all remaining would be defendants as "co-conspirators" in an attempt to avoid the joinder issue on its face. However, not naming the related so-called "co-conspirators" in order to avoid an improper joinder defense is disingenuous and an abuse of the rules, given that Plaintiff still seeks the exact same identifying information that is sought in all other similar cases, using the same methods.

27. Further, this Court has previously reviewed and ruled on similar cases involving the claims of copyright infringement with Plaintiffs seeking expedited discovery against multiple

John Does in *K-Beech, Inc. v. John Does 1-41,* 2012 U.S. Dist. LEXIS 31803. In *K-Beech,*

Judge Rainey granted a Motion to Sever by a John Doe defendant, after analyzing and

considering trends in other District Courts. *(See generally Id.)* Judge Rainey adopted the

analysis in *Hard Drive Productions., Inc. v. Does 1-188, 809 E Supp. 2D 1150 at *13-14,*

which rejects the swarm joinder argument pointing out that, similar to the instant Plaintiff, the

*Complaint* lists multiple IP Addresses, all with connections on different dates and times,

spanning a several month period with no evidence or argument that John Doe and the alleged

"co-conspirators" were online contemporaneously or that any of them shared a single actual

file piece with each other. Judge Rainey went so far as to rule that joinder under Rules 20 and

21 are inappropriate and that even if such joinder would survive Rule 20 and 21, in the interest

of fairness and judicial economy he dismissed, and would still dismiss, the John Does without

prejudice. *(K-Beech, Inc. v. John Does 1-41,* 2012 U.S. Dist. LEXIS 31803 at *12-15.) Judge

Rainey did however consider Plaintiff's argument for expediency and judicial economy, and he

found that given the date of the alleged infringement, it would not prejudice the Plaintiff to

pursue individual copyright infringement cases in the proper venue separately. *See Id.* at *13-

*16.

    28. Joinder based on separate but similar behavior by individuals allegedly using the

Internet to commit copyright infringement has been rejected by courts across the country. In

*LaFace Records, LLC v. Does 1-38,* No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27,

2008), the court ordered severance of lawsuit against thirty-eight defendants where each

defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to

commit the exact same violation of the law in exactly the same way. The court explained:

"[M]erely committing the same type of violation in the same way does not link defendants

together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at \*2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at \*5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiff's Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

29. Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single

copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

30. Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[2]

31. Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit makes litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

32. Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" all alleged "co-conspirators," including Robert Roe, from the Complaint. See Fed. R. Civ. P. 21.

## VI. CONCLUSION

---

[2]http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

33. Whereas the Plaintiff's method of filing against a single John Doe defendant and seeking discovery of a large number of third parties, while at the same time attempting to deny the third parties of any of the rights and claims they would have been entitled to if they were properly named is unjust; and that if allowed to bring such claims and defenses, this Court in a prior case has found that in mass subpoenas of identifying information from defendants where the majority of defendants are outside of the Court's jurisdiction to be improper; Robert Roe respectfully requests his Motion to Quash, and/or Motion to Sever be granted, as well as any other relief this Court deems to be just and proper.

Respectfully Submitted,

**Dated: May 24, 2012**

/s/ Robert Roe [IP Address 24.9.185.46],
*pro se*,
2885 Sanford Ave SW #21241
Grandville, MI 49418

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2012, all counsel of record are being served a true and

correct copy of the foregoing document via the U.S. Mail:

> Douglas M McIntyre
> Attorney At Law
> 720 N Post Oak Rd
> Ste 610
> Houston, TX 77024

> John David Seiver
> DAVIS WRIGHT TREMAINE, LLP
> 1919 Pennsylvania Avenue, N.W.
> Suite 800
> Washington, DC 20006