IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| | Judge: Hon. Vanessa D. Gilmore |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOVANT'S OBJECTION TO SUBPOENA**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 67.175.216.101 filed an objection to Plaintiff's subpoena issued to Comcast Cable Communications LLC. (ECF No. 20.) Movant requests that the Court quash Plaintiff's subpoena because he was using an unsecured wireless network. (*Id.*) For the reasons set forth below, Movant's motion must be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion is not before the proper court. Part II argues that Movant's arguments on the merits are not a basis to quash Plaintiff's subpoena.

**I.      Movant's Motion is Not Before the Proper Court**

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added) *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions

1

regarding subpoenas is vested in the court for the district from which they are issued."); *First Time Videos, LLC v. Does 1-114*, No. 11-3041 (S.D. Tex. Jan. 18, 2012), ECF No. 21 at *2 (Denying a motion to quash because "the 'issuing court' may quash or modify a subpoena, and . . . the subpoena was not issued by this Court . . ."). Movant's ISP is Comcast Cable Communications LLC. (ECF No. 20.) The subpoena to Comcast Cable Communications LLC was issued from the District of Columbia. (*See* Comcast Subpoena, attached hereto as Exhibit A.) Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

### II.     Movant's Arguments on the Merits are Not a Basis to Quash Plaintiff's Subpoena

Movant argues that he "had been using . . . an unsecured wireless network, leaving him or her at risk of being held accountable for the actions of any unknown party using the internet connection." (ECF No. 20.) Arguments on the merits are not a basis for quashing Plaintiff's subpoena. *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5-6 ("While [arguments on the merits] may have merit, they are for another day."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these arguments is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and

stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). Even if Movant is not an infringer, he is the only individual currently known to Plaintiff that can lead Plaintiff to the true infringer. Plaintiff, therefore, still needs his identifying information to be able to meet and confer with him regarding his knowledge of the infringing activities. The Court should deny the instant motion because Movant's arguments on the merits are premature and not a basis to quash a subpoena.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion is not before the proper court. Movant's arguments on the merits are not a basis to quash Plaintiff's subpoena.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 4, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

3

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 4, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

                                    /s/ Douglas M. McIntyre
                                    DOUGLAS M. MCINTYRE