IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| v. | Judge: Hon. Vanessa D. Gilmore |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH OR VACATE THE SUBPOENA**

Garland Johnson ("Movant") filed a motion to quash or vacate the subpoena with this Court. (ECF No. 27.) In support of his motion, Movant argues that Movant's subpoena is "unduly burdensome and unfair" to Movant (*id.* ¶ 5), that Movant "nor any residents had any notice that something illegal was being done" (*id.* ¶ 6), that "the Court lacks subject matter jurisdiction over this civil action" (*id.*), that "the Court lacks personal jurisdiction over [Movant]" (*id.*), and that "the underlying case must be dismissed as moot" (*id.*). For the reasons set forth below Movant's motion must be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion should be denied because it suffers from two fatal procedural defects. Part II argues that Movant's substantive arguments are premature and erroneous.

1

I.  **MOVANT'S MOTION SHOULD BE DENIED BECAUSE IT SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. First, Movant has brought his motion before the wrong court. Second, Movant lacks standing to bring the arguments he raises.

A.  **Movant's Motion is Not Before the Proper Court**

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added) *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."); *First Time Videos, LLC v. Does 1-114*, No. 11-3041 (S.D. Tex. Jan. 18, 2012), ECF No. 21 at *2 (Denying a motion to quash because "the 'issuing court' may quash or modify a subpoena, and . . . the subpoena was not issued by this Court . . ."). Movant's ISP is Comcast Cable Communications LLC. (ECF No. 27 ¶ 4.) The subpoena to Comcast Cable Communications LLC was issued from the District of Columbia. (*See* Comcast Subpoena, attached hereto as Exhibit A.) Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

B.  **Movant Lacks Standing to Bring the Arguments He Raises**

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Pacific Century International, LTD. v.*

*Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 at *2 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production.") All subpoenas issued pursuant to the Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in her motion. (*See generally* ECF No. 27.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

## II. MOVANT'S SUBSTANTIVE ARGUMENTS ARE PREMATURE AND ERRONEOUS

Even if Movant's motion did not suffer from fatal procedural defects her motion should be denied. Movant cannot credibly claim that the subpoena issued to Comcast will unduly burden him. Movant's factual denial is premature and not a basis to quash Plaintiff's subpoena. Movant's challenge to subject matter jurisdiction is erroneous. Movant's personal jurisdiction arguments are premature. Movant cannot move to dismiss the action because he is not yet a party to the case.

### A. Movant Cannot Credibly Claim that the Subpoena Issued to Comcast Will Unduly Burden Him

Movant claims that the subpoena should be quashed because the subpoena subjects him to an "undue burden." (ECF No. 27 ¶ 5.) Movant, however, is not the recipient of Plaintiff's subpoena. Movant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011). Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable

3

and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

### B.  Movant's Factual Denial is Premature and Not a Basis to Quash the Subpoena

Movant denies personally infringing Plaintiff's copyrights. (ECF No. 27 ¶ 6.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena."); *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

### C.  Movant's Challenge to Subject Matter Jurisdiction is Erroneous

Movant challenges this Court's subject matter jurisdiction over the action. (ECF No. 27 ¶ 6.) This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim and

contributory infringement claim under 28 U.S.C. § 1367(a) because it is so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the two claims form part of the same case and controversy under Article III of the United States Constitution.

### D. Movant's Challenge to Personal Jurisdiction is Premature

Movant argues that this Court lacks personal jurisdiction over him. (ECF No. 27 ¶ 6.) Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

### E. Movant Cannot Move to Dismiss the Case Because He is Not a Party

Movant argues that "the underlying case must be dismissed as moot." (ECF No. 27 ¶ 6.) However, Movant is not yet a party to this action, and should not be allowed to stand in the shoes of a Doe Defendant. At this time, Movant is merely a third party who is on notice of his potential status as a party defendant. Courts agree that unserved individuals are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010)

(affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties"). As a result, unserved indiviuals may not properly move to dismiss the action. *Sunlust Pictures, LLC v. John Doe*, No. 12-00656 (D. Colo. May 16, 2012), ECF No. 12 ("At this juncture [the movant] is not a party to this action, and therefore does not have standing to seek to have this action dismissed.")

## CONCLUSION

The Court should deny Movant's motion. Movant's motion should be denied because it suffers from two fatal procedural defects. Movant's substantive arguments are premature and erroneous.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 6, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 6, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

                                                                             /s/ Douglas M. McIntyre
                                                                             DOUGLAS M. MCINTYRE