IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MILLENNIUM TGA, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 4:11-cv-4501

Judge: Hon. Vanessa D. Gilmore

**PLAINTIFF'S RESPONSE TO MOVANTS' MOTIONS FOR PROTECTIVE ORDERS**

Two substantially identical[1] motions were filed in this case by anonymous individuals ("Movants") through attorney William R. Lovin. (ECF Nos. 31, 32.) Movants argue that the Court should "prevent the production of [their] personally identifying information" and "all other similarly situated non-party Does." (*Id.* at 1.) In support of their motion, Movants argue that 1) the "Court does not have personal jurisdiction over" them, 2) the subpoenas subject them to "undue burden," and 3) the "subpoena seeks information that is not relevant to the case at bar." (*Id.*)

**ARGUMENT**

Movants' motion for a protective order must be denied for three independent reasons. First, only parties or persons from whom discovery is sought may move for a protective order. Second, Movants failed to establish good cause for the issuance of a protective order. Third,

---

[1] The primary difference between the two motions is that each is brought by individuals associated with different Internet Protocol ("IP") addresses. The first motion was brought by an individual associated with IP address 71.192.52.111. (ECF No. 31.) The second was brought by an individual associated with IP address 75.73.50.46. (ECF No. 32.) In all other respect, the motions are substantially identical.

1

Movants' arguments are not relevant to the legal standard for deciding a motion for a protective order..

## I.   ONLY PARTIES OR PERSONS FROM WHOM DISCOVERY IS SOUGHT MAY MOVE FOR A PROTECTIVE ORDER

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movants are not parties to this case. *Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1474-75 (5th Cir. 1990) (under common law, unserved parties are nonparties). Movants are not even the John Doe defendant in this case. (ECF Nos. 31 at 1 n 1, 32 at 1 n 1.) Nor are Movants the persons from whom discovery is sought. Plaintiff sought (ECF No. 2), and was granted (ECF No. 6), discovery from Internet service providers. The subpoenas pursuant to the Court's February 9 Order (*id.*) were issued to these Internet service providers, and not Movants or any other Internet subscribers. While there are procedures that would allow Movants to challenge the disclosure of their identifying information, a protective order is simply not one of them.

## II.   MOVANTS FAILED TO ESTABLISH GOOD CAUSE

Even if Movants were allowed to move for a protective order, they must still establish good cause. Fed. R. Civ. P. 26(c). This is a near-impossible task under these circumstances because Movants are neither subject to Plaintiff's subpoenas nor required to do *anything* in response to them and therefore cannot plausibly articulate any, "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed

to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movants' request for a protective order fails on all possible explicit grounds.

To the extent that Movants' request invokes the implicit issue of privacy, it must fail. A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). Movants cannot cloak their identities in the First Amendment when their infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal). The Court should deny a protective order because Movants are not subject to Plaintiff's subpoenas and Movants' privacy interests are *de minimus*.

### III.  MOVANTS' ARGUMENTS DO NOT PROVIDE A BASIS FOR GRANTING THEIR MOTIONS FOR PROTECTIVE ORDERS

Movants' substantive arguments do not provide a basis for granting their motions for protective orders. Movants have not raised a valid argument for the issuance of a protective order. Even if Movants had argued Plaintiff's subpoena was improper, Movants would not be

entitled to a protective order. Finally, Movants' *ad hominem* attacks do not provide a basis for the issuance of a protective order.

### A. Movants Have Not Raised a Valid Argument for the Issuance of a Protective Order

Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Other than citing this language once in their motions, Movants do not further elaborate on how Plaintiff's subpoenas subject them to annoyance, embarrassment, oppression, or undue burden or expense. (ECF No. 31 ¶ 5, 32 ¶ 5.) Instead, Movants attack the validity of Plaintiff's case. The requirements referred to in Rule 26 are not the annoyance, embarrassment, oppression, or undue burden or expense of having to defend oneself in court; it is the existence of any of these factors associated with responding to a subpoena. *Covey Oil Company v. Continental Oil Company*, 340 F.2d 993, 997 (10th Cir. 1965) (explaining that a court may issue a protective order if "the *subpoenas* are unreasonable, oppressive, annoying, or embarrassing.") (emphasis added); *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982) (explaining that a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, *or undue burden or expense*" experienced from a subpoena). Movants have failed to raise an argument that Plaintiff's *subpoena* subjects them to annoyance, embarrassment, oppression, or undue burden or expense.

