**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

MILLENNIUM TGA, INC.,

      Plaintiff,

v.

JOHN DOE,

      Defendant.

CASE NO. 4:11-cv-4501

Judge: Hon. Vanessa D. Gilmore

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH
AND MOTION FOR PROTECTIVE ORDER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 174.62.172.208 filed, through attorney Wade A. Johnson, a motion to quash Plaintiff's subpoena and a motion for protective order. (ECF No. 33.) In support of his motions Movant argues that he has standing to challenge Plaintiff's subpoena (*id.* at 3-4), that an IP address does not identify the actual infringer (*id.* at 4-6), that the Court lacks personal jurisdiction over him (*id.* at 7-10), and that courts in similar cases have quashed subpoenas or otherwise protected subscribers' personal information (*id.* at 10-11). For the reasons set forth below, Movant's motions should be denied.

**ARGUMENT**

This brief consists of three parts. Part I argues that Movant's motions suffer from fatal procedural defects. Part II argues that Movant's arguments do not provide a basis to quash Plaintiff's subpoena. Part III argues that Movant is not entitled to a protective order.

1

## I.      MOVANT'S MOTIONS SUFFER FROM FATAL PROCEDURAL DEFECTS

Movant's motions suffer from two fatal procedural defects. First, Movant lacks standing to challenge Plaintiff's subpoena in the manner that he does. Second, Movant has brought his motion to quash before the wrong court.

### A.  Movant Lacks Standing to Challenge Plaintiff's Subpoena in the Manner that he Does

Movant lacks standing to bring the arguments he raises to quash Plaintiff's subpoena and to move for a protective order. As to Movant's motion to quash, when a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). All subpoenas issued pursuant to the Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. Movant correctly points out that the exception to this rule is if Movant had brought claimed a personal right or privilege in the information sought in the subpoena. (ECF No. 33 at 4) (citing *Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 U.S. Dist. LEXIS 25400, at *7–8 (D. Md. Feb. 28, 2012)); *see also Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 at *2 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production.") Movant, however, does not further elaborate on this claim and does not make a claim of personal right or privilege anywhere is his motion. (See generally ECF No. 33.) Movant's motion should therefore be denied, as he lacks standing to bring his arguments to quash the subpoena.

As to Movant's motion for a protective order, the plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case as no one has yet been named or served. Further, Movant is not John Doe—the eventual Defendant in this case. (ECF No. 1-1) (listing the IP address associated with John Doe as 64.91.220.134). Nor is Movant a person from whom discovery is sought. Plaintiff sought (ECF No. 2), and was granted (ECF No. 6), discovery from ISPs. As explained above, all subpoenas issued pursuant to the Court's February 9 Order (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

### B.  Movant Has Brought His Motion Before the Wrong Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only 'the issuing court' to quash or modify a subpoena"). Movant's ISP is Comcast Cable Communications, LLC. (ECF No. 33-1 at 2.) The subpoena to Comcast Cable Communications, LLC was issued from the District of Columbia. (*Id.* at 3.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc*., 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to

bring his motion to quash before the court that issued the subpoena, his motion to quash should be denied.

## II.     Movant's Arguments Do Not Provide a Basis to Quash Plaintiff's Subpoena

Even if Movant's motion did not suffer from fatal procedural defects, Movant has not provided a basis to quash Plaintiff's subpoena. Plaintiff needs the information sought in its subpoenas to identify the true infringer. Movant's personal jurisdiction arguments are premature and erroneous. The cases cited by Movant that have quashed subpoenas are distinguishable from the present case.

