IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| | Judge: Hon. Vanessa D. Gilmore |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO
QUASH OR VACATE SUBPOENA**

An anonymous individual ("Movant") filed, through attorney Everett O. Martindale, a motion to quash or modify Plaintiff's subpoena. (ECF No. 35.) In support of his motions Movant argues that "Plaintiff is guilty of forum shopping," "John Doe resides in the State of Arkansas," the "Order upholding the subpoena in the Southern District of Texas . . . will be overturned," and "John Doe has not engaged in any activity as alleged in Plaintiff's Complaint." (*Id.* at 1.) Movant provides no further support for any of these conclusory statements. (*Id.*) For the reasons set forth below, Movant's motions must denied.

**ARGUMENT**

Movant's unsupported statements do not provide a basis to quash Plaintiff's subpoena. The exhaustive list of permissible grounds for quashing or modifying a subpoena is set forth in Rule 45. *See* Fed. R. Civ. P. 45(c)(3); *see also Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 at *2 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal

1

right or privilege in the requested production."). Movant's accusations of forum shopping and predictions that an order will be overturned are not found in Rule 45 and do not serve as a basis to quash Plaintiff's subpoena. Fed. R. Civ. P. 45(c)(3).

Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction.").

Finally, a general denial of liability is not a basis for quashing Plaintiff's subpoena. *First Time Videos, LLC v. Does 1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit.").

## CONCLUSION

Because none of the arguments raised by Movant can be found in Rule 45, his motion should be denied.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 11, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

2

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 11, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

                                                      /s/ Douglas M. McIntyre
                                                      DOUGLAS M. MCINTYRE