IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | CASE NO. 4:11-cv-4501 <br><br> Judge: Hon. Vanessa D. Gilmore |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH/SEVER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 75.135.25.178 filed, through attorney Jennifer M. Tomka, a motion to quash Plaintiff's subpoena and sever the Defendant(s) from the case. (ECF No. 38.) In support of the relief sought Movant argues that the Court lacks personal jurisdiction over Movant (*id.* ¶¶ 17-23), and that the Defendant has been improperly joined in this case (*id.* ¶¶ 24-27). For the reasons set forth below, Movant's motion must be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion should be denied because it suffers from two fatal procedural defects. Part II argues that Movant's substantive arguments are premature and erroneous.

**I.    MOVANT'S MOTION SHOULD BE DENIED BECAUSE IT SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. First, Movant has brought her motion before the wrong court. Second, Movant lacks standing to bring the arguments she raises.

1

### A. Movant's Motion is Not Before the Proper Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added) *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."); *First Time Videos, LLC v. Does 1-114*, No. 11-3041 (S.D. Tex. Jan. 18, 2012), ECF No. 21 at *2 (Denying a motion to quash because "the 'issuing court' may quash or modify a subpoena, and . . . the subpoena was not issued by this Court . . ."). Movant's ISP is Comcast Cable Communications LLC. (ECF No. 1-2.) The subpoena to Comcast Cable Communications LLC was issued from the District of Columbia. (*See* Comcast Subpoena, attached hereto as Exhibit A.) Because Movant failed to bring her motion before the court that issued the subpoena, her motion must be denied.

### B. Movant Lacks Standing to Bring the Arguments She Raises

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 at *2 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production.") All subpoenas issued pursuant to the

Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. Movant did not make a claim of personal right of privilege anywhere in her motion. (*See generally* ECF No. 38.)

Movant argues that she can make a special appearance to challenge Plaintiff's subpoena under the Texas Rules of Civil Procedure. (ECF No. 38 ¶ 9.) Leaving aside the fact that this Court is a United States District Court and not a Texas State Court, the Rules state that "a special appearance may be made by any *party* . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the *defendant* on the ground that such party or property is not amenable to process by the courts of this State." Tex. R. Civ. P. 120a. (emphasis added). Movant is not a party to this case, nor is she defendant John Doe. (*See* ECF No. 1-1) (stating that John Doe is associated with IP address 64.91.220.134). Movant is merely a third party who is on notice of his potential status as a party defendant. She, therefore, cannot make a special appearance under the Texas Rules of Civil Procedure. Movant argues that because her identifying information is being sought she is a "de-facto defendant." (ECF No. 38 ¶ 10.) Courts agree that unserved individuals are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (holding that unserved individuals "were not yet parties"). Movant's motion must therefore be denied, as she lacks standing to bring any of the arguments she raises in favor of quashing or modifying the subpoena.

II. **MOVANT'S SUBSTANTIVE ARGUMENTS ARE PREMATURE AND ERRONEOUS**

Even if Movant's motion did not suffer from fatal procedural defects her motion should be denied. Movant's personal jurisdiction arguments are premature. Movant's misjoinder arguments are erroneous because Plaintiff has brought this action against a single Defendant.

### A. Movant's Challenge to Personal Jurisdiction is Premature

Movant argues that this Court lacks personal jurisdiction over her. (ECF No. 38 ¶¶ 17-23.) Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. Plaintiff stated that it "may elect, after learning additional

facts, to seek leave of the Court to amend [its] complaint to include John Doe's co-conspirators as defendants in this action . . . ." (ECF No. 1 ¶ 38.) If Plaintiff were to add Movant, that would be the proper time to file appropriate motions challenging this Court's jurisdiction and that would be the appropriate time for the resolution of this issue. *Call of the Wild*, 770 F.Supp.2d at 347; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

Movant's personal jurisdiction argument is further premature because this action has been brought against a single Doe defendant. (ECF No. 1.) A personal jurisdiction analysis is only relevant with respect to the lone defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Movant is not John Doe. (*See* ECF No. 1-1.) Therefore, Movant's arguments regarding whether or not this Court has personal jurisdiction over her or any of John Doe's other joint tortfeasors has no relevance to whether or not personal jurisdiction will be proper once the lone defendant is named and served. Indeed, Movant concedes that John Doe "likely does meet the requirements for personal jurisdiction of this Court." (ECF No. 38 ¶ 11.) Plaintiff has met the requirements of personal jurisdiction and Movant's challenges should be rejected.

### B. Movant's Misjoinder Arguments are Erroneous Because this Action Involves a Single Defendant

Movant argues that Plaintiff has misjoined Defendant's joint tortfeasors in this case. (ECF No. 38 ¶¶ 24-27.) Plaintiff, however, has only brought this action against a *single* defendant—John Doe—and has not joined any joint tortfeasors at this stage of the litigation. (ECF No. 1.) It is axiomatic to say that a single defendant cannot be misjoined with himself. The cases cited by Movants that found misjoinder are not applicable to the present case, because they were all brought against multiple defendants, making joinder an actual issue in those cases. (ECF No. 38 ¶¶ 25, 27.) While severance was a plausible remedy in those cases, there are no parties

5

that can be severed from John Doe in this case. Movant's request for severance, therefore, cannot be granted.

Further, the majority of courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *Pacific Century International, LTD., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012), ECF No. 11 at *1-2 ("an inquiry on severance at this stage in the litigation is premature as the putative Doe defendants have not yet been identified or joined as parties to this suit."); *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.").

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from two procedural defects. Movant has brought her motion before the wrong court. Movant lacks standing to bring the arguments she raises. Movant's substantive arguments are premature and erroneous. Movant's personal jurisdiction arguments are premature. Movant's misjoinder arguments are erroneous because Plaintiff has brought this action against a single Defendant.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 11, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 11, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

      /s/ Douglas M. McIntyre
      DOUGLAS M. MCINTYRE