IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | CASE NO. 4:11-cv-4501 <br><br> Judge: Hon. Vanessa D. Gilmore |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH/SEVER/DISMISS
AND/OR ISSUE A PROTECTIVE ORDER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 24.9.185.46 filed a motion to quash Plaintiff's subpoena, sever the Defendant(s) from the case, dismiss the case, and for the issuance of a protective order. (ECF No. 41.) In support of his motion Movant argues that the Court lacks personal jurisdiction over Movant (*id.* ¶¶ 17-21), and that the Defendant has been improperly joined in this case (*id.* ¶¶ 24-32). For the reasons set forth below, Movant's motion must be denied.

### ARGUMENT

This brief consists of three parts. Part I argues that Movant's motion should be denied because it suffers from two fatal procedural defects. Part II argues that Movant's substantive arguments are premature and erroneous. Part III argues that Movant is not entitled to a protective order.

1

**I.     MOVANT'S MOTION SHOULD BE DENIED BECAUSE IT SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. First, Movant has brought his motion before the wrong court. Second, Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises, to dismiss and case, and to move for a protective order.

**A.  Movant's Motion is Not Before the Proper Court**

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added) *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."); *First Time Videos, LLC v. Does 1-114*, No. 11-3041 (S.D. Tex. Jan. 18, 2012), ECF No. 21 at *2 (Denying a motion to quash because "the 'issuing court' may quash or modify a subpoena, and . . . the subpoena was not issued by this Court . . ."). Movant's ISP is Comcast Cable Communications LLC. (ECF No. 41 at 1.) The subpoena to Comcast Cable Communications LLC was issued from the District of Columbia. (*See* Comcast Subpoena, attached hereto as Exhibit A.) Because Movant failed to bring his motion before the court that issued the subpoena, his motion must be denied.

**B.  Movant Lacks Standing to Quash the Subpoena, Dismiss the Case, or Move for a Protective Order**

Movant lacks standing to move to quash Plaintiff's subpoena, move to dismiss the case, or to move for a protective order. In regards to Movant's request to quash Plaintiff's subpoena, when a subpoena is directed to a nonparty, any motion to quash or modify the subpoena

generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule is a claim of privilege. *Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 at *2 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production.") All subpoenas issued pursuant to the Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 41.) Movant's motion must therefore be denied, as he lacks standing to bring any of the arguments he raises in favor of quashing or modifying the subpoena.

In regards to Movant's request that the case be dismissed, because Movant is not a party to this action he does not have standing to move for dismissal of the case. *See* Fed. R. Civ. P. 12(b) ("a *party* may assert the following defenses . . .") (emphasis added); *see also Sunlust Pictures, LLC v. John Doe*, No. 12-00656 (D. Colo. May 16, 2012), ECF No. 18 ("At this juncture [the movant] is not a party to this action, and therefore does not have standing to seek to have this action dismissed."). If Movant is ultimately named in this lawsuit, he would then have standing to move to dismiss it. *Voltage Pictures, LLC v. Does 1-5,000*, No. 10-0873, 2011 WL 1807438 at *9 (D.D.C. May 12, 2011) ("If and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal.") Until that time, however, dismissal is premature. *Id.*; *see also*

*Pacific Century International, LTD., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012), ECF No. 11 at *1-2 ("the motion to dismiss for improper joinder should be denied because severance, not dismissal, is the proper remedy for misjoinder, and an inquiry on severance at this stage in the litigation is premature as the putative Doe defendants have not yet been identified or joined as parties to this suit.")

Finally, in regards to Movant's motion for a protective order the plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case as no one has yet been named or served. Further, Movant is not John Doe—the eventual Defendant in this case. (ECF No. 41 at 1 n 1) Nor is Movant a person from whom discovery is sought. Plaintiff sought (ECF No. 2), and was granted (ECF No. 6), discovery from ISPs. All subpoenas issued pursuant to the Court's February 9 Order (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

## II.     MOVANT'S SUBSTANTIVE ARGUMENTS ARE PREMATURE AND ERRONEOUS

Even if Movant's motion did not suffer from fatal procedural defects his motion should be denied. Movant's personal jurisdiction arguments are premature. Movant's misjoinder arguments are erroneous because Plaintiff has brought this action against a single Defendant.

### A.  Movant's Challenge to Personal Jurisdiction is Premature

Movant argues that this Court lacks personal jurisdiction over him. (ECF No. 41 ¶¶ 17-23.) Movant's personal jurisdiction argument is premature because this action has been brought against a single Doe defendant. (ECF No. 1.) A personal jurisdiction analysis is only relevant with respect to the lone defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316

4

(1945). Movant is not John Doe. (*See* ECF No. 1-1.) Therefore, Movant's arguments regarding whether or not this Court has personal jurisdiction over his or any of John Doe's other joint tortfeasors has no relevance to whether or not personal jurisdiction will be proper once the lone defendant is named and served.

Challenges to personal jurisdiction by anyone claiming to be John Doe or by anyone claiming to be one of John Doe's joint tortfeasors are both equally premature, because the Court has limited means to evaluate their specific connections with this forum. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

Only once they have been named and served can a court cannot properly assess their contacts with a forum. *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction

exists over a particular defendant until the defendant has been identified."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. Plaintiff stated that it "may elect, after learning additional facts, to seek leave of the Court to amend [its] complaint to include John Doe's co-conspirators as defendants in this action . . . ." (ECF No. 1 ¶ 38.) If Plaintiff were to add Movant, that would be the proper time to file appropriate motions challenging this Court's jurisdiction and that would be the appropriate time for the resolution of this issue. *Call of the Wild*, 770 F.Supp.2d at 347; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

### B. Movant's Misjoinder Arguments are Erroneous Because this Action Involves a Single Defendant

Movant argues that Plaintiff has misjoined Defendant's joint tortfeasors in this case. (ECF No. 41 ¶¶ 24-32.) Plaintiff, however, has only brought this action against a *single* defendant—John Doe—and has not joined any joint tortfeasors at this stage of the litigation. (ECF No. 1.) It is axiomatic to say that a single defendant cannot be misjoined with himself. The cases cited by Movants that found misjoinder are not applicable to the present case, because they were all brought against multiple defendants, making joinder an actual issue in those cases. (ECF No. 41 ¶¶ 25, 27-29.) While severance was a plausible remedy in those cases, there are no parties that can be severed from John Doe in this case. Movant's request for severance, therefore, cannot be granted.

Further, the majority of courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *Pacific Century International, LTD., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012), ECF No. 11 at *1-2 ("an inquiry on severance at this stage in the litigation is premature as the putative Doe

defendants have not yet been identified or joined as parties to this suit."); *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.").

### III.   MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant requests a protective order. (ECF No. 41 at 1.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). As explained above, Movant is not subject to Plaintiff's subpoenas. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

Movant cannot cloak his identity when the infringing activities themselves are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2,

2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal). The Court should not issue a protective order because Movant is not subject to Plaintiff's subpoenas and Movant's privacy interests are minimal.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from fatal procedural defects. Movant's substantive arguments are premature and erroneous. Movant is not entitled to a protective order.

DATED: June 11, 2012

Respectfully submitted,

MILLENNIUM TGA, INC.

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 11, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

      /s/ Douglas M. McIntyre
      DOUGLAS M. MCINTYRE