MOTION for 1:12-mc-00150 (District of Columbia) and 4:11-cv-04501 (Southern District of Texas)

June 5, 2012

**MILLENIUM TGA, INC**
**Plaintiff**

v.

**JOHN DOE**
**Defendant**

United States Court
Southern District of Texas
FILED

JUN 11 2012

David J. Bradley, Clerk of Court

Docket No: 1:12-mc-00150 (United States District Court for the District of Columbia)
Docket No: 4:11-cv-04501 (United States District Court for the Southern District of Texas)

## MOTION TO QUASH, VACATE OR MODIFY SUBPOENA

I received a letter from my Comcast ISP (Internet Service Provider) regarding an Order and Subpoena from the court. Having no knowledge of the accusation, and clearly being out of the jurisdiction of both courts in question (I'm located in NJ, and the cases are in TX and DC) I chose to perform some research on the Internet and came across multiple pieces of information regarding the plaintiff and, what appears to be, their improper use of the judicial system and most ethically challenged methods.

I respectfully ask the courts to accept this motion anonymously, and I sincerely hope the courts will excuse my laymen's verbiage. As I will outline below, the choice to file anonymously and pro-se is to alleviate any immediate and future burden, both financial, and having to go through intimidation by the plaintiff (I can't afford an attorney, and I wish not be harassed in the manners plaintiff engages after release of my private information).

### INTRODUCTION

Prenda Law (and previously Steele Hansmeier and others) have in the past few years engaged in a tactic to discover potential copyright infringers by filing discovery requests with courts from CA to FL to TX to DC. These lawsuits are simply used to obtain orders to be served on ISPs, so that ISPs release the private information of their customers. Once customer information is released, Plaintiff sends demand letters to these individuals asking to them to pay upwards of $3000 to avoid being sued, followed up with persistent, insinuating phone calls (that border harassment and extortion). The hope is that they can pressure these individuals into paying the "ransom" to avoid being named in a lawsuit, despite plaintiff having no intention to file suit (even dropping the discovery if they get assigned to judges that are aware of their schemes, then going as far as refiling the nearly identical request in the hopes of getting a different judge).

MOTION for 1:12-mc-00150 (District of Columbia) and 4:11-cv-04501 (Southern District of Texas)

Of the thousands of these requests bogging up the court systems in various states, and of the hundreds of thousands of defendants and now co-conspirator Does, only a handful have actually been sued for copyright infringement. And of the ones I'm aware, Plaintiff has lost or dropped the case. The actually lawsuits are designed to be "token" gestures, and the mass filings and joinder of defendants and co-conspirators is simple a way to avoid court costs. The savings for Plaintiff are enormous: instead of paying around $300 per defendant, Plaintiff joins sometimes 1000 or more defendants (sometimes from nearly all states of the union) into one case, avoiding around $300,000 in up-front cost.

Below are references and excerpts to more detailed descriptions of these tactics, and some orders and commentary from judges, in FL, NY, DC and other states that have realized the scheme the Plaintiffs are running. Some judges have also ruled on the merits of the Plaintiff's argument and realize that an IP address does not represent an individual. I hope it can aid the courts in making the right decision, and denying these ethically challenged attorneys their "fish" on these "fishing expeditions".

The court is not willing to assist a troll in extrajudicial business – says the judge
http://www.scribd.com/doc/88220169

Two Florida judges reject copyright troll fishing expeditions
http://arstechnica.com/tech-policy/2012/03/two-florida-judges-reject-copyright-troll-fishing-expeditions/

IP-Address Is Not a Person, BitTorrent Case Judge Says
http://torrentfreak.com/ip-address-not-a-person-bittorrent-case-judge-says-110503/
http://www.scribd.com/doc/54508329

Judge: An IP-Address Doesn't Identify a Person (or BitTorrent Pirate)
http://torrentfreak.com/judge-an-ip-address-doesnt-identify-a-person-120503/
http://www.scribd.com/doc/92215098

Overview of Plaintiffs' phone call tactics:
http://arstechnica.com/tech-policy/2011/04/settle-up-voicemails-show-p2p-porn-law-firms-in-action/

**ARGUMENT**

1. **Improper joinder**

The Plaintiff's joinder of nearly 1000 defendants (while the case is filed as one Doe defendant with co-conspirators, this is simply a change in tactic to try to avoid the joinder problem) in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country.

