**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

MILLENNIUM TGA, INC.,

       Plaintiff,

v.

JOHN DOE,

       Defendant.

CASE NO. 4:11-cv-4501

Judge: Hon. Vanessa D. Gilmore

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA**

       An anonymous individual ("Movant") filed a motion to quash or modify a subpoena issued to his Internet service provider ("ISP"). (ECF No. 51.) Movant argues that Plaintiff has improperly joined the Defendant(s) in this case. (Id.) Because Movant is not the recipient of the subpoena and because there is only a single defendant in this case, Movant's motion must be denied.

**ARGUMENT**

       This brief consists of two parts. Part I argues that Movant lacks standing to bring the arguments he raises because he is not the recipient of the subpoena. Part II argues that Movant's misjoinder arguments are erroneous because this action only involves a single defendant.

**I.    MOVANT LACKS STANDING TO BRING THE ARGUMENTS HE RAISES BECAUSE HE IS NOT THE RECIPIENT OF THE SUBPOENA**

       Movant lacks standing to bring the arguments he raises because he is not the recipient of the subpoena. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM*

1

*Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."); *see also* 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (2d ed. 1994). The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant. A party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

An exception to these rules would allow Movant to challenge the subpoena under specific circumstances. *Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production."); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii) (a motion to quash may be brought if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies."). Movant, however, did not make a claim of personal right or privilege anywhere in his motion. (*See generally* ECF No. 51.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

## II.  MOVANT'S MISJOINDER ARGUMENTS ARE ERRONEOUS BECAUSE THIS ACTION ONLY INVOLVES A SINGLE DEFENDANT

Movant argues at length that Plaintiff has improperly joined multiple defendants in this action.[1] (ECF No. 51 at 1-6.) Plaintiff, however, has only brought this action against a *single* defendant—John Doe. (ECF No. 1.) Movant's request that "the Court should sever the defendants and 'drop' Does 1-351, from the case" (ECF No. 51 at 6) is not fitting because the original John Doe is the only defendant in the case and there are no other defendants to sever or drop. It seems axiomatic to say that a single defendant cannot be misjoined with himself. Movant's misjoinder arguments are, therefore, moot. Plaintiff stated that it "may elect, after learning additional facts, to seek leave of the Court to amend [its] complaint to include John Doe's co-conspirators as defendants in this action . . . ." (ECF No. 1 ¶ 38.) If Plaintiff were to add Movant, that would be the proper time to file appropriate motions challenging joinder of him. Until that time, however, Movant's joinder arguments are premature.

The cases cited by Movant in support of his misjoinder argument are not applicable to the present case. The decisions in *BMG Music v. Does 1-203*, No. 04-650, 2004 WL 953888 at *1 (E.D. Pa. Apr. 2, 2004), *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal. 2006), *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), the General Order, *In re Cases Filed by Recording Companies*, and *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. 04-04862 (N.D. Cal. Nov. 16, 2004), all cited by Movant (ECF No. 51 at 3-5), involve different file transfer protocols, different pleadings and different procedural contexts, and multiple defendants. Indeed, the plaintiffs in those cases did not allege

---

[1] Specifically, Movant argues that "Plaintiff has improperly joined 351 individual defendants . . ." (ECF No. 51 at 3.) Plaintiff does not know how Movant arrived at this number as there is one Defendant and 938 joint tortfeasors. (ECF Nos. 1-1; 1-2.)

any collaboration among the defendants, much less infringement of the *same copyrighted work*. For example, in *Interscope Records*, Doe #1 was alleged to have infringed on recordings by Bonnie Raitt, En Vogue, Usher, Celine Dion, Dr. Dre, Johnny Kemp, Whitney Houston, and Trick Daddy, while Doe #2 was alleged to have infringed on recordings by Outkast, Cypress Hill, Radiohead, DMX, Nirvana, Chris Isaak, Lenny Kravitz, and Aqua—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, No. 04-00197, ECF No. 1 (alleging only that the defendants committed violations of the same law by the same means.). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*. This stands in stark contrast to Plaintiff's pleading that involve a *single* copyright work, belonging to a *single* Plaintiff, and involve a *single* defendant. (ECF No. 1.)

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to bring the arguments he raises because he is not the recipient of the subpoena. Movant's misjoinder arguments are moot because this action only involves a single defendant.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 25, 2012

By:     **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 25, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

/s/ Douglas M. McIntyre
DOUGLAS M. MCINTYRE