IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| | Judge: Hon. Vanessa D. Gilmore |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH, VACATE
OR MODIFY SUBPOENA**

An anonymous individual ("Movant") filed a motion to quash, vacate or modify the subpoena issued to Comcast Cable Communications LLC ("Comcast"). (ECF No. 57.) Movant "chose to perform some research on the Internet" and learned that people do not like to be involved in federal litigation and those people willing to attack whoever brings such litigation. (*Id.*) Movant makes four arguments in support of his motion: 1) that Plaintiff improperly joined the Defendant(s) in this case; 2) that the subpoena places an undue burden on Defendant(s); 3) the Court does not have jurisdiction over the Defendant(s); and 4) Plaintiff's argument has been rejected. (*Id.* at 2-4.) For the reasons set forth below, Movant's motion should be denied.

**ARGUMENT**

This brief consists of three parts. Part I argues that Movant's motion suffers from fatal procedural defects. Part II argues that Movant's motion should be denied on the substance of his arguments. Part III argues that Movant's *ad hominem* attacks do not provide a basis to quash Plaintiff's subpoena.

1

I.      **MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from three procedural defects. First, Movant lacks standing to bring the arguments he raises to quash the subpoena. Second, Movant has brought his motion before the wrong court. Third, Movant's motion fails to comply with Federal Rule of Civil Procedure 11.

### A. Movant Lacks Standing to Bring the Arguments He Raises to Quash the Subpoena

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Pacific Century International, LTD. v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production."). All subpoenas issued pursuant to the Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 57.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash, vacate or modify the subpoena.

### B. Movant Has Brought His Motion Before the Wrong Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added); *see also First Time Videos, LLC v. Does 1-114*,

2

No. 11-3041 (S.D. Tex. Jan. 18, 2012), ECF No. 21 at *2 (Denying a motion to quash because only "the 'issuing court' may quash or modify a subpoena, and . . . the subpoena was not issued by this Court . . ."); *Pacific Century International, LTD., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012), ECF No. 11 at *1 ("Having considered the motions, submissions, and applicable law, the Court determines the motions to quash should be denied because this Court did not issue the challenged subpoenas."). Movant's ISP is Comcast. (ECF No. 57 at 1.) The subpoena to Comcast was issued from the District of Columbia. (*See* Comcast Subpoena, attached hereto as Exhibit A.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

    **C. Movant's Motion Fails to Comply with Federal Rule of Civil Procedure 11**

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). Movant fails to provide a name, address, telephone number, IP address, or even a copy of any legal documents (such as the subpoena) he has received in this case. (*See generally* ECF No. 57.) The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be

informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") This is especially true here as Movant has launched several *ad hominem* attacks against Plaintiff and cannot face any consequences for what he has stated due to his anonymity. Courts have routinely denied motions for failing to comply with this essential rule. *See e.g.*, *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). This Court should do the same and deny Movant's motion for failure to comply with this rule.

## II.  MOVANT'S MOTION SHOULD BE DENIED ON THE SUBSTANCE OF ITS ARGUMENTS

Even if Movant's motion did not suffer from fatal procedural defects, his motion should be denied on the substance of his arguments. Movant's misjoinder argument is erroneous because this action involves a single defendant. Movant cannot credibly claim that the subpoena issued to Comcast unduly burden the Defendant. Movant's challenge to personal jurisdiction is erroneous and premature.

### A.  Movant's Misjoinder Argument is Erroneous Because this Action Involves a Single Defendant

Movant argues that "Plaintiff's joinder of nearly 1000 defendants . . . in this single action is improper." (ECF No. 57 at 2.) Plaintiff, however, has only brought this action against a *single* defendant—John Doe—and has not joined any joint tortfeasors at this stage of the litigation. (ECF No. 1.) It is axiomatic to say that a single defendant cannot be misjoined with himself. Movant further states that "while the case is filed as one Doe defendant with co-conspirators, this

is simply a change in tactic to try to avoid the joinder problem." (ECF No. 57 at 2.) Movant is correct in stating that bringing a claim against a single defendant would avoid joinder problems. This "tactic," however, prevents Plaintiff from pursuing its claims against any of the Doe Defendant's joint tortfeasors in this case at this time. For Movant to claim that Plaintiff is bringing its suit in this way to avoid compliance with Federal Rules is inaccurate. If the joint tortfeasors were to be joined at any stage of the litigation, then joinder would then become an issue in the case and could then be challenged.

