IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILLENNIUM TGA, INC.,<br>*Plaintiff*,<br><br>vs.<br><br>JOHN DOE,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:11-cv-4501<br><br>[related to Miscellaneous Action pending in the U.S. District Court for the District of Columbia, No. 1:12-mc-00150-RLW] |

**NON-PARTY COMCAST'S REPLY TO PLAINTIFF'S RESPONSE TO NOTICE OF DECISION IN RELATED CASE PENDING IN THE DISTRICT OF COLUMBIA**

Non-Party Comcast Cable Communications, LLC ("Comcast") respectfully submits this Reply to the Response filed by Plaintiff Millennium TGA, Inc. ("Plaintiff") (Dkt. 80) to Comcast's Notice (Dkt. 78) of a decision in a related proceeding in the United States District Court for the District of Columbia—*Millennium TGA v. Comcast*, No. 1:12-mc-00150-RLW, 2012 WL 2371426 (D.D.C. 2012) ("*Millennium TGA III*"). True and correct copies of the Memorandum Opinion and Order were attached as Exhibit A to Comcast's Notice (Dkt. 78-1).

1. In its Response, Plaintiff does not dispute that the D.C. Court in *Millennium TGA III* rejected Plaintiff's subpoena for the personally identifying information of Comcast's subscribers who were alleged to be "co-conspirators" with the single Doe defendant in this proceeding. As set out in Comcast's Notice, the D.C. Court quashed the subpoena and ordered that Comcast provide only the city and state of residence of each subscriber so those subscribers could be named and discovered in the districts where they reside.

2. Plaintiff, however, mischaracterizes the remainder of the D.C. Court's ruling by selectively quoting only part of a full sentence from the *Millennium TGA III* decision. Comcast files this Reply to clarify the D.C. Court's ruling and highlight the portions of the *Millennium III* decision that were omitted by Plaintiff.

1

3. Plaintiff suggests—through its selective and fragmented quotation of the *Millennium TGA III* decision—that it could "simply reissue" subpoenas in the subscribers' various districts and then pursue those subscribers in this case here in Houston, regardless of any subscriber's state of residence. Specifically, Plaintiff states as follows:

> [T]he order permits Plaintiff to simply reissue its 'subpoena[s] upon Comcast to obtain the identifying information for any subscriber in each of the judicial districts where the subscribers reside . . . .' *Id.* *7. Once Plaintiff receives the information from Comcast related to the location of the unknown infringers, Plaintiff can continue to seek the identifying information it requires to proceed in this case.

(Dkt. 78 at 2). Plaintiff is incorrect.

4. The *Millennium TGA III* decision does ***not*** allow Plaintiff to "simply reissue" subpoenas and then use that information in ***this*** case. Rather, *Millennium III* requires Plaintiff to commence new suits in the districts where the relevant subscribers reside and ***then*** issue subpoenas ***in those districts*** so that objections may be heard in the court where the subpoena issued and where the underlying claims are presented. It was for this very reason that the D.C. Court in *Millennium TGA III* quashed Plaintiff's subpoena and ordered Comcast to provide ***only*** city and state information for the alleged co-conspirators, not any information specifically identifying any subscriber. Set forth below is the full quotation of what the Court said (leaving out only the court's explanation why city and state information is not personally identifying):

> Given the intimidating tactics and oppressive demands made by Plaintiff's counsel in other cases, it is particularly appropriate to require the Plaintiff to proceed according to the federal rules and only allow discovery related to valid claims that can and actually will be prosecuted in the federal court where the claims have been filed. Nonetheless, the Court is sympathetic to Plaintiff's desire to learn the location of potential infringers of its copyrighted material in an efficient fashion, and this Court seeks to facilitate those efforts in a manner permissible under the federal rules. Comcast has done a preliminary analysis that establishes the location of

2

each of the 351 IP addresses of Comcast subscribers identified in the subpoena. [Dkt. No. 7 at 6]. Thus, Comcast has the ability to, without undue burden, verify the preliminary analysis and provide the city and state of residence for the subscriber associated with each of the 351 requested IP addresses. This information can be turned over to the Plaintiff without providing notice to the subscribers, since providing the city and state, without more, is not providing personally identifying information as to any subscriber. . . . . *The Plaintiff can then bring an action against the John Does linked to each of those 351 Comcast subscribers in each of the judicial districts where they reside, and Plaintiff can then serve a* subpoena upon Comcast to obtain the identifying information for any subscriber in each of the judicial districts where the subscribers reside *(which is also where any action against any Doe defendant linked to any particular subscriber would be pending)*.

(Dkt. 78-1 at *7) (emphasis added to those relevant and controlling portions omitted by Plaintiff in its Response). As far as the single Doe Defendant in this case, Plaintiff has been aware of his or her city and state of residence since the commencement of this action. (Dkt. 1 at ¶ 6; Dkt. 1-1, Exhibit A, "Houston, Texas").

5. Accordingly, it is not a simple reissuance of the subpoenas that is required, but rather a re-filing of the case in multiple districts that is "simply" required by the D.C. Court in *Millennium TGA III*. Plaintiff must commence new suits in the appropriate districts and issue subpoenas out of those courts to obtain the identity of the unnamed Does and also issue a subpoena out of this court to obtain the identity of the single Doe Defendant named here.

Dated and Filed: July 9, 2012

Respectfully submitted,

_____
Thomas M. Gregor
State Bar No. 24032245
Federal Bar No. 32190

*Attorney-in-charge for Non-Party Comcast Cable Communications Management, LLC*

Of counsel:

**OGDEN, GIBSON, BROOCKS, LONGORIA & HALL, LLP**
1900 Pennzoil South Tower
711 Louisiana Street
Houston, TX 77002
(713) 844-3010

John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July 2012, true and correct copies of the foregoing document was served via ECF and U.S. Mail upon all counsel of record:

_____
Thomas M. Gregor