IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MILLENNIUM TGA, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 4:11-cv-4501

Judge: Hon. Vanessa D. Gilmore

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 184.155.204.241 filed, through attorney Jason E. Sweet, a motion to quash Plaintiff's subpoena. (ECF No. 79.) Movant advances several arguments as to why Plaintiff's subpoena should be quashed. (*Id.*) None of these arguments, however, are a basis to quash a subpoena under the rules. *See* Fed. R. Civ. P. 45(c)(3). For that reason, and the reasons set forth below, Movant's motion should be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from fatal procedural defects. Part II argues that Movant's substantive arguments are premature and erroneous.

    **I.**    **MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. Part A argues that Movant has brought his motion before the wrong court. Part B argues that Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises.

1

### A. Movant Has Brought His Motion Before the Wrong Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena . . .") (emphasis added); *see also First Time Videos LLC v. Does 1-56*, No. 12-00701 (S.D. Tex. June 28, 2012), ECF No. 23 at *2 ("The authority to rule on motions regarding subpoenas is vested in the court form which they are issued."). Movant's ISP is Cable One. (ECF No. 1-2 at 4.) The subpoena to Cable One was issued from the District of Minnesota. (*See* Cable One subpoena, attached hereto as Exhibit A.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

### B. Movant Lacks Standing to Move to Quash Plaintiff's Subpoena Based on the Arguments He Raises

Movant argues that he has standing to move to quash Plaintiff's subpoena. (ECF No. 79 at 6-7.) When a subpoena is directed to a nonparty, however, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *First Time Videos*,

No. 12-00701 (S.D. Tex. June 28, 2012), ECF No. 23 at *2-3 ("a party generally does not have standing to move to quash a subpoena issued to a non-party unless the party possesses a personal right or privilege in the requested production."). All subpoenas issued pursuant to the Court's February 9 Order (ECF No. 6) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 79.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

Movant appears to be mistaken about Plaintiff's allegations. Movant states that "Plaintiff seeks to impose joint and several liability upon John Doe *and* his co-conspirators." (*Id.* at 6.) This is untrue; Plaintiff's Complaint states that only "John Doe is jointly and severally liable to Plaintiff in the full amount of the Judgment." (ECF No. 1 at 9.) John Doe's joint tortfeasors face no liability at this time. (*Id.*) Therefore, Movant's concerns that he will be "bound" by the case are not justified. (ECF No. 79 at 6.)

Further, Movant quotes *Millennium TGA, Inc. v. Does 1-800*, No. 10-5603, 2011 U.S. Dist. LEXIS 94746 (N.D. Ill. 2011) for the proposition that a non-party can seek relief as if it were a party to the case. (ECF No.79 at 6.) Even though Movant has edited the quotation to include his personal details, the *Millennium* case is not applicable here. The *Millennium* decision was in regards to a motion to dismiss for personal jurisdiction and not a motion to quash. 2011 U.S. Dist. LEXIS 94746. Further, the court in *Millennium* found that it lacked personal jurisdiction over a *party* Doe Defendant. *Millennium TGA*, 2011 U.S. Dist. LEXIS 94746 at *3-4. Movant is not the party John Doe Defendant—only a non-party joint tortfeasor, so a personal jurisdiction analysis is not required of Movant.

Finally, Movant argues that "[a] non-party to an action cannot be subpoenaed to produce documents pursuant to Rule 45(b) if there is no legal proceeding contemplated." (ECF No. 79 at 7.) A legal proceeding has been contemplated here—copyright infringement and civil conspiracy committed by John Doe. (ECF No. 1.) Movant has not provided any authority to counter the legal holding that an individual not subject to a subpoena cannot move to quash it unless they make a claim of privilege in the information sought.

## II. MOVANT'S SUBSTANTIVE ARGUMENTS ARE PREMATURE AND ERRONEOUS

Even if Movant's motion did not suffer from fatal procedural defects, Movant's motion should be denied on the substance of his arguments. Part A argues that Movant's arguments on the merits are premature and are not a basis to quash Plaintiff's subpoena. Part B argues that Movant's personal jurisdiction argument is premature as he is not a party to this action. Part C argues that Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Part D argues that Plaintiff's subpoenas seek relevant information. Part E argues that Movant's challenges to Plaintiff's civil conspiracy claims are premature.

### A. Movant's Arguments on the Merits are Premature and Not a Basis to Quash Plaintiff's Subpoena

Movant makes several arguments on the merits claiming that a "subscriber can be misidentified in multiple ways as an infringer without participating in any infringing behavior." (ECF No. 79 at 4.) The merits of Plaintiff's claims, however, are premature and are not a basis to quash a subpoena. *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.") (citing *Voltage Pictures, LLC v. Does*, No. 10-0873, 2011 U.S. Dist. LEXIS 50787, at *18-20 (D.D.C. May 12, 2011); *Hard Drive Productions, Inc. v.*

4

*Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5-6 ("While [arguments on the merits] may have merit, they are for another day.").

The proper time to raise these arguments is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may never choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the motion because Movant's arguments on the merits are premature and not a basis to quash a subpoena.

