IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Millennium TGA, Inc. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: 4:11-cv-04501 |
| John Doe | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR A PROTECTIVE ORDER FOR NON-PARTY DOE**
**(IP Address 72.207.240.160)**

Non-Party Doe (IP address 72.207.240.160) ("Movant"), by and through counsel Christina N. Boffen and The Law Office of Christina N. Boffen, and W. Scarth Clark of the firm of Koeppel Traylor, hereby moves for a protective order. Movant states the following in support thereof:

**I. BACKGROUND**

Millennium TGA, Inc. ("Plaintiff"), filed its Complaint on December 20, 2011 alleging that hundreds of "John Does" violated its copyright to the video production titled "Shemale Yum – Jenna Comes A-Knocking," ("the Work"). The Court granted Plaintiff's request to take discovery on February 9, 2012. To uncover Does' identifying information, Plaintiff issued subpoenas to Defendants' Internet Service Providers (ISPs), including Movant's ISP, Cox Communications. Plaintiff utilizes an Internet Protocol (IP) address to identify each of the alleged infringers. Movant was identified by IP address 72.207.240.160.

Plaintiff's Complaint is ostensibly about the protection of Plaintiff's copyright to the Work, however this litigation is just one of countless actions brought by this Plaintiff and other similar Plaintiffs claiming copyright protection for pornographic films. To your Movant's knowledge and belief, very few of these similar actions have ever been brought to trial.

The fact that few similar cases have been brought to trial is significant. It evidences the real purpose of these suits: not to enforce copyrights, but to bully Defendants, such as John Doe, into financial settlements to avoid being publicly associated with a pornographic video company and avoid being publicly accused of illegally downloading pornography.

## II.  MOTION FOR A PROTECTIVE ORDER

Movant respectfully requests that the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c): "Upon motion….accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending….may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense."

Thus, Movant requests that this Court issue a protective order requiring Plaintiff to not publicly disclose the identity or address of this defendant and requiring Plaintiff to file under seal any documents containing Movant's identifying information. A "[protective order is warranted because] ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting all allegations." *Digital Sin, Inc. v. Does 1-5698,* 2011 WL 5362068 (N.D.Ca. Nov. 4, 2011). All of these concerns are present in the instant matter.

The privacy interest of innocent third parties weighs heavily against the public's interest in access to court documents. *Id.* at *4 (citing *Gardner v. Newsday, Inc.,* 895 F.2d 74, 79-80 (2d Cir. 1990). Also, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *Id.* (citing *Does I thru XXII v. Advanced Textile Corp.,* 214 F. 2d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality. *Id.*

Therefore, Movant requests that the Court issue a protective order pursuant to Rule 26(c), requiring Plaintiff to not publicly disclose the identity or address of this Movant and file under seal any documents in this case containing Movant's name and address.

## IV. CERTIFICATE OF COMPLIANCE WITH F.R.C.P. 26(c)

The undersigned hereby certifies that Movant has in good faith attempted to confer with Plaintiff as required by F.R.C.P. 26(c), but Plaintiff's counsel and Movant's counsel were not able to come to an agreement.

## V. CONCLUSION

Having stated the foregoing, Movant (Non-Party Doe IP Address 72.207.240.160) should be granted a protective order requiring Plaintiff to not publicly disclose the identity or address of this Movant, and file under seal any documents in this case containing Movant's name and address.

Respectfully submitted,

*Christina Boffen*
_____
Christina N. Boffen, Esq.
Bar #29851 (U.S. Dist Ct for MD)
The Law Office of
Christina N. Boffen
216 N. Crain Hwy
Suite 202A
Glen Burnie, MD 21061
(410) 718-2929
Fax: (410) 747-3741
cboffen@gmail.com

_____
Signature of Local Counsel
W. Scarth Clark, Esq.
Texas Bar No. (04302200)
Koeppel Traylor
2030 St. Charles Ave.
New Orleans, LA 70130
(504) 598-1000
Fax: (504) 524-1024
sclark@koeppeltraylor.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, a copy of the foregoing was electronically submitted by W. Scarth Clark of Koeppel Traylor, to the CM/ECF system which will send notification of such filings to Millennium TGA, Inc.

*Christina Boffen*
_____
Christina N. Boffen, Esq.
The Law Office of Christina N. Boffen
216 N. Crain Hwy, Suite 202A
Glen Burnie, MD 21061
(410) 718-2929
Fax: (410) 747-3741
cboffen@gmail.com