IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC.,<br>*Plaintiff*,<br><br>vs.<br><br>JOHN DOE,<br>*Defendant*. | § <br> § <br> § Civil Action No. 4:11-cv-4501 <br> § <br> § [related to Miscellaneous Action pending in <br> § the U.S. District Court for the District of <br> § Columbia, No. 1:12-mc-00357-RLW] |

## NON-PARTY CEBRIDGE'S NOTICE OF DECISION IN
## RELATED CASE PENDING IN THE DISTRICT OF COLUMBIA

Non-Party Cequel III Communications II, LLC d/b/a Cebridge Connections ("Cebridge") respectfully submits this Notice to advise the Court of an Order and corresponding Memorandum Opinion in a related proceeding in the United States District Court for the District of Columbia ("D.C. District Court")—*Millennium TGA v. John Doe*, No. 12-mc-00357 (D.D.C. Aug. 14, 2012) ("*Millennium TGA IV*") (incorporating by reference Memorandum Opinion in *Millennium TGA, Inc. v. Comcast*, No. 1:12-mc-00150-RLW, 2012 WL 2371426 (D.D.C. 2012) ("*Millennium TGA III*")). A true and correct copy of the August 14, 2012 Order is attached. The *Millennium TGA III* Memorandum Opinion and Order were attached as Exhibit A to the earlier Notice filed by Comcast in this proceeding (Dkt. Nos. 78, 78-1, and 94).

For the same reasons cited in its *Millennium TGA III* Memorandum Opinion, the D.C. District Court denied Plaintiff Millennium TGA, Inc.'s ("Millennium") motion to compel Cebridge to identify its subscribers listed in Exhibits A and B to the Complaint in the case before this Court.[1] Judge Wilkins instead ordered Cebridge to provide Millennium only the city and

---

[1] Although Millennium obtained an *ex parte* order granting expedited discovery from this Court (Dkt. 6), it issued the subpoena to Cebridge out of the District of Columbia. After Cebridge objected to the subpoena, Millennium moved to compel (*Millennium IV* Dkt. 1) which the D.C. District Court denied in the attached Order. (*Millennium IV* Dkt. 10). However, a number of subscribers moved to quash Millennium's subpoena, moved for protection, and/or requested similar relief in *this* Court. *See, e.g.*, Dkt.

1

state of residence of its subscribers whose identities were sought in the subpoena. *See Millennium TGA III*, 2012 WL 2371426, *8.

In the *Millennium TGA III* Memorandum Opinion, Judge Wilkins, recounted the history of Millennium TGA's filings, tactics, and non-compliance with Rule 45. Because it appears that Millennium has not yet advised this Court of the result in *Millennium IV*, Cebridge respectfully files this notice of the decision.

Dated and Filed:  August 17, 2012

Respectfully submitted,

_____
Thomas M. Gregor
State Bar No. 24032245
Federal Bar No. 32190

*Attorney-in-charge for Non-Party Cebridge*

Of counsel:

OGDEN, GIBSON, BROOCKS, LONGORIA & HALL, LLP
1900 Pennzoil South Tower
711 Louisiana Street
Houston, TX 77002
(713) 844-3010

John D. Seiver
Leslie G. Moylan
Lisa B. Zycherman
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 973-4200

---

10, 12, 14, 15, 17, 20, 22, 27, 31, 33, 35, 36, 38, 40, 41, 51, and 57 (these may not all be Cebridge subscribers). *See Millennium TGA III*, at *10-11. This Court has denied many of the subscribers' motions without prejudice to re-urging in the proper forum (Dkt. 64-70, 72-75). Some subscribers served motions in D.C. District Court that Judge Wilkins allowed to be filed. (*Millennium III* Dkt. 29-36). Judge Wilkins denied those motions as moot and directed the Clerk to mail the Orders, to the extent possible, to the parties who filed the motions. (*Millennium III* Dkt. 37).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of August 2012, true and correct copies of the foregoing document was served via ECF and U.S. Mail upon all counsel of record:

_____
Thomas M. Gregor