IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| v. | Judge: Hon. Vanessa D. Gilmore |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO MOTION FOR A PROTECTIVE ORDER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 72.207.240.160 filed, through attorneys Christina N. Boffen and W. Scarth Clark, a motion for a protective order. (ECF No. 98.) Movant begins his motion by making several *ad hominem* attacks against Plaintiff. (*Id.* at 2.) Movant then requests a protective order based on these *ad hominem* attacks. (*Id.* at 2-3.) For the reasons set forth below Movant's motion should be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant lacks standing to move for a protective order. Part II argues that Movant is not entitled to a protective order based on his substantive arguments.

**I.      Movant Lacks Standing to Move for a Protective Order**

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a

1

party to this case as no one has yet been named or served. Movant is not even John Doe—the eventual Defendant in this case. (ECF No. 1-1) (listing the IP address associated with John Doe as 64.91.220.134). Nor is Movant a person from whom discovery is sought. Plaintiff sought (ECF No. 2), and was granted (ECF No. 6), discovery from ISPs. All subpoenas issued pursuant to the Court's February 9 Order (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

> II. **Movant is Not Entitled to a Protective Order Based on His Substantive Arguments**

Even if Movant had standing to move for a protective order, his request should be denied on the substance of his arguments. Movant requests a protective order because he believes Plaintiff will "bully [Movant] into financial settlement[ ] to avoid being publicly associated with a pornographic video company . . . ." (ECF No. 98 at 2.) Not only does Movant fail to provide any evidence for these vicious claims, but the list of permissible grounds for seeking a protective order does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 26(c).

The digital age has allowed infringement of digital works, such as Plaintiff's, to occur on a massive scale. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). Movant is not bullying individuals into settlements, but is instead attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff in a negative light, there is nothing wrong with a corporation focused on protecting its intellectual property—except, of course, from the perspective of an infringer.

Regarding the actual legal arguments of Movant's motion, Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant is not subject to Plaintiff's subpoenas. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See id.*; *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

Movant cannot cloak his identity with privacy concerns when the infringing activities themselves are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal). The Court should deny a protective order because Movant is not subject to Plaintiff's subpoenas and Movant's privacy interests are minimal.

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to move for a protective order. Movant is not entitled to a protective order based on his substantive arguments.

[intentionally left blank]

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MILLENNIUM TGA, INC. |
| DATED: August 21, 2012 | |
| By: | **DOUGLAS M. MCINTYRE & ASSOCIATES** |

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 21, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

                                                         /s/ Douglas M. McIntyre
                                                         DOUGLAS M. MCINTYRE