IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MILLENNIUM TGA, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

CASE NO. 4:11-cv-4501

Judge: Honorable Judge Vanessa D. Gilmore

**PLAINTIFF'S RESPONSE TO MOTION FOR A PROTECTIVE ORDER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 50.46.192.24 filed, through attorneys Christina N. Boffen and W. Scarth Clark, a motion for a protective order. (ECF No. 111.) Specifically, "Movant requests that this Court issue a protective order requiring Plaintiff to not publicly disclose the identity or address of this defendant and requiring Plaintiff to file under seal any documents containing Movant's identifying information." (*Id.* at 2.) For the reasons set forth below, Movant's motion should be denied.

    I.    **MOVANT LACKS STANDING TO MOVE FOR A PROTECTIVE ORDER**

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case as no one has yet been named or served. Further, Movant is not John Doe—the eventual Defendant in this case. (ECF No. 1-1) (listing the IP address associated with John Doe as 64.91.220.134). Nor is Movant a person from whom discovery is sought. Plaintiff sought

1

(ECF No. 2), and was granted (ECF No. 6), discovery from ISPs. All subpoenas issued pursuant to the Court's February 9 Order (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

### II.     MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant requests a protective order, seeking to protect his identity from disclosure and proceed anonymously or pseudonymously. (ECF No. 111.) Movant bases this request entirely on his "belief" that "very few of these similar actions have ever been brought to trial." (*Id.* at 2.) Movant extrapolates from that belief that "the real purpose of [Plaintiff's] suits: not to enforce copyrights, but to bully Defendants, such as John Doe, into financial settlements to avoid being publicly associated with a pornographic video company and avoid being publicly accused of illegally downloading pornography." (*Id.*) Movant provides no evidence of this claim even though the entirety of motion rests on it. (*See generally* ECF No. 111.)

Leave to proceed pseudonymously or anonymously should only be granted in "an unusual case." *United States v. John Doe*, 655 F.2d 920, 922 n 1 (9th Cir. 1980); *see also United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (explaining that the dispensation of anonymity is "rare."); *Doe v. State Bar of California*, 415 F. Supp. 308, 309 n 1 (N.D. Cal. 1976) (expressing "great disfavor" over allowing a party to proceed under the pseudonym "John Doe"). Pseudonymous or anonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (gathering cases). Movant's only concern is that he may be associated with a lawsuit and that lawsuit happens to involve adult content. (*See generally* ECF No. 111.) Neither of these concerns are sufficient to

permit someone to proceed anonymously. *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *8 ("the potential embarrassment or social stigma that [the Doe Defendants] may face once their identities are released in connection with this lawsuit is not grounds for allowing them to proceed anonymously.") (citing *Liberty Media Holdings v. Swarm Sharing Hash File*, 2011 WL 5161453 at 7 (D. Mass. Oct 31, 2011)). All litigation is at least somewhat embarrassing to the participants—including Plaintiff—and this concern does not rise to the high level of potential harm to Movant required for leave to proceed pseudonymously.

Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Although Rule 26(c) contains no specific reference to privacy or to other rights or interests, such matters have been held implicit in the broad purpose and language of the rule. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and Movant's First Amendment right to anonymity in the context of his BitTorrent activity is minimal and outweighed by Plaintiff's need for the putative defendants' identifying information in order to protect its copyrights. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants). Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See id.*; *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to move for a protective order. Movant is not entitled to a protective order.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: October 12, 2012

By: **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610
Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile

COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 12, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Douglas M. McIntyre
DOUGLAS M. MCINTYRE