UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC. | )<br>)<br>) |
| Plaintiff, | ) Case No. 4:11-cv-04501<br>) |
| v. | )<br>) |
| JOHN DOE, *et al.* | )<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

Plaintiff Millennium TGA, Inc. ("Plaintiff") filed a Notice of Voluntary Dismissal of Action on December 14, 2012, by which it purported to "voluntarily dismiss[] the action in its entirety without prejudice." ECF No. 122. The Court entered its Order of Dismissal the same day, also stating the action was dismissed "without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure." ECF No. 123. But Plaintiff previously dismissed a federal-court action based on the same claim. By operation of Rule 41(a)(1)(B), Plaintiff's "notice of dismissal operates as an adjudication on the merits" as to both the identified John Doe Defendant and each alleged co-conspirator, including Movant John Doe 112 (Movant"). To give full force to Plaintiff's dismissal under Rule 41, clearly delineate the rights of Movant and other alleged co-conspirators and avoid causing significant prejudice thereto, Movant respectfully moves the Court to amend its Order of Dismissal and provide that dismissal is with prejudice.

**FACTUAL BACKGROUND**

Plaintiff Millennium TGA, Inc. ("Plaintiff") is a pornography purveyor. *See* ECF No. 1, Compl. ¶ 3. Specifically, in its own words, "Plaintiff is a pioneering company in the transsexual

adult entertainment niche. Operating over 13 unique websites, Plaintiff produces thousands of photo/video sets a year for web release along with several DVD releases." First Am. Compl. ¶ 4, *Millennium TGA, Inc. v. Does 1-800*, No. 10-cv-05603 (N.D. Ill. filed Nov. 28, 2010).

In the present action, Plaintiff alleged infringement of the copyright in a work entitled "*Shemale Yum – Jenna Comes A' Knocking!*" (the "Video"). ECF No. 1, Compl. ¶ 3; *see also id.* at ¶¶ 2, 3 & 19-20 (discussing Plaintiff's copyright in the Video). Plaintiff alleged that a single John Doe Defendant and 938 alleged co-conspirators, including Movant, jointly infringed the Video copyright and conspired to do the same. *Id.* ¶ 1 ("John Doe and his co-conspirators ... illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert"). Plaintiff alleged that its agents observed infringing acts occurring over certain Internet Protocol addresses, and that Movant was the account holder for one such IP address when infringing activity occurred. ECF No. 1, Compl. ¶ 4 & 22-24; *see also* ECF No. 1-2 at p. 4 (listing Movant's alleged IP address, 184.155.204.241, among those of the 938 alleged co-conspirators). The Complaint raised two causes of action, copyright infringement and civil conspiracy. Plaintiff claimed that the actions and conduct of the alleged co-conspirators, including Movant, constituted copyright infringement and a conspiracy to infringe copyright. *See* ECF No. 1, Compl. ¶¶ 26-28 & 31 (pleading copyright infringement allegations against "John Doe and his co-conspirators"); *id.* ¶¶ 33-36 (pleading conspiracy allegations against "John Doe and his co-conspirators"). Plaintiff alleged that it had been damaged by the conduct of the co-conspirators on both counts. *See id.* ¶ 29 (copyright) & ¶ 37 (conspiracy). Plaintiff specifically sought to reserve the right to make Defendant a party to the action. *Id.* ¶ 38 ("Potential Joinder of Co-Conspirators").

This action is derivative of a prior federal action Plaintiff previously brought against the same 939 targets, including Movant. Compl., *Millennium TGA, Inc. v. Does 1-939*, No. 11-cv-02176 (D.D.C. filed Dec. 7, 2011). The Complaint in the prior action is attached hereto as Exhibit A. *Compare* ECF No. 1-1 & 1-2 (listing the alleged IP addresses of Defendant and 938

