**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | Judge: Honorable Judge Vanessa D. Gilmore |
| v. | PLAINTIFF'S RESPONSE TO ANONYMOUS MOVANT'S MOTION FOR ATTORNEY'S FEES |
| JOHN DOE, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO ANONYMOUS MOVANT'S MOTION FOR ATTORNEY'S FEES

On December 14, 2012, Plaintiff filed its Notice of Voluntary Dismissal of Action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). (ECF No. 122.) As noted in Plaintiff's Notice of Voluntary Dismissal, "Defendant [in this action] has neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment." *Id.* On January 11, 2013, an anonymous Movant, identified only as "Defendant John Doe (I.P. Address 50.46.205.98)" (*See* ECF No. 128), moved the Court to award attorney's fees to Movant. Movant bases his absurd contention that he is entitled to attorney's fees, pursuant to 17 U.S.C. § 505, on the proposition that Plaintiff has "twice voluntarily dismissed the same action against the same defendants, including [Movant]." For the reasons contained herein, Movant's arguments must fail.

///

///

///

1

## ARGUMENT

## I.      MOVANT DOES NOT HAVE STANDING TO SEEK ATTORNEY'S FEES

The fatal error in Movant's Motion, which permeates every argument he makes, is that he lacks standing to make the arguments set forth in the Motion. The Movant has failed to assert any valid basis to proceed anonymously, and the Court should strike the Motion on that ground alone. His argument that he is a prevailing party is irrelevant because *he is not even a party*.  He has not even identified himself – how could this Court award *anything* to someone unmanned. In fact, there has been *no* confirmation that this individual even exists.  Furthermore, he does not have the right to proceed anonymously without leave of the Court, or to make substantive or procedural arguments without leave of the Court. At this point, Movant could be absolutely anyone, and, as such, should not be regarded as anyone with regard to the instant, closed action. Before he establishes that he is someone with standing to even bring this anonymous motion, this motion should have no weight.  Before that happens, the Court should summarily deny this motion for failure to properly proceed under the federal and local rules.

## II.     MOVANT IS *NOT* A PREVAILING PARTY

### A.      PLAINTIFF'S VOLUNTARY DISMISSAL *DOES NOT* OPERATE AS AN ADJUDICATION ON THE MERITS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(B)

Movant argues that "[Movant] has prevailed on the merits against Millennium." (ECF No. 128 at 2.) Federal Rule of Civil Procedure 41(a)(1)(B) provides as follows: "unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal—or state—court action **based on or including the same claim**, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Thus, in order for Plaintiff's voluntary dismissal to be deemed as having operated as an

adjudication on the merits pursuant to Fed. R. Civ. Proc. 41(a)(1)(B), the "prior action" must have been based on, or have included, the same claim as the instant action. The case which Movant refers to as the prior action (hereinafter "the D.C. Case") is *Millennium TGA v. Does 1-939*, No. 11-cv-2176 (D.D.C. 2011). In neither the D.C. case, nor in the instant action, did Plaintiff pursue its claim against a named individual. As described in the Complaint for the D.C. Case, "the true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed." (ECF No. 128, Exh. A ¶ 8.)  Plaintiff further asserted that it "believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same." *Id.* In no way did Plaintiff allege, and in no way would common sense suggest, that it was alleging that the IP addresses themselves committed copyright infringement. Rather, the IP addresses are a tool of identification. Infringement was observed occurring over the IP addresses, and Plaintiff must know who subscribed to the IP addresses in order to be able to proceed with its claim in any way. The proper Defendant—who should, by any reasonable interpretation of the law, be whoever was the most likely infringer of Plaintiff's copyright—is sometimes, but not always, the subscriber. As such, filing suit against an IP address is simply not the same as litigating a claim against an individual. The IP address itself is the only entity which could rightfully claim to have been subject to the two-dismissal rule, and since Movant is not an IP address, Movant is not entitled to claiming the privilege of the two-dismissal rule. Indeed, how can Plaintiff have dismissed Movant himself from the DC Case or from the instant action when Plaintiff does not even know who Movant is? All Plaintiff knows thus far is that the IP address associated with

Movant was used to infringe upon Plaintiff's copyright. The underlying claim is against whichever individual was the most likely infringer of Plaintiff's copyright.

Movant argues that "In civil actions involving John Doe defendants, Rule 41 orders of dismissal in previously related cases are effective as dismissals against those individuals even though they had not yet been identified." (ECF No. 128 at 3.) The first case Movant cites in support of this proposition is *Joseph Andrews v. John Doe Officer*. Upon examining the record of this case on PACER, Plaintiff is puzzled as to how the cited case supports the proposition that Movant asserts it does. Though this case was, indeed, against a John Doe defendant, the case was ***dismissed without prejudice***, and was dismissed without prejudice ***for failure to prosecute***. *See Joseph Andrews v. John Doe Arresting Officer, et al.,* No. CV 08-2052-PHX-MHM (MHB), ECF No. 5 (D. Arizona December 3, 2008.) A true and correct copy of the Order dismissing the case without prejudice is attached hereto as Exhibit A. (*See* Exhibit A.)  Plaintiff was a prisoner at the time he had filed the case, the Clerk had mailed a Notice of Assignment to Plaintiff at his last known address (**prison**), and Plaintiff had not updated the Court of his new address. *Id.* If anything, this case undermines Movant's contentions, but the case certainly does not support those contentions.

Movant next cites *Goel v. Heller* in support of the proposition that "'one can not invoke John Doe to avoid *res judicata* and relitigate claims ad nauseum when in large measure the acts and statements complained of' were previously litigated." (ECF No. 128 at 3.) What Movant fails to understand, however, is that there is no Heller in the instant action—that is, there is no named party in the instant action that Movant can assert Plaintiff was referring to in the DC Case. As previously described, the subscriber is often, but not always, the likely infringer, and

given that Plaintiff is not even aware of Movant's identity, it is impossible to reasonably conclude that Plaintiff has dismissed claims against Movant, much less asserted them.

## III.     MOVANT IS NOT ENTITLED TO ATTORNEY'S FEES UNDER 17 U.S.C. § 505

As Movant correctly asserts, "17 U.S.C. § 505 authorizes an award of attorney's fees to the prevailing party." (ECF No. 128 at 4.) In the instant action however, Movant is not a prevailing party. In fact, Movant is not a party at all, and even more strikingly, *we do not even know who Movant is*. For Movant to anonymously claim that he has prevailed in a copyright action in which he has never been named as a party is disingenuous at best, and sanctionable at worst. As for Movant's "fair estimate of the value of the attorney's fees," no amount of attorney's fees would be legitimately awarded to an anonymous individual who had no participation in either this case or the DC Case, aside from moving to quash a legitimately obtained subpoena.

## CONCLUSION

For the reasons contained herein, Movant is not entitled to any attorney's fees.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: January 23, 2013

By:     /s/ Doug Clemons
**Doug Clemons (TX# 24032083)**
**MANFRED STERNBERG & ASSOCIATES, P.C.**
2425 Fountainview, Suite 160
Houston, Texas 77057
Telephone: (713) 458-4089
Facsimile: (713) 622-9899
*Attorney for Millennium TGA, Inc.*

5