**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Andrews, | No. CV 08-2052-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| John Doe Arresting Officer, et al., | |
| Defendants. | |

On November 5, 2008, Plaintiff Joseph Andrews, who was confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3).

**I.     Background**

On November 5, 2008, the Clerk of Court mailed a copy of the Notice of Assignment, which assigned this action to the undersigned Judge, to Plaintiff at the only address Plaintiff had provided–the Maricopa County Fourth Avenue Jail. On November 12, 2008, the Notice of Assignment was returned to the Court as undeliverable because Plaintiff is no longer in custody.

Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You must immediately notify the Court . . . in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**" (Instructions for a Prisoner Filing a Civil Rights

Complaint in the United States District Court for the District of Arizona at 2(7) (emphasis in original)).

## II.     Failure to Prosecute

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." In Link v. Wabash Railroad Company, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or a hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

1  Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure 2 to keep the Court informed of his address prevents the case from proceeding in the 3 foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor 4 requires the Court to consider whether a less drastic alternative is available. Without 5 Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in 6 <u>Carey</u>, "[a]n order to show cause why dismissal was not warranted or an order imposing 7 sanctions would only find itself taking a round trip tour through the United States mail." 856 8 F.2d at 1441.

9  The Court finds that only one less drastic sanction is realistically available. Rule 10 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the 11 merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that 12 a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action, 13 therefore, will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules 14 of Civil Procedure.

15  **IT IS ORDERED** that the Complaint (Doc. #1) and this action are **dismissed without** 16 **prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to 17 prosecute. The Clerk of Court must enter judgment accordingly.

18  DATED this 2nd day of December, 2008.

Mary H. Murguia
United States District Judge

- 3 -