IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MILLENNIUM TGA, INC.<br><br>Plaintiff<br><br>v.<br><br>JOHN DOES 1-939<br><br>Defendants. | Case No. 4:11-CV-04501<br><br>Judge: Hon. Vanessa D. Gilmore |

**RENEWED MOTION FOR ATTORNEYS FEES**

COMES NOW, Defendant John Doe (I.P. Address 50.46.205.98), by and through undersigned counsel, and moves this Honorable Court for an Order awarding costs and sanctions against Plaintiff Millennium TGA, Inc.

Defendant John Doe (I.P. Address 50.46.205.98) originally made this motion prior to this Court's decision amending its original judgment to a final judgment with prejudice. (Dkt 134). Co-defendant John Doe (I.P. Address 184.155.204.241) has filed another motion for fees setting forth Plaintiff's additional misconduct since this Court's original dismissal of the case. Accordingly, Defendant John Doe (I.P. Address 50.46.205.98) **joins** in Co-defendant John Doe (I.P. Address 184.155.204.241)'s Motion for Attorneys Fees and Costs (Dkt 136) and again says as follows:

### I.      BACKGROUND

On December 7, 2011, Plaintiff Millennium TGA, Inc. originally filed its Complaint in the District Court for the District of Columbia (DCD Case No. 1:11-cv-2176) alleging that several hundred "John Does" violated Millennium's purported copyright to a movie entitled "Shemale Yum – Jenna Comes

A-Knocking," ("the Video"). See Exhibit A. The Video appears to relate to sexual relations with a transsexual individual. In apparent forum shopping, Millennium dismissed its originally filed complaint in the District of Columbia as soon as a judge was assigned on December 16, 2011. See Exhibit B.

Millennium refiled its complaint in the Southern District of Texas four days later on December 20, 2011. Millennium filed a motion for early discovery ostensibly to enable Millennium to discover the defendants' identifying information for the purpose of naming them in the Texas Action. The Southern District of Texas granted that motion, and Millennium issued subpoenas to defendants' several Internet Service Providers (ISPs), including Defendant's ISP, Frontier Communications. Millennium used an Internet Protocol (IP) address to identify each defendant; Defendant was identified by IP address 50.46.205.98.

To avoid the harassment that would have resulted from being wrongfully associated with the type of claim being made by Millennium, Defendant incurred substantial costs to file a Motion to Quash or Modify the subpoena that was issued out of the District of Columbia. (DCD Case 1:12-mc-00587). See Exhibit C. That motion was filed on Nov. 8, 2012. As far as Defendant is aware, nothing further has occurred in that matter.

True to form, Millennium has again demonstrated that these countless lawsuits are nothing but an improper business model, based entirely on abuse of process, and designed to misuse the legal system to extort money from innocent citizens with no intent to actually litigate a legitimate dispute. Millennium has again voluntarily dismissed this case against all defendants. Dkt 122.

## II.    MOTION FOR COSTS AND FEES

This Court has the authority to award costs and fees to the prevailing party

and against Millennium pursuant to 17 USC § 505. For the reasons set forth below, Defendant is one of the prevailing parties in this action, and is entitled to an award of costs and fees.

A.     Defendant Is A Prevailing Party

Defendant has prevailed on the merits against Millennium. A plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). "Unless the notice … states otherwise, the dismissal is without prejudice." (Fed. R. Civ. P. 41(a)(1)(B).) "But if the plaintiff previously dismissed any federal or state court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* (emphasis added.); *Burnett v. Perry Mfg.*, 151 F.R.D. 398, 403-404 (D. Kan. 1993).

Seeking to avoid a disfavorable judgment on the merits against what it knew to be an innocent Defendant, Millennium dismissed its second action in an effort to "cut its losses and run out of court, using Rule 41 as an emergency exit." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 390 (1990). However, the policy and purpose of Rule 41(a)(1) was expressly designed by Congress to limit a plaintiff's ability to repeatedly dismiss an action and curb abuses of the judicial system. *Id.* at 397; see also *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976)(the primary purpose of the "two dismissal" rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading.)

In civil actions involving John Doe defendants, Rule 41 orders of dismissal in previously related cases are effective as dismissals against those individuals even though they had not yet been identified.  See, e.g., *Joseph Andrews v. John*

*Doe Arresting Officer*, CV-08-2052-PHX-MHM (MHB), (D. Az. 2008). See also *Goel v. Heller*, 667 F. Supp. 144, 151 (D. N.J. 1987) (stating that "One can not invoke "John Doe" to avoid *res judicata* and relitigate claims ad nauseum when in large measure the acts and statements complained of" were previously litigated.)

This action was originally brought in the District Court for the District of Columbia as Case No. 1:11-cv-2176; that case was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a). See Exhibit A. Millennium then brought the same action against the same defendants in a second action in this Court. Millennium has now twice voluntarily dismissed the same action against the same defendants, including this Defendant. Accordingly, as set forth in Fed. R. Civ. P. 41(a) Millennium's second voluntary dismissal operates as an adjudication on the merits, thus making Defendant a prevailing party.

B.  The Copyright Act Authorizes Attorneys Fees To Prevailing Defendants

17 U.S.C. § 505 authorizes an award of attorneys fees to the prevailing party, which includes the prevailing defendant. A prevailing Defendant is entitled to a heightened presumption of an award of attorney's fees. Judge Posner once wrote "[w]hen the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong." *Assessment Technologies of Wi, LLC. v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir 2004). Judge Posner wrote that "without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights" because the party "could not obtain an award of damages from which to pay his lawyer—no matter how costly it was for him to defend against the suit." *Id*.

Accordingly, as a prevailing defendant in this copyright action, public policy

urges that Defendant be awarded a reasonable attorneys fee for defending against this meritless action in at least two different jurisdictions.

C.  Fair Estimate Of The Value Of The Attorneys Fees

Pursuant to Fed. R. Civ. P. 54(d)(2)(C), this Court may decide the issue of liability for attorneys fees before receiving submissions on the value of the services.  Pursuant to Fed. R. Civ. P. 54(d)(2)(B), Defendant submits that a fair estimate of the reasonable attorneys fee incurred through this date is $ 11,752.50. Costs incurred through this date are $ 240.00.

### III.  CONCLUSION

For all the foregoing reasons, Defendant John Doe (IP Address 50.46.205.98) should be awarded full costs and attorneys fees as the prevailing party under the provisions of the Copyright Act.

Dated: March 5, 2013.                    Respectfully submitted,

/s/ *John Whitaker*
John Whitaker, WSBA No: 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone (206) 436-8500
Fax (206) 694-2203
*john@wlawgrp.com*

Attorney for Defendant John Doe
(I.P. Address **50.46.205.98**)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants

Date: March 5, 2013                    /s/ John Whitaker