IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | |
| Plaintiff, | CASE NO. 4:11-cv-4501 |
| v. | Judge: Honorable Judge Vanessa D. Gilmore |
| JOHN DOE, | |
| Defendant. | |

**PLAINTIFF'S OMNIBUS RESPONSE TO MOTION FOR ATTORNEY'S FEES AND COSTS**

Two anonymous individuals[1] ("Movants") filed motions for attorney's fees and costs. (ECF Nos. 136, 137.) The Court, however, has already denied a substantially similar motion for attorney's and costs in this action. (ECF No. 135.) Movants provide no new compelling basis why their motions should now be granted, and the motions suffer from the same shortcomings as the initial motion for fees and costs. For this reason, and the reasons set forth below, the Court should deny Movants' motions.

**LEGAL STANDARD**

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

---

[1] The first motion was brought by an individual claiming to be associated with IP address 184.155.204.241 through attorney Jason E. Sweet. (ECF No. 136.) The second motion was brought by an individual claiming to be associated with IP address 50.46.205.98 through attorney John Whitaker. (ECF No. 137.)

1

17 U.S.C. § 505. A precondition to an award of fees under Section 505 is that the party moving for the fee be a prevailing party. *See Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997). Prevailing party status turns on whether there has been a "material alternation of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (U.S. 2009); *see also Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 853 (11th Cir. 1990) ("Generally, the prevailing party under the attorneys' fee authorization of section 505 of the Copyright Act is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit…. A party's success on a claim that is purely technical or *de minimus* does not qualify him as a prevailing party.").

## ARGUMENT

The Court should deny Movants' motion for attorney's fees and costs for several reasons. First, Movants do not have standing to seek fees and costs. Second, Movants are not prevailing parties. Third, Plaintiff's voluntary dismissal does not operate as adjudication on the merits pursuant to the Federal Rules of Civil Procedure.

Further, the second Movant's motion is a renewed motion for fees. (ECF No. 137.) The Court denied Movant's original motion. (ECF No. 135.) Movant argues that his original motion was brought before the Court altered judgment and dismissed the case with prejudice. (ECF Nos. 137.) The Court, however, denied Movant's original motion for fees *after* the Court altered judgment and dismissed the case with prejudice. (*See* ECF Nos. 134, 135.) Movant provides no new compelling basis to grant his renewed motion. His renewed motion should be denied for the same reasons as his original motion.

## I.  MOVANTS DO NOT HAVE STANDING TO SEEK FEES AND COSTS

The fatal error in Movants' motions, which permeates every argument they make, is that they lacks standing to make the arguments set forth in their motions. Movants have failed to assert any valid basis to proceed anonymously in this action, and the Court should strike the motions on this ground alone. Movants have failed to even identify themselves and the Court would be unable to award *anything* to someone unmanned. In fact, there has been *no* confirmation that these individuals even exists. Furthermore, they do not have the right to proceed anonymously without leave of the Court, or to make substantive or procedural arguments without leave of the Court. *See Business Guide, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990) (identifying the parties to an action maintains the integrity of the system of federal practice and procedure, deters baseless filings, and streamlines the administration and procedure of federal court); *see also* Fed. R. Civ. P. 11(a). At this point, Movants could be absolutely anyone, and, as such, should not be regarded as individuals with regard to the instant, closed action. Before Movants establish that they are someone with standing to even bring this anonymous motion, their motions should have no weight. Before that happens, the Court should summarily deny the motions for failure to properly proceed under the federal and local rules.

## II.  MOVANTS ARE NOT ENTITLED TO ATTORNEY'S FEES BECAUSE THEY ARE NOT PREVAILING PARTIES

Section 505 of the Copyright Act provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Movants are not prevailing parties. In fact, Movants are not even parties to this action.[2] At most, Movants are

---

[2] Further, Movants are not even the *potential* defendant to this action as this case was brought against a single defendant associated with IP address 64.91.220.134. (ECF Nos. 1, 1-1.) Neither Movant is associated with defendant's IP address. (See ECF Nos. 136, 137.)

merely third parties who are on notice of their potential status as party defendants. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-cv-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant").

Movants call themselves defendants in their motions, but the decision about whom to name as a defendant is for Plaintiff to make, not Movants. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("[T]he plaintiff may, based on its evaluation of [putative defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . ."). An individual is a defendant to an action if they have been named and served with process. *Id.* Movants were not named and served in this action. Indeed, Plaintiff is wholly unaware of who Movants are and could not possibly name them or serve them with process. As a result, Movants are not prevailing parties as set forth under Section 505 of the Copyright Act and cannot be granted attorney's fees.

### III. MOVANTS ARE NOT ENTITLED TO ATTORNEY'S FEES AND COSTS BECAUSE PLAINTIFF'S VOLUNTARY DISMISSAL DOES NOT OPERATE AS AN ADJUDICATION ON THE MERITS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(A)(1)(B)

Movants argue that they have prevailed on the merits against Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(B). (ECF Nos. 136, 137.) Federal Rule of Civil Procedure 41(a)(1)(B) provides as follows: "if the plaintiff previously dismissed any federal—or state— court action *based on or including the same claim*, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Thus, in order for Plaintiff's voluntary dismissal to be deemed as having operated as an adjudication on the merits pursuant to Fed. R. Civ. Proc. 41(a)(1)(B), the "prior action" must have been based on, or have included, the same claim as the instant action. The case which Movants refer to as the prior action (hereinafter "the D.C. Case") is *Millennium TGA v. Does 1-939*, No. 11-cv-2176 (D.D.C. 2011). In neither the D.C. case, nor in the instant action, did Plaintiff pursue its claim against a named individual. As described in the Complaint for the D.C. Case, "the true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed." (ECF No. 128, Ex. A ¶ 8.) Plaintiff further asserted that it "believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same." *Id.*

In no way did Plaintiff allege, and in no way would common sense suggest, that it was alleging that the IP addresses themselves committed copyright infringement. Rather, the IP addresses are a tool of identification. Infringement was observed occurring over the IP addresses, and Plaintiff must know who subscribed to the IP addresses in order to be able to proceed with

its claim in any way. The proper Defendant—who should, by any reasonable interpretation of the law, be whoever was the most likely infringer of Plaintiff's copyright—is sometimes, but not always, the subscriber. As such, filing suit against an IP address is simply not the same as litigating a claim against an individual. Because Plaintiff did not name either Movant as a defendant in this action or the D.C. case, the merits of Plaintiff's claims have not been adjudicated.

## CONCLUSION

For the reasons contained herein, Movants are not entitled to any attorney's fees. Movants do not have standing to seek fees and costs. Movants are not prevailing parties. Plaintiff's voluntary dismissal does not operate as adjudication on the merits pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

MILLENNIUM TGA, INC.

DATED: March 19, 2013

By: /s/ Doug Clemons
**Doug Clemons (TX# 24032083)**
MANFRED STERNBERG & ASSOCIATES, P.C.
2425 Fountainview, Suite 160
Houston, Texas 77057
Telephone: (713) 458-4089
Facsimile: (713) 622-9899
*Attorney for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 19, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Doug Clemons
Doug Clemons