### B. Even if Movants Had Argued that Plaintiff's Subpoena Was Invalid, Movants Would Not be Entitled to a Protective Order

Even if Movants argued that Plaintiff's subpoena subjects them to annoyance, embarrassment, oppression, or undue burden or expense, they would not be entitled to a protective order. Because the subpoenas were not issued to Movants, they do not face any

"annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movants' cannot credibly claim a protective order should be issued to protect them from subpoenas issued to a third-party.

### C. Movants' *Ad Hominem* Attacks Do Not Provide a Basis for the Issuance of a Protective Order

Movants' main argument consists of attacks against Plaintiff and other similarly situated copyright holders. Movants accuse Plaintiff of "misusing the expedited discovery process" to force people into settlement. (ECF No. 31 ¶ 6, 32 ¶ 6.) Movants also accuse Plaintiff of participating in "strong arm" litigation tactics through "harassing telephone calls." (ECF No. 31 ¶ 9, 32 ¶ 9.) Movants do not provide any evidence for these vicious claims. Instead Movants cite to cases where courts have simply raised specific concerns or have admonished different plaintiffs represented by different counsel.

Movants go to great lengths to paint Plaintiff as the offender or perpetrator in this case. Movants should keep in mind that Plaintiff is the victim here. The infringement of Plaintiff's copyrighted works is taking place on a massive scale. Within an hour of posting one of its copyrighted works online, thousands of infringers gain unauthorized access to the work and obtain free copies of it without Plaintiff's permission. The infringement is continuous, on-going, and to great detriment to Plaintiff. In order to remedy the situation Plaintiff is forced to spend large amounts of money hiring forensic investigators and lawyers in order to pursue the relentless infringement of its copyrighted work. This takes time and Plaintiff must wait patiently,

while the infringement continues to occur on a daily basis, and individuals such as Movants attack Plaintiff for attempting to protect its copyrights.

Movants simultaneously argue that Plaintiff cannot identify the true infringer simply from the identifying information associated with the infringing IP address (ECF No. 31 ¶ 7, 32 ¶ 7), and that Plaintiff harasses Internet subscribers by contacting them through a letter or telephone call (ECF No. 31 ¶ 9, 32 ¶ 9). Plaintiff is aware that it cannot identify an infringer simply based on an IP address. That is precisely why Plaintiff contacts the Internet subscribers—it must determine whether or not they are the true infringers. When Plaintiff does so, however, they are accused of harassment or "strong armed" litigation tactics. Movants cannot have it both ways—Plaintiff must be allowed to further inquire into the matter in order to identify the true infringer.

Movants further contradict themselves when they simultaneously argue that "plaintiffs seemingly have no interest in actually litigating the cases" (ECF No. 31 ¶ 9, 32 ¶ 9) and that Movants and others are forced to settle even if they are innocent out of fear of being named in a lawsuit involving adult content material (ECF No. 31 ¶ 8, 32 ¶ 8). Movants arguments that they fear being named and served in this type litigation are unpersuasive when Movants themselves point out that Plaintiff takes great care to name and serve individuals only when it has a good faith basis to do so. Further, Plaintiff is not in the business of naming and serving innocent individuals. Plaintiff's only quarrel is with those who illegally reproduce and distribute its works. Plaintiff simply wants the infringement to end, and this lawsuit is its means for that to happen. Movants' legal contradictions and *ad hominem* attacks do not provide them with a basis for securing a protective order.

## CONCLUSION

The Court should deny Movants' request for protective orders. Only parties or persons from whom discovery is sought may move for a protective order. Movant failed to establish good cause for the issuance of a protective order. Movant's arguments do not provide a basis for granting his motion for a protective order.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 11, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 11, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

                    /s/ Douglas M. McIntyre
                    DOUGLAS M. MCINTYRE