### A.  Plaintiff Needs the Information Sought in its Subpoena to Identify the True Infringer

Movant argues that an "ISP subscriber that will be identified through his or her purported IP address is not necessarily the individual who engaged in the acts alleged in Plaintiff's complaint. (ECF No. 33 at 5.) Movant is, of course, correct. Determining the identities of the account holders of the IP addresses associated with the infringing activity, however, is an *essential* first step to identifying the actual infringers. Even if the account holders are not the infringers, they are the only persons accessible to Plaintiff that would be able to lead Plaintiff to the true infringer. An informal meet and confer with an account holder is often sufficient to determine whether or not the account holder is the infringer, and, if not, who the actual infringer is. Without this initial identifying information Plaintiff would be unable to identify anyone that infringed on its copyrighted work and would be unable to proceed with its claims in this action. Therefore, the information sought in Plaintiff's subpoenas is highly relevant and the subpoenas should not be quashed.

### B.  Movant's Challenge to Personal Jurisdiction is Premature and Erroneous

Movant argues that "this Court lacks personal jurisdiction over Movant." (ECF No. 33 at 8.) This action has been brought against a single Doe defendant. (ECF No. 1.) A personal jurisdiction analysis is only relevant with respect to actual defendants. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Therefore, Movant's arguments regarding whether or not this Court has personal jurisdiction over him has no relevance to whether or not personal jurisdiction will be proper when the lone defendant is named and served. Indeed, Plaintiff has set forth a *prima facie* case for personal jurisdiction over the actual Defendant in this case—John Doe. (*See* ECF No. 1 ¶ 6) ("This Court has personal jurisdiction because upon information and belief, John Doe either resides in or committed copyright infringement in the State of Texas.") Movants' personal jurisdiction challenges should be rejected.

Further, Movant's challenges to personal jurisdiction are premature at this stage of the litigation, when the Court has limited means to evaluate anyone's specific connections with this forum. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendant is named and served, then *the Defendant* will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also Virgin Records*, 2006 WL 1028956, at *3.

### C. The Cases Cited by Movant is Support of His Movant are Distinguishable From the Present Case

Movant cites to a handful of cases as examples of where "courts have quashed subpoenas or protected a movant's personal information." (ECF No. 33 at 10.) The cases cited by Movant, however, are plainly distinguishable from the present case. The court in *Nu Image, Inc. v. Does 1-3,932* granted a motion to quash for a *party* Doe defendant because the court determined the moving party was outside of the court's jurisdiction. No. 11-cv-545, Doc. No. 244 (M.D. Fla. Feb. 24, 2012). Movant is not a party Doe defendant; only John Doe is. Movant is simply one of John Doe's many joint tortfeasors. A personal jurisdiction analysis of Movant is not applicable in this case. The courts in *Liberty Media Holdings, LLC v. BitTorrent Swarm*, No. 1:11-cv-21525-

KMM, 2011 U.S. Dist. LEXIS 126333, at *4 (S.D. Fla. Nov. 1, 2011); *Hard Drive Prods*, 809 F. Supp. 2d at 1153–54); *On the Cheap, LLC v. Does 1-5001*, No. C10-4472 BZ, 2011 U.S. Dist. LEXIS 99831, at *17 (N.D. Cal. Sept. 6, 2011); *La Face Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008) all granted motions to quash based on misjoinder. Predictably, all of these cases involved multiple defendants. This case involves a single defendant—John Doe. (ECF No. 1.) It is axiomatic to say that a single defendant cannot be misjoined with himself. The cases cited by Movant are not applicable here, because joinder is not an issue in this case (and was not even raised by Movant).

### III.    MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). As explained above, Movant is not subject to Plaintiff's subpoenas. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

Movant cannot claim his identity should remain private when the infringing activities themselves are not private: *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so.") *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants'

rights to anonymity to be minimal). The Court should deny a protective order because Movant is not subject to Plaintiff's subpoenas and Movant's privacy interests are minimal.

## CONCLUSION

The Court should deny Movant's motions. Movant's motions suffer from fatal procedural defects. Movant's arguments do not provide a basis to quash Plaintiff's subpoena. Movant is not entitled to a protective order.

<br>

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 11, 2012

By:      **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 11, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

/s/ Douglas M. McIntyre\_\_\_\_\_
DOUGLAS M. MCINTYRE