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet

MOTION for 1:12-mc-00150 (District of Columbia) and 4:11-cv-04501 (Southern District of Texas)

to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multi-source/swarming downloads since 2002.

Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

## 2. Subpoena places undue burden on defendants

Given the blatant misuse of the judicial system, and the rampant harassment that ensues following the release of subscriber information, the release of private contact information poses undue burden on all John Does and "co-conspirators". I ask the court to reject such misuse of contact information until the merits of the case are validated, or at least proper filing (joinder etc.) is determined.

Furthermore, the order that the ISP release all subscribers' information that have NOT filed a motion to quash or vacate by the given deadline, can further burden the subscribers that did file a motion. Given the track record (see examples above) for the plaintiff and its attorneys, their goal is to harass as much as possible those that oppose their rampant scheme, and any later disclosure of information can identify those. That is, if 5 out of 1000 customers are not released because they filed motions, but are later released, those 5 can be specifically identified and singled out by Plaintiff. Therefore, the last paragraph of the DC order places undue burden on any John Doe later identified to be attempting to fight the plaintiff's will, as it can be used to single out specific Does that are not willing to bend to plaintiff's wishes.

## 3. Courts do not have jurisdiction over all Does

While Plaintiff has clearly spent a lot of time identifying IP address, related ISPs, filing the suit, and serving ISPs, they have failed to perform a rudimentary search to identify where those alleged infringing IP address are located. IP location services are freely and widely available on the Internet (http://www.iplocation.net/index.php) that can quickly identify the state in which an IP address is originated. Plaintiff has not performed this rudimentary search because Plaintiff has no intention to actually file suit against all these Does, but is simply trying to discover information for their extortion scheme, regardless of whether the court has jurisdiction over Doe or not.

MOTION for 1:12-mc-00150 (District of Columbia) and 4:11-cv-04501 (Southern District of Texas)

### 4. Plaintiff's argument has been rejected

Plaintiff's arguments that an IP address identifies an infringing person has been rejected by more than one court (see NY, and IL examples above). However, Plaintiff does not wish to test this theory in all courts, and is simply looking for venues where judges are not yet aware of the true purpose of these lawsuits, so it can continue it's profitable demand letter scheme. It is simply trying to "discover" the private information of as many defendants and co-conspirator as it can. Even a small percentage of 1000 Does paying $3000 can become a hefty reason to continue the misuse of the legal system.

### CLOSING

I am filing this motion to quash/vacate the order of not only one John Doe (myself) by all John Does and co-conspirators as a relief of burden, improper joinder, no jurisdiction, and to inform the courts of the these unfortunate and troublesome method by unscrupulous attorneys.

I am asking the subpoena be quashed or vacated, and/or be modified to sever the co-conspirators. I also specifically ask that the release of Doe information (as a whole not individually) be limited until merits of the case are determined or this motion is ruled on.

Sincerely,

*John Doe* (signature)

John Doe and/or Co-conspirators, Pro Se
E-mail: johndoe04501@hushmail.com
Fax: 224-585-1683


cc:
Comcast w/delivery confirmation:
Prenda Law w/delivery confirmation: *See attached*
USDC Texas w/delivery confirmation:
USDC D.C. w/delivery confirmation:

Motion and copies with delivery confirmations sent to:

US District Court Clerk
515 Rusk St, Room 1217
Houston, TX 77002
0310 0480 0000 7439 7613

US District Court Clerk
333 Constitution Ave, NW, Room 1225
Washington, DC 20001.
0310 0480 0000 7439 7620

Prenda Law
2100 M St NW, Suite 170-417
Washington DC 20037-1233
0310 0480 0000 7439 7637

Comcast NE&TO
650 Centerton Rd
Moorestown, NJ 08057
0310 0480 0000 7439 7644





From: 515 Rusk St
Houston, TX 77002

To: US District Court Clerk
515 Rusk St, Room 1217
Houston, TX 77002