Finally, the Court cannot possibly grant Movant the relief he seeks. The sole remedy for misjoinder is severance of the parties, and there are no defendants that can be severed from the case without dismissing the case itself. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also *Pacific Century International, LTD., v. Does 1-37*, No. 11-4430 (S.D. Tex. Mar. 27, 2012), ECF No. 11 at *1-2 ("the motion to dismiss for improper joinder should be denied because severance, not dismissal, is the proper remedy for misjoinder . . . ."); *Arista Records LLC v. Does 1-19*, 551 F.Supp.2d 1, 11 (D.D.C. 2008) ("the Court notes that the remedy for improper joinder is severance and not dismissal . . . ."). Movant's misjoinder arguments are premature and erroneous.

    **B. Movant Cannot Credibly Claim that Comcast's Compliance with the Subpoena Would Unduly Burden the Defendant**

Movant claims that the subpoena should be quashed because the subpoena subjects the defendant to an undue burden. (ECF No. 57 at 3.) The Defendant (nor Movant), however, is not the recipient of Plaintiff's subpoena. The Defendant faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any

hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011); *see also Hard Drive Productions, Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 ("being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed."). Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim Defendant would suffer any hardship at this juncture; only the nonparty ISPs subject to Plaintiff's subpoena could potentially claim the same.

## C.  Movant's Challenge to Personal Jurisdiction is Erroneous and Premature

Movant argues that this Court lacks personal jurisdiction over the Does. (ECF No. 57 at 3.) Once again, however, this action has been brought against a single Doe defendant. (ECF No. 1.) A personal jurisdiction analysis is only relevant with respect to the lone defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Therefore, Movant's arguments regarding whether or not this Court has personal jurisdiction over him or any of John Doe's joint tortfeasors has no relevance to whether or not personal jurisdiction will be proper once the lone Defendant is named and served. Further, Plaintiff has alleged, and Movant does not challenge, that this Court has personal jurisdiction over the Defendant. (ECF No. 1 ¶ 6) ("This Court has personal jurisdiction because upon information and belief, John Doe either resides in or committed copyright infringement in the State of Texas.") Plaintiff has met the requirements of personal jurisdiction and Movant's challenges should be rejected.

### III. MOVANT'S *AD HOMINEM* ATTACKS DO NOT PROVIDE A BASIS TO QUASH PLAINTIFF'S SUBPOENA

Movant explains that he "chose to perform some research on the Internet and came across multiple pieces of information regarding the plaintiff, and what appears to be, their improper use of the judicial system and most ethically challenged methods." (ECF No. 57 at 1.) Based on this Internet research, Movant determined that Plaintiff harasses and extorts Internet service providers' customers into paying "ransoms" of thousands of dollars. (*Id.*) Movant also refers to Plaintiff as a "copyright troll" and Plaintiff's lawsuit as a "fishing expedition." (*Id.* at 2.) Movant has discovered that individuals that have been sued by Plaintiff and other similarly situated copyright holders dislike Plaintiff and the other copyright holders. As a result, they have created websites for the sole purpose of attacking Plaintiff and other similar copyright holders. Over the past several years Plaintiff and other copyright holders have begun to crack down on the rampant infringement of their copyrighted works over the Internet. Thousands of individuals have been caught infringing Plaintiff's and other copyright holders' works over the BitTorrent protocol. Many of these individuals preferred it when copyright holders were unable, or unwilling, to enforce their copyrights over the Internet and believe they should not have to face the consequences of their infringing actions. They fight tooth and nail to avoid liability and this includes attacking Plaintiff and other copyright holders through their websites. Much of what is stated on these websites is inaccurate or taken out of context.

Often these attacks permeate into actual legal pleadings in an attempt to draw courts' attention away from meritless legal arguments through character attacks. Movant provides no evidence of his baseless claims. The truth of the matter is that Plaintiff does not engage in any abusive or deceptive legal tactics and it does not harass or extort money from people. While Movant refers Plaintiff as a "copyright troll," Plaintiff is simply attempting to put an end to the

widespread and continuous infringement of its works. If Movant's claims had any sort of merit, Plaintiff and Plaintiff's counsel would have been thrown out of the legal system long ago. The Court should not let Movant's attacks have any bearing on the actual legal merits of this case.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from fatal procedural defects. Movant's motion should be denied on the substance of his arguments. Movant's *ad hominem* attacks to not provide a basis to quash Plaintiff's subpoena.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: June 25, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

/s/ Douglas M. McIntyre
DOUGLAS M. MCINTYRE