### B. Movant's Personal Jurisdiction Arguments Are Premature

Movant argues that this action should be dismissed because the Court lacks personal jurisdiction over Movant. (ECF No. 79 at 8.) This action has been brought against a single Doe defendant. (ECF No. 1.) A personal jurisdiction analysis is only relevant with respect to the lone defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Movant is not the John Doe Defendant. (*See* ECF No. 1-1) (listing John Doe's IP address as 64.91.220.134). Therefore, Movant's arguments regarding whether or not this Court has personal jurisdiction over him or any of John Doe's other non-party joint tortfeasors has no relevance on whether or not personal jurisdiction will be proper once the lone Defendant is named and served in this case. Further, Plaintiff has alleged, and Movant does not challenge, that this Court has personal jurisdiction over the Defendant. (ECF No. 1 ¶ 6) ("This Court has personal jurisdiction because

upon information and belief, John Doe either resides in or committed copyright infringement in the State of Texas.") Movant even admits that through this lawsuit "Plaintiff can avoid all personal jurisdiction and joinder hurdles . . . ." (ECF No. 79 at 11.) Plaintiff has met the requirements of personal jurisdiction and Movant's challenges should be rejected.

Even if Movant was the party Doe Defendant, courts have found that personal jurisdiction arguments are premature until the Defendant is actually named in the case. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

The remedy Movant seeks in regards to his personal jurisdiction arguments is dismissal. (ECF No. 79 at 8.) Movant cannot move to be dismissed from an action in which he is not a party. Because Movant is not a party to this action, he must not be allowed to stand in the shoes of the actual Defendant. Non-parties may not properly move to dismiss an action—the proper time for Movant to move for dismissal is after he has been named and served as an actual Defendant. *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("The Does may raise these issues when plaintiff has named them as defendants, *if that action occurs*.") (emphasis added); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("[T]he plaintiff may, based on its evaluation of [putative

defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . ."). Because Movant is not a party to this action, he may not move to dismiss himself from it.

Movant points out that Plaintiff's complaint states that it intends "to seek leave of the Court to amend its complaint to join John Doe's co-conspirators as defendants in this action pursuant to Fed. R. Civ. P. 20(a)(2) so long as the Court has jurisdiction over those individuals." (ECF No. 79 at 8) (quoting ECF No. 1 ¶ 38.) The phrase "so long as the Court has jurisdiction over those individuals" is essential to this statement. Once Plaintiff receives his address from his ISP, Plaintiff will know exactly where Movant is located. If he is not located in the Southern District of Texas, as Movant claims, Plaintiff will not name and serve him in this case. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 347-48 (D.D.C. 2011) (holding that the plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction.)

Finally, Movant argues that Plaintiff could have used geolocation technology to determine exactly where Movant resides. Geolocation technology is not completely accurate, however, and only reveals where someone is *likely* to be located. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 347 (D.D.C. 2011) ("publicly available IP lookups reveal only where a defendant is likely to be located. Given that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named.") Only by receiving his identifying

information from his ISP will Plaintiff know exactly where Movant resides. Until that time, however, Movant's personal jurisdiction arguments are premature.

### C. Plaintiff's Need for the Information Sought in the Subpoena Outweighs Movant's Limited Privacy Interest

Movant argues that Plaintiff's discovery request disregards Movant's privacy rights. (ECF No. 79 at 9-10.) Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and his limited right to anonymous speech. *MCGIP, LLC v. Does 1-14*, No. 11-2887, at *2 (N.D. Ill. July 26, 2011), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy.").

Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment

8

privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

### D. Plaintiff's Subpoenas Seek Relevant Information

Movant argues that the information sought in Plaintiff's subpoenas is not relevant to the case. (ECF No. 79 at 10-12.) Plaintiff advanced three reasons why the information it seeks in its subpoenas is relevant to the legal proceeding: "it will be used to: (1) establish collaboration and concerted action between John Doe and his co-conspirators; (2) help compute damages related to Plaintiff's claim against John Doe; and (3) establish testimony" (ECF No. 2 at 7.) Movant argues that John Doe's joint tortfeasors will not have any personal knowledge regarding John Doe. (ECF No. 79 at 12.) Even if that were true, they still possess knowledge regarding the swarm in which they participated, which will be highly relevant to Plaintiff's claim against John Doe. Further, the electronic devices they used to reproduce and distribute Plaintiff's copyrighted work will contain digital data that will be relevant to Plaintiff's claims. Finally, John Doe's joint tortfeasors can help establish the extent of the damages caused to Plaintiff by the infringing conduct. All of these factors demonstrate that the information Plaintiff seeks in its subpoenas is relevant to this action.

### E. Movant's Challenges to Plaintiff's Civil Conspiracy Claims are Premature

Movant argues that Plaintiff has failed to state a claim for civil conspiracy. (ECF No. 79 at 12-14.) As explained above, however, arguments on the merits of Plaintiff's case are premature at this stage of the litigation and are not a basis to quash Plaintiff's subpoena. *See supra* Part II(A). Movant can raise this argument if and when he is named and served in this case.

## CONCLUSION

The Court should deny Movant's motion. None of Movant's arguments are a basis to quash Plaintiff's subpoena under Fed. R. Civ. P. 45. Instead Movant motion consists mostly of *ad hominem* attacks and arguments on the merits. These are not a sufficient basis to grant the relief he seeks. Finally, Movant's motion must be denied because it suffers from multiple procedural defects.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: July 13, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 13, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

      /s/ Douglas M. McIntyre
      DOUGLAS M. MCINTYRE