alleged co-conspirators in this action) *with Millennium TGA, Inc. v. Does 1-939*, No. 11-cv-02176 ECF No. 1-1 (D.D.C. filed Dec. 7, 2011) (listing the alleged IP addresses of all 939 defendants in the prior action, including one alleged to belong to Movant). In the prior action, Plaintiff alleged copyright infringement of the same Video by each of the 939 Defendants. *See* Ex. A ¶¶ 3, 7 & 10 (discussing Plaintiff's copyright in the Video); *see also id.* at ¶ 8 & p. 10 (listing IP address 184.155.204.241 among those of the 939 defendants). Nine days after filing the prior action, Plaintiff voluntarily dismissed all claims against all 939 defendants: "Plaintiff, Milleniium [*sic*] TGA Inc., pursuant to Federal Rule of Civil Procedure ('Rule') 41(a)(1) and other governing law, hereby dismisses all claims in the Complaint in this action, without prejudice, with respect to all IP addresses listed in Exhibit A of the Complaint." Pl.'s Notice of Dismissal of Case, *id.* (D.D.C. filed Dec. 16, 2011). The Judge assigned to the prior action later noted that Plaintiff's dismissal was likely motivated by judge shopping:

> Millennium voluntarily dismissed the action without explanation ... [A] very likely explanation for Millennium's dismissal—especially in light of Millennium's subsequent actions – is that the undersigned had previously imposed restrictions upon plaintiffs who had brought a similar copyright infringement case, and Millennium therefore preferred to litigate before what it considered to be a more favorable forum.

ECF No. 79-1 at p. 2 (Mem. Op., *Millennium TGA, Inc. v. Comcast Cable Commc'ns, LLC*, No. 12-mc-00150 (D.D.C. June 25, 2012)).

On December 20, 2011, four days after dismissing the prior action, Plaintiff initiated this action. Plaintiff was granted leave to expedite discovery and sought information identifying Defendant and the 938 alleged co-conspirators, including Movant, through subpoenas issued to their Internet Service Providers. Movant filed a motion to quash the subpoena. ECF No. 79 (filed June 29, 2012). Plaintiff filed a response in opposition. ECF No. 95 (filed July 13, 2012). The Court denied Movant's prior motion, but granted a protective order requiring that Plaintiff not publicly disclose Movant's identifying information. ECF No. 108 (filed Sept. 12, 2012).

On December 13, 2012, the Court's Case Manager emailed all counsel of record, noting that a scheduling conference was set for the next day and no Joint Discovery Case Management Plan had been filed. *See* Ex. B. On December 14, 2012, Movant's counsel informed the clerk that Movant had not been served, further stating, "I assume the same is true for the other defendants - which is probably why no one has filed a joint motion." *See id*. That day, 360 days after bringing suit, Plaintiff filed its Notice of Voluntary Dismissal of Action. ECF No. 122. Plaintiff claimed, despite its prior voluntary dismissal of the first action, that the dismissal was without prejudice to refiling yet again. *Id.* ("pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntarily dismisses this action in its entirety without prejudice"). The Court entered its Order of Dismissal the same day, stating that it is a final judgment, and that the action was dismissed "without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure." ECF No. 123.

## LEGAL AUTHORITY

Without a court order, a plaintiff may voluntarily dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41(a)(1)(B) states the effect of such a voluntary dismissal:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B).

Federal Rule of Civil Procedure 59(e) allows for a motion to alter or amend judgment within 28 days after the entry of judgment.

## ARGUMENT

**I.  Federal Rule of Civil Procedure 59(e) Permits the Court to Amend a Judgment to Correct Manifest Errors of Law.**

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2004). A Rule 59(e) motion will prevail where the movant shows that "the motion is necessary to correct a manifest error of fact or law" or that "the motion is necessary to prevent manifest injustice." *Flynn v. Terrebonne Parish School Bd.,* 348 F. Supp. 2d 769, 771 (E.D. La. 2004). As the Fifth Circuit explains:

> A Rule 59(e) motion—which asks the court to set aside its previous judgment—"serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."

*Ewans v. Wells Fargo Bank, N.A.,* 389 F. App'x 383, 389-90 (5th Cir. 2010) (quoting *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004)).

The Court's determination on a Rule 59(e) motion to amend judgment is reviewed for abuse of discretion. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863 (5th Cir. 2003) (noting that such discretion is broader than on a Rule 15(a) motion to amend pleadings).

"After the termination of an action, a court may 'consider collateral issues.'" *Qureshi v. United States,* 600 F.3d 523, 525 (5th Cir. Tex. 2010) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). "In the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself. That the court loses jurisdiction over the litigation does not, however, deprive the district court of its inherent supervisory powers." *Id.* In *Qureshi*, the Fifth Circuit affirmed "the court's authority to impose an injunction against future filings," even after Plaintiff filed a Rule 41(a) notice of dismissal. *Id.* at 525-26. *See also Yesh Music v. Lakewood Church*, No. 4:11-CV-03095, 2012 U.S. Dist. LEXIS 89007, at *9-10 (S.D. Tex. June 27, 2012) ("courts have held that they have jurisdiction whether to grant Rule 60 relief from a party's Rule 41 voluntary dismissal") (vacating dismissal under Rule 60(b)(6) so as not to "cause a manifest injustice").

## II. Plaintiff's Voluntary Dismissal Operates as an Adjudication on the Merits Pursuant to Federal Rule of Civil Procedure 41(a)(1)(B).

On December 14, 2012, when Plaintiff voluntarily dismissed this action in its entirety by notice, its claims against 939 alleged copyright infringers reached their end for the second time. Plaintiff had sued all 939 in its prior action filed on December 7, 2011, in the United States District Court for the District of Columbia, less than two weeks before it opened this action. Plaintiff previously dismissed its copyright infringement claim against all 939 defendants by a voluntary notice of dismissal in the prior action, on December 16, 2011. Plaintiff's claims in this action, for copyright infringement and conspiracy to commit copyright infringement, were or could have been brought in the prior action, two weeks earlier. Plaintiff has again voluntarily dismissed its claims. They are therefore now forever barred by Rule 41(a)(1)(B), often referred to as the "two dismissal rule." *Theard v. Dep't of Civ. Serv.*, No. 10-4165, 2012 U.S. Dist. LEXIS 175259, *31 (E.D. La. Dec. 10, 2012). *See Bolivar v. Pocklington*, 975 F.2d 28, 31 n.5 (1st Cir. 1992) (affirming district court's conclusion "that, even though the notice of dismissal purported to dismiss the action 'without prejudice,' it nonetheless operated as an adjudication upon the merits under the 'two-dismissal' rule in Fed. R. Civ. P. 41(a)(1)").

Rule 41(a)(1) permits a plaintiff to voluntarily dismiss an action without leave of court by notice before the defendant serves an answer or motion for summary judgment. But a plaintiff may not repeatedly file and dismiss: "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). "In such a case, res judicata bars a subsequent third suit, even if (as here) the notice states that the second dismissal is without prejudice." *Wicks v. Putnam Inv. Mgmt., LLP*, No. 04-10988, 2005 U.S. Dist. LEXIS 4892, *8 (D. Mass. Mar. 28, 2005) (citing 8 James Wm. Moore, Moore's Federal Practice § 41.33(7)(a) (3d ed. 2004)).

### III. An Adjudication on the Merits under Rule 41(a) Is a Dismissal with Prejudice.

As an adjudication on the merits, the dismissal was with prejudice. "A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). Describing the operation of Rule 41, the Supreme Court has stated that "'with prejudice' is an acceptable form of shorthand for 'an adjudication on the merits.'" *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2002) (quoting 9 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 2373, p. 396 n.4 (1981)). *See also Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. Ill. 2010) ("a voluntary dismissal under Fed. R. Civ. P. 41(a) has the effect of a judgment with prejudice when, as here, it is the second suit based on the same transaction") (citing *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1988). "Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice [pursuant to Rule 41] is deemed an adjudication on the merits for the purposes of *res judicata*. As such, the [Defendant] has clearly prevailed in this litigation." *In re Hornbeck Offshore Transp., LLC,* No. 10-0007, 2010 U.S. Dist. LEXIS 99188, *5-6 (W.D. La. Sept. 21, 2010) (citing *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir. 1980)).

> [T]he specification that a dismissal is without prejudice must not be inconsistent with a governing statute or rule in the jurisdiction. For example, … in many jurisdictions, a voluntary dismissal operates as a bar to another action on the same claim when filed by a plaintiff who has once dismissed in any court of the United States or any state an action based on or including that claim. In such circumstances, a notation in the record that a nonsuit or dismissal is "without prejudice"… is not effective because the judgment operates as a bar as a matter of law.
>
> Restatement (Second) of Judgments § 20 cmt. h.

**IV.  Rule 41(a)(1)(B) Precludes Relitigation of Any Claim that Was, or Could Have Been, Raised in the Prior Action.**

The Fifth Circuit applies a transactional test to determine whether two suits involve the same claim. *See Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 870-71 & n.12 (5th Cir. 1984). To determine whether a given grouping of facts constitutes a single transaction, the Court examines "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Petro-Hunt, LLC v. United States,* 365 F.3d 385, 396 (5th Cir. 2004). To determine whether two causes of action are based on the same nucleus of operative facts, the Court examines the "factual predicate of the claims asserted, not the legal theories upon which a plaintiff relies." *Eubanks v. FDIC,* 977 F.2d 166, 171 (5th Cir. 1992).

The two complaints raise virtually identical allegations of copyright infringement, and state the same claim in all material respects. Both complaints are based on the same nucleus of operative facts alleged and upon which voluntary dismissal was entered in both actions. Specifically, the factual predicate in both suits rests on Plaintiff's contention that the same IP addresses were observed in a swarm used to illegally reproduce and distribute the same Video. *Compare* Compl. ¶¶ 23-24 *with* Ex. A ¶¶ 8 & 12. "[T]he critical issue is not the relief requested or the theory asserted. The question is instead whether [the] plaintiff bases the two actions on the same nucleus of operative facts." *Smith v. Schrock,* No. 00-CV-13462002 U.S. Dist. LEXIS 4445, at *21 (N.D. Tex. Mar 15, 2002) (citing *In re Howe,* 913 F.2d 1138, 1144 (5th Cir. 1990)). Accordingly, because Plaintiff raised the same claim in both actions the claim was adjudicated on the merits once Plaintiff filed its second dismissal and is further barred by *res judicata*.

Plaintiffs also cannot avoid the preclusive effect of Rule 41 by raising different legal theories on that same set of alleged facts. *Eubanks* at 171. Plaintiffs could have raised its pendent

8

civil conspiracy claim in the prior action. *See In re Howe,* 913 F.2d 1138, 1144 (5th Cir. 1990) ("The rule is that *res judicata* 'bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, … not merely those that were adjudicated.'" (quoting *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir. 1983)) (emphasis in original)).

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell,* 553 U.S. 880, 891 (2008). Under federal common law, "[t]he rule of *res judicata* encompasses two separate but linked preclusive doctrines: 1) true *res judicata* or claim preclusion and 2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs. Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005) (citing *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 436 (5th Cir. 2002)). Claim preclusion bars a new action stating copyright infringement, which Plaintiff has now pleaded twice, or any other claim, including civil conspiracy, Plaintiff could have raised in the prior action. The doctrine of claim preclusion provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Oreck Direct LLC v. Dyson Inc.,* 560 F.3d 398, 401 (5th Cir. Feb. 23, 2009) (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)); *Test Masters,* 428 F.3d at 571; *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 312-313 (5th Cir. 2004); *In re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir. 1999). Its purpose is to insure the finality of judgments, thereby conserving judicial resources and protecting litigants from multiple lawsuits. *Oreck,* 560 F.3d at 401 (quoting *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir. 1994); *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 94-95 (5th Cir.), *cert. denied,* 434 U.S. 832 (1977) (discussing the multiple policies served by *res judicata*).

Accordingly, Plaintiff's twice-dismissed claims have been adjudicated on the merits by operation of law. The dismissal operates with prejudice to re-litigating those claims or any others Plaintiff could have asserted.

**V.     Rule 41(a)(1)(B) Operates with Prejudice to Any Further Action Against the Defendant, and those in Privity with the Defendant, in the Second Dismissed Action.**

On its face, the two dismissal rule applies directly to the John Doe defendant in this action, who was identified as a defendant in both voluntarily dismissed actions based on the same claim, and has now been granted an effective adjudication on the merits. The rule may be invoked not only by such a defendant, but also by a non-party who is substantially the same as the defendant, in privity with the defendant, or whose interests were implicated by the subject matter of the litigation. *Manning v. South Carolina Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 48 (4th Cir. 1990). In *Manning,* a John Doe defendant in a first voluntarily dismissed action who was then named as defendant in a second action could invoke the two dismissal rule, because his legal interests were implicated by both suits. "*[R]es judicata* applies not only to named parties to an action, but to their privies." *Id.*; *see also id.* at 47 ("Because a notice of a second dismissal by the plaintiff serves as an 'adjudication on the merits,' *res judicata* applies.").

Under the principle of *res judicata,* an adjudication on the merits precludes the parties or their privies from re-litigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Fifth Circuit has held privity between parties exists in three situations: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.,* 908 F.2d 1262, 1266 (5th Cir. 1990).

Plaintiff had full and fair opportunity to "have its day in court" in the prior action, but instead chose to pursue a *second* suit on the same nucleus of operative facts against one of the same John Doe defendants, on claims that again implicated the alleged co-conspirators, including Movant, making them defendants in all but name. The pleadings in the two actions demonstrate

the privity that Plaintiff alleged between the one John Doe defendant and his putative co-conspirators. Movant was targeted in both actions. *See* Compl. ¶ 2 & Ex. B, p. 4 (identifying alleged "co-conspirator" by IP address 184.155.204.241); Ex. A ¶ 8 & *Millennium TGA, Inc. v. Does 1-939*, No. 11-cv-02176 ECF No. 1-1 (D.D.C. filed Dec. 7, 2011) (listing the alleged IP addresses of all 939 defendants in the prior action, including IP address 184.155.204.241).

Rule 41 applies even though one dismissal came in an action that purported to cast Movant not as a party, but as a conspirator potentially subject to joinder if Plaintiff so elected. As an alleged co-conspirator, Movant was in privity with the defendant in this action for purposes of *res judicata*. *See Chavers v. Hall,* No. H-10-3922, 2011 U.S. Dist. LEXIS 63649, at *22-23 (S.D. Tex. June 16, 2011) (holding privity existed between defendant and his "putative co-conspirators ... tantamount to an identity of the parties"); *see also Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) ("unnamed co-conspirators sued in a subsequent suit could assert a claim preclusion defense when plaintiff had sued other conspirators on the same claims in the first suit") (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 841-42 (3d Cir. 1972)). One in privity with a party may claim the preclusive benefit of a prior action. *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987) ("The concept of privity is a legal conclusion not a judgmental process."). *See also Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) (privity means that relationship is close enough to include both party and another within *res judicata*).

Plaintiff has sought to raise substantive allegations against non-parties before. In August, the Southern District of California addressed a case in which, just as it did here, Plaintiff sued a single defendant but sought leave to serve subpoenas on Internet service providers to obtain information about nearly one thousand internet subscribers, alleged to be joint tortfeasors.

> Plaintiff repeatedly refers to the IP subscribers listed in Exhibit A as "joint tortfeasors," but essentially focuses on them as potential co-defendants, and asserts that these individuals may later be added to the action. (Doc. No. 6 at 5.)

Plaintiff's Renewed Application states, "Plaintiff cannot join any of [Defendant's] alleged joint tortfeasors to this action without first knowing who they are," and goes on to state that the identities of the tortfeasors will "increase the number of individuals from whom to collect damages." Id. Thus, **the Court finds that these witnesses are essentially being treated as Doe defendants** ...

Order Denying Pl.'s Renewed *Ex Parte* Application for Leave to Take Expedited Disc., *Millennium v. Paschall*, No. 12-cv-0792 (S.D. Cal. Aug. 13, 2012) (emphasis added) (section heading: "Plaintiff Appears To Treat The "Joint-Tortfeasors" As Doe Defendants").

VI. **Allowing Plaintiff to Continue to Maintain, or Threaten to Maintain, an Action on its Twice-Dismissed Claims Would Cause Prejudice to Movant.**

Plaintiff has sued thousands of alleged copyright infringers in dozens of state and federal court proceedings. *See e.g., Millennium TGA, Inc. v. Does 1-800*, No. 10-cv-05603 (N.D. Ill. filed Nov. 28, 2010); *Millennium TGA, Inc. v. Does 1-515*, No. 11-31922 (Fla. Cir. Ct. filed Oct. 3, 2011); *Millennium TGA, Inc. v. John Does 1-529*, No. 11-32619 (Fla. Cir. Ct. filed Oct. 7, 2011); *Millennium TGA, Inc. v. Does 1-60*, No. 12-cv-20938 (S.D. Fla. filed Mar. 6, 2012). As it did here, Plaintiff has repeatedly sought and obtained *ex parte* court authority to subpoena Internet service providers, thereby receiving information identifying thousands of John Doe defendants. Plaintiff has equivocated about whether its purpose for discovery in these cases is to pursue remedies in court or other ends: "Plaintiff believes that the Defendant's true identities will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to state those identities, *if necessary*." Compl. ¶ 5, *Millennium TGA, Inc. v. Does 1-800*, No. 10-cv-05603, (N.D. Ill. filed Nov. 28, 2010) (emphasis added). *See also* Compl. ¶ 1, *Millennium TGA, Inc. v. John Doe*, No. 2:11-cv-03080 (N.D. Cal. filed Nov. 21, 2011) ("Plaintiff now files this action to complete its investigation into the infringer's identity and, *if necessary*, to prosecute the infringer") (emphasis added).

Plaintiff's demonstrated its disinterest in genuinely litigating any of its claims on the merits when it chose to dismiss this action, rather than prepare and file a Joint Discovery Case Management Plan prior to a routine pre-trial scheduling conference, after stringing along the accused and the Court for nearly a year. This is Plaintiff's routine. ECF No. 79-1 at p. 15 (Mem. Op., *Millennium TGA, Inc. v. Comcast Cable Commc'ns, LLC*, No. 12-mc-00150 (D.D.C. June 25, 2012) ("the lawyers representing Plaintiff in this case commonly bring these BitTorrent copyright actions, seek identifying information, keep the case pending for several months, and then never prosecute the lawsuit against those subscribers who do not settle with them"). *See also id.* at p. 14 (describing "what is likely to transpire once Plaintiff's counsel obtains the identifying information of the subscribers," and discussing $3400 settlement demand letter sent by Plaintiff's counsel to alleged infringer). Bringing the matter to a close would prevent Plaintiff from using the contact information of alleged infringers to make any further threats, or extract further settlement payments, based on its abandoned claim.

## CONCLUSION

Plaintiff has twice dismissed a federal-court actions based on and including the same claim. Its second notice of dismissal therefore constitutes an adjudication on the merits. *See* Fed. R. Civ. P. 41(a)(1)(B). The Court's order stating that dismissal was nonetheless "without prejudice" undermines the true legal effect of the notice and constitutes a manifest error of law, which threatens to have a gravely prejudicial effect on Movant and all others who should at last enjoy the benefits of Plaintiff's disinterest in genuinely litigating its claims. Therefore, and for the reasons stated above, the Court should amend the judgment pursuant to Rule 59(e) to declare dismissal with prejudice.

Dated: January 11, 2013

Respectfully,

_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

    I hereby certify that on January 11, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Jason E